**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*


**- against -**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

## COMPLAINT

Jury Trial:      Yes       No

(check one)


**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  Do the same for any additional  plaintiffs named.  Attach
        additional sheets of paper as necessary.


Plaintiff        Name                    _____

                 Street Address          _____

                 County, City            _____

                 State & Zip Code        _____

                 Telephone Number        _____

B.      List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1                 Name _____

                                Street Address _____

                                County, City _____

                                State & Zip Code _____


Defendant No. 2                 Name _____

                                Street Address _____

                                County, City _____

                                State & Zip Code _____


Defendant No. 3                 Name _____

                                Street Address _____

                                County, City _____

                                State & Zip Code _____


Defendant No. 4                 Name _____

                                Street Address _____

                                County, City _____

                                State & Zip Code _____


## II.      Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case   involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.      What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions              ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff       ☐ U.S. Government Defendant


B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at

        issue? _____

        _____

        _____

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

| Defendant No. 5 | Name | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|---|
| | Street Address | 502 Carnegie Center |
| | County, City | Princeton |
| | State & Zip Code | NJ 08540-6241 |

| Defendant No. 6 | Name | THE LAW OFFICE OF MARK A. KRIEGEL LLC |
|---|---|---|
| | Street Address | 1479 Pennington Road |
| | County, City | Ewing |
| | State & Zip Code | NJ 08618 |

| Defendant No. 7 | Name | HON. VINCENT LEBLON J.S.C |
|---|---|---|
| | Street Address | 56 Paterson St. |
| | County, City | New Brunswick |
| | State & Zip Code | NJ 08903 |

| Defendant No. 8 | Name | TERRY D. JONHSON, ESQ. |
|---|---|---|
| | Street Address | 502 Carnegie Center |
| | County, City | Princeton |
| | State & Zip Code | NJ 08540-6241 |

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case   involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions            ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff     ☐ U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS ACT OF 2016

FEDERAL RULE CIVIL PROCEDURE RULE 60(d)

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 9

Name _____ **TODD B. BUCK, ESQ**

Street Address ___ 1200 19th Street, NW, Third Floor

County, City _____ Washington

State & Zip Code D.C. 20036

Defendant No. 10

Name _____ **MARK A. KRIEGEL, ESQ.**

Street Address ___ 1479 Pennington Road

County, City _____ Ewing

State & Zip Code NJ 08618

Defendant No. 11

Name _____ **LASZLO POKORNY**

Street Address ___ 37 WEST LONG DRIVE

County, City _____ LAWRENCE

State & Zip Code NJ 08648

Defendant No. 12

Name _____ Ms. KIM (In House Counsel For Colgate/Hill's)

Street Address ___ 300 Park Avenue

County, City _____ NEW YORK

State & Zip Code NY 10022

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

[ ] Federal Questions          [ ] Diversity of Citizenship

[ ] U.S. Government Plaintiff   [ ] U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 13

Name **ALLISON A. KRILLA, ESQ**

Street Address **55 Gilbert Street North, Suite 2204**

County, City **Tinton Falls**

State & Zip Code **NJ 07701**

Defendant No. 14

Name **ERIK ANDERSON, ESQ**

Street Address **55 Gilbert Street North, Suite 2204**

County, City **Tinton Falls**

State & Zip Code **NJ 07701**

Defendant No. 15

Name **RUDOLPH J. BURSHNIC II, ESQ**

Street Address **502 Carnegie Center**

County, City **Princeton**

State & Zip Code **NJ 08540-6241**

Defendant No. 16

Name **RICHARD G. ROSENBLATT, ESQ.**

Street Address **502 Carnegie Center**

County, City **Princeton**

State & Zip Code **NJ 08540-6241**

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions          ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff          ☐ U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? **DEFEND TRADE SECRETS ACT OF 2016**

**FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)**

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 17

Name **CLERK OF NJ SUPERIOR COURT**

Street Address **25 W. Market St. Sixth Floor North Wing**

County, City **Trenton**

State & Zip Code **NJ 08611**

Defendant No. 18

Name **DEBRA NICHOLS**

Street Address **300 Park Avenue**

County, City **NEW YORK**

State & Zip Code **NY 10022**

Defendant No. 19

Name **DAVE BALOGA**

Street Address **400 SW 8th Avenue**

County, City **Topeka**

State & Zip Code **Kansas, 66603**

Defendant No. 20

Name **SARAH B. MARTINEZ**

Street Address **2208 Rodeo Drive**

County, City **Lawrence**

State & Zip Code **Kansas, 66047**

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Questions          ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff   ☐ U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? **DEFEND TRADE SECRETS ACT OF 2016**

**FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)**

- 2 -

B.  List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 21

Name _____ LUIS J. MONTELONGO
Street Address ____ 4305 Heliantus Drive
County, City ____ Lawrence
State & Zip Code Kansas, 66047

Defendant No. 22

Name _____ BRENT K. POPE
Street Address ____ 6446 SW 24th Street
County, City ____ Topeka
State & Zip Code Kansas, 66614

Defendant No. 23

Name _____ DENNIS JEWELL
Street Address ____ 400 SW 8th Avenue
County, City ____ Topeka
State & Zip Code Kansas, 66603

Defendant No. 24

Name _____ LYNDA MELENDEZ
Street Address ____ 3701 Baldwin
County, City ____ Topeka
State & Zip Code Kansas, 66617

## II.  Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.  What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Questions      ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff      ☐ U.S. Government Defendant

B.  If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS ACT OF 2016

FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)

_____

- 2 -

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

**Defendant No. 25**

Name _____ JASON (Hon. Leblon's Law Clerk)

Street Address ___ 56 Paterson St.

County, City ___ New Brunswick

State & Zip Code ___ NJ 08903

**Defendant No. 26**

Name _____ COLGATE'S SCIENCE &TECHNOLOGY

Street Address ___ 902 River Road

County, City ___ Middlesex County, Piscataway

State & Zip Code ___ NJ 08854

**Defendant No. 27**

Name _____ DONALD TRAUT (In House Counsel For Colgate)

Street Address ___ 902 River Road

County, City ___ Middlesex County, Piscataway

State & Zip Code ___ NJ 08854

**Defendant No. 28**

Name _____ AKEEL AHMAD QURESHI

Street Address ___ 25 Market Street

County, City ___ Trenton

State & Zip Code ___ New Jersey, 08625

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case   involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

- ■ Federal Questions
- ☐ Diversity of Citizenship
- ☐ U.S. Government Plaintiff
- ☐ U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS ACT OF 2016

FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)

- 2 -

B.  List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

| Defendant No. 29 | | |
|---|---|---|
| | Name | THE ATTORNEY GENERAL OF NEW JERSEY |
| | Street Address | 25 Market Street |
| | County, City | Trenton |
| | State & Zip Code | New Jersey 08625 |

| Defendant No. 30 | | |
|---|---|---|
| | Name | LAW OFFICE OF GERARD M. GREEN |
| | Street Address | 1249 S. River Rd., 3rd Floor |
| | County, City | Cranbury |
| | State & Zip Code | New Jersey 08512 |

| Defendant No. 31 | | |
|---|---|---|
| | Name | FRANK ORBACH 015741981 |
| | Street Address | 1249 S. River Rd., 3rd Floor |
| | County, City | Cranbury |
| | State & Zip Code | New Jersey 08512 |

| Defendant No. 32 | | |
|---|---|---|
| | Name | JOHN J. HOFFMAN, ATTORNEY GENERAL |
| | Street Address | 25 Market Street |
| | County, City | Trenton |
| | State & Zip Code | New Jersey,08625 |

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.      What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Questions           ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff    ☐ U.S. Government Defendant

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFENDANT TRADE SECRETS ACT OF 2016

FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)

B.   List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 33

Name _____ SHANNON McGARRAH

Street Address ___ 909 River Road

County, City ___ Piscataway

State & Zip Code NJ 08855

Defendant No. 34

Name _____ HOXIE, THOMAS 32993 (973) 912-5232

Street Address ___ 909 River Road

County, City ___ Piscataway

State & Zip Code NJ 08855

Defendant No. 35

Name _____ DELUCA, MARK 33229 (484) 620-2090

Street Address ___ 909 River Road

County, City ___ Piscataway

State & Zip Code NJ 08855

Defendant No. 36

Name _____ STRAHER, MICHAEL 38325 (973) 912-5232

Street Address ___ 909 River Road

County, City ___ Piscataway

State & Zip Code NJ 08855

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case   involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §   1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

■ Federal Questions            ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff     ☐ U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?  DEFEND TRADE SECRETS ACT OF 2016

FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)

B.    List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 37

Name    WILKINS, CLIFFORD 39425 (212) 310-3749

Street Address  909 River Road

County, City  Piscataway

State & Zip Code NJ 08855

Defendant No. 38

Name    BROGAN, WILLIAM 43515 (703) 917-0000

Street Address  909 River Road

County, City  Piscataway

State & Zip Code NJ 08855

Defendant No. 39

Name    GARDNER, DAWN 44118 (312) 222-7505

Street Address  909 River Road

County, City  Piscataway

State & Zip Code NJ 08855

Defendant No. 40

Name    BELLES, BRIAN 51322 (215) 735-9302

Street Address  909 River Road

County, City  Piscataway

State & Zip Code NJ 08855

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case   involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

[■] Federal Questions    [ ] Diversity of Citizenship

[ ] U.S. Government Plaintiff    [ ] U.S. Government Defendant

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS ACT OF 2016

FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 41

Name ____ DIDAS, MICHAEL 55112 (509) 324-9256

Street Address ____ 909 River Road

County, City ____ Piscataway

State & Zip Code NJ 08855

Defendant No. 42

Name ____ HUANG, SHARON 57114 (732) 767-2883

Street Address ____ 909 River Road

County, City ____ Piscataway

State & Zip Code NJ 08855

Defendant No. 43

Name ____ FLANDRO, RYAN 58094 (732) 878-7151

Street Address ____ 909 River Road

County, City ____ Piscataway

State & Zip Code NJ 08855

Defendant No. 44

Name ____ KLEIN, TODD 59610 (215) 735-9302

Street Address ____ 909 River Road

County, City ____ Piscataway

State & Zip Code NJ 08855

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Questions          ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff          ☐ U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS ACT OF 2016

FEDERAL RULE CIVIL PROCEDURE RULE 60(d)

- 2 -

B.   List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 45        Name _____ HEBLE, NIKHIL 61347 (610) 630-8384

                        Street Address ___ 909 River Road

                        County, City ____ Piscataway

                        State & Zip Code NJ 08855


Defendant No. 46        Name _____ CHUNG, JUDY 61612 (732) 878-7086

                        Street Address ___ 909 River Road

                        County, City ____ Piscataway

                        State & Zip Code NJ 08855


Defendant No. 47        Name _____ JORDAN, MICHAEL 61698 (267) 952-2067

                        Street Address ___ 909 River Road

                        County, City ____ Piscataway

                        State & Zip Code NJ 08855


Defendant No. 48        Name _____ ST. MARTIN, ANNE 65779 (732) 878-7330

                        Street Address ___ 909 River Road

                        County, City ____ Piscataway

                        State & Zip Code NJ 08855


## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case   involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

   ■ Federal Questions          ☐ Diversity of Citizenship

   ☐ U.S. Government Plaintiff   ☐ U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS ACT OF 2016

   FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)

B.     List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 49

Name _____ WANG, GEORGE 67684 (732) 589-5003

Street Address ___ 909 River Road

County, City ___ Piscataway

State & Zip Code NJ 08855

Defendant No. 50

Name _____ CHAUDRY, SAMIA 71436 (732) 878-6322

Street Address ___ 909 River Road

County, City ___ Piscataway

State & Zip Code NJ 08855

Defendant No. 51

Name _____ LEE, SANGIL 71795 (203) 228-2779

Street Address ___ 909 River Road

County, City ___ Piscataway

State & Zip Code NJ 08855

Defendant No. 52

Name _____ POKER, CORY 72129 (973) 912-5232

Street Address ___ 909 River Road

County, City ___ Piscataway

State & Zip Code NJ 08855

## II.     Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.     What is the basis for federal court jurisdiction? *(check all that apply)*

■ Federal Questions             ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff      ☐ U.S. Government Defendant

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS ACT OF 2016

FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 53

Name ____ HERD, MATTHEW 73387 (610) 608-8930

Street Address ___ 909 River Road

County, City ____ Piscataway

State & Zip Code NJ 08855

Defendant No. 54

Name ____ ZHAO, YIQUN 75432 (215) 735-9302

Street Address ___ 909 River Road

County, City ____ Piscataway

State & Zip Code NJ 08855

Defendant No. 55

Name ____ BLUMERT, JACOB 75600 (610) 993-4216

Street Address ___ 909 River Road

County, City ____ Piscataway

State & Zip Code NJ 08855

Defendant No. 56

Name ____ LIU, HARVEY 75952 (703) 917-0000

Street Address ___ 909 River Road

County, City ____ Piscataway

State & Zip Code NJ 08855

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Questions ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff ☐ U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS ACT OF 2016

FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)

B.    List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 57

Name _____ DEREVJANIK, MARIO 77433 (646) 973-250

Street Address _____ 909 River Road

County, City _____ Piscataway

State & Zip Code NJ 08855

Defendant No. 58

Name _____ LANE, KRISANNE 79396 (732) 878-7648

Street Address _____ 909 River Road

County, City _____ Piscataway

State & Zip Code NJ 08855

Defendant No. 59

Name _____ SANG, GEORGE 79678 (703) 362-6816

Street Address _____ 909 River Road

County, City _____ Piscataway

State & Zip Code NJ 08855

Defendant No. 60

Name _____ KATZ, SAMUEL 79994 (516) 567-3202

Street Address _____ 909 River Road

County, City _____ Piscataway

State & Zip Code NJ 08855

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case   involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Questions          ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff          ☐ U.S. Government Defendant

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS ACT OF 2016

FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)

B.    List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 61

Name **THOMAS M. HUNTER**

Street Address 909 River Road

County, City Piscataway

State & Zip Code NJ 08855

Defendant No. 62

Name **ROBERT LOUGY**

Street Address 25 Market Street

County, City Trenton

State & Zip Code New Jersey 08625

Defendant No. 63

Name **LISA A. PUGLISI**

Street Address 25 Market Street

County, City Trenton

State & Zip Code New Jersey 08625

Defendant No. 64

Name **IAN, SUPERIOR COURT, MIDDLESEX COUNT`**

Street Address 56 Paterson Street

County, City New Brunswick

State & Zip Code NJ 08903

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case   involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §   1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions        ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff        ☐ U.S. Government Defendant

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS ACT OF 2016

FEDERAL RULE OF CIVIL PROCEDURE RULE 60(d)

- 2 -

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

| Defendant No. 65 | Name | DEBRA L. STOREY, AD/T #494 |
|---|---|---|
| | Street Address | 246 Wilson St. |
| | County, City | Saddle Brook |
| | State & Zip Code | NJ 07663 |

| Defendant No. 66 | Name | KLJ TRANSCRIPTION SERVICE LLC |
|---|---|---|
| | Street Address | 246 Wilson St. |
| | County, City | Saddle Brook |
| | State & Zip Code | NJ 07663 |

| Defendant No. 67 | Name | JOHN AND/OR JANE DOES 1 - 10 |
|---|---|---|
| | Street Address | TBD |
| | County, City | |
| | State & Zip Code | |

| Defendant No. 68 | Name | ABC CORPORATIONS 1 – 10 |
|---|---|---|
| | Street Address | TBD |
| | County, City | |
| | State & Zip Code | |

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions          ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff   ☐ U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? DEFEND TRADE SECRETS OF 2016

FEDERAL RULE CIVIL PROCEDURE RULE 60(d)

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

**III.    Statement of Claim:**

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts: _____

| What happened to you? |

_____

_____

_____

_____

_____

| Who did what? |

_____

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

_____

_____

_____

| Who else saw what happened? |

_____

_____

_____

- 3 -

**IV.      Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this_____day of_____, 20_____.

Signature of Plaintiff _____

Mailing Address _____

_____

_____

Telephone Number _____

Fax Number *(if you have one)* _____

E-mail Address _____

<u>Note</u>:     All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: _____

**PRO SE LITIGANTS COMPLAINT FORM (CONTINUED) -
ADDITIONAL SHEETS OF PAPER**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------X
RICKY E. KAMDEM-OUAFFO, PhD
   t/a KAMDEM GROUP

                      **Civil Action**

             Plaintiff,

                      **COMPLAINT**

        -against-          Jury Trial Yes ☑ No ☐

1) COLGATE PALMOLIVE COMPANY ("COLGATE")] (In Capacity As A Business,  State-Actor-Business, Individually, Jointly, Severally, And/Or In The Alternative)

2) HILL'S PET NUTRITION INC.  ("HILL'S") (In Capacity As A Business,  State-Actor-Business, Individually, Jointly, Severally, And/Or In The Alternative)

3) NATURASOURCE INTERNATIONAL LLC (In Capacity As A Business,  State-Actor-Business, Individually, Jointly, Severally, And/Or In The Alternative)

4) REARDON ANDERSON LLC (LAW OFFICE) (Individually, Jointly, Severally, And/Or In The Alternative)

5) THE LAW OFFICES MORGAN, LEW IS & BOCKIUS LLP ("MORGAN LEWIS") (Individually, Jointly, Severally, And/Or In The Alternative)

6) THE LAW OFFICE OF MARK A. KRIEGEL LLC (In Capacity As A Business,  State-Actor-Business, Individually, Jointly, Severally, And/Or In The Alternative)

7) HON. VINCENT LEBLON (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

8) TERRY D. JONHSON, ESQ. (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

9) TODD B. BUCK, PH.D., ESQ. (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

10) MARK A. KRIEGEL, ESQ. (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

2

11) LASZLO PETER POKORNY (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative, In Capacity As The Sole Custodian Of NaturaSource International LLC Records)

12) Ms. KIM (In Capacity As State-Actor, In House Counsel For Colgate and Hill's, Individually, Jointly, Severally, And/Or In The Alternative)

13) ALLISON A. KRILLA, ESQ (Individually, Jointly, Severally, And/Or In The Alternative)

14) ERIK ANDERSON, Esq (Individually, Jointly, Severally, And/Or In The Alternative)

15) RUDOLPH J. BURSHNIC II, ESQ. (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

16) RICHARD G. ROSENBLATT, ESQ. (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

17) CLERK OF NEW JERSEY SUPERIOR COURT (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

18) DEBRA NICHOLS (Individually, Jointly, Severally, And/Or In The Alternative)

19) DAVE BALOGA (Individually, Jointly, Severally, And/Or In The Alternative)

20) SARAH B. MARTINEZ (Individually, Jointly, Severally, And/Or In The Alternative)

21) LUIS J. MONTELONGO (Individually, Jointly, Severally, And/Or In The Alternative)

22) BRENT K. POPE (Individually, Jointly, Severally, And/Or In The Alternative)

23) DENNIS JEWELL (Individually, Jointly, Severally, And/Or In The Alternative)

24) LYNDA MELENDEZ (Individually, Jointly, Severally, And/Or In The Alternative)

25) JASON (Judge Leblon's Law Clerk, Individually, Jointly, Severally, And/Or In The Alternative)

26) COLGATE PALMOLIVE'S SCIENCE AND TECHNOLOGY CENTER (Individually, Jointly, Severally, And/Or In The Alternative)

27) DONALD TRAUT (In House Counsel For Colgate, Individually, Jointly, Severally, And/Or In The Alternative)

28) AKEEL AHMAD QURESHI, DEPUTY ATTORNEY GENERAL OF NEW JERSEY (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

29) THE ATTORNEY GENERAL OF NEW JERSEY (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

30) LAW OFFICES GERARD M. GREEN (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

31) FRANK ORBACH 015741981 (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

32) JOHN J. HOFFMAN, ACTING ATTORNEY GENERAL OF NEW JERSEY (Individually, Jointly, Severally, And/Or In The Alternative)

33) SHANNON McGARRAH Individually, Jointly, Severally, And/Or In The Alternative)

34) HOXIE, THOMAS 32993 (973) 912-5232 (In Capacity With COLGATE)

35) DELUCA, MARK 33229 (484) 620-2090 (In Capacity With COLGATE)

36) STRAHER, MICHAEL 38325 (973) 912-5232 (In Capacity With COLGATE)

37) WILKINS, CLIFFORD 39425 (212) 310-3749 (In Capacity With COLGATE)

38) BROGAN, WILLIAM 43515 (703) 917-0000 (In Capacity With COLGATE)

39) GARDNER, DAWN 44118 (312) 222-7505 (In Capacity With COLGATE)

40) BELLES, BRIAN 51322 (215) 735-9302 (In Capacity With COLGATE)

41) DIDAS, MICHAEL 55112 (509) 324-9256 (In Capacity With COLGATE)

42) HUANG, SHARON 57114 (732) 767-2883 (In Capacity With COLGATE)

**43)** FLANDRO, RYAN 58094 (732) 878-7151 (In Capacity With COLGATE)

**44)** KLEIN, TODD 59610 (215) 735-9302 (In Capacity With COLGATE)

**45)** HEBLE, NIKHIL 61347 (610) 630-8384 (In Capacity With COLGATE)

**46)** CHUNG, JUDY 61612 (732) 878-7086 (In Capacity With COLGATE)

**47)** JORDAN, MICHAEL 61698 (267) 952-2067 (In Capacity With COLGATE)

**48)** ST. MARTIN, ANNE 65779 (732) 878-7330 (In Capacity With COLGATE)

**49)** WANG, GEORGE 67684 (732) 589-5003 (In Capacity With COLGATE)

**50)** CHAUDRY, SAMIA 71436 (732) 878-6322 (In Capacity With COLGATE)

**51)** LEE, SANGIL 71795 (203) 228-2779 (In Capacity With COLGATE)

**52)** POKER, CORY 72129 (973) 912-5232 (In Capacity With COLGATE)

**53)** HERD, MATTHEW 73387 (610) 608-8930 (In Capacity With COLGATE)

**54)** ZHAO, YIQUN 75432 (215) 735-9302 (In Capacity With COLGATE)

**55)** BLUMERT, JACOB 75600 (610) 993-4216 (In Capacity With COLGATE)

**56)** LIU, HARVEY 75952 (703) 917-0000 (In Capacity With COLGATE)

**57)** DEREVJANIK, MARIO 77433 (646) 973-2500 (In Capacity With COLGATE)

**58)** LANE, KRISANNE 79396 (732) 878-7648 (In Capacity With COLGATE)

**59)** SANG, GEORGE 79678 (703) 362-6816 (In Capacity With COLGATE)

**60)** KATZ, SAMUEL 79994 (516) 567-3202 (In Capacity With COLGATE)

**61)** THOMAS M. HUNTER AND/OR COLGATE-PALMOLIVE COMPANY PATENT DEPARTMENT (Individually, Jointly, Severally, And/Or In The Alternative)

**62)** ROBERT LOUGY (In Capacity As State-Actor, ACTING ATTORNEY GENERAL OF NEW JERSEY, Individually, Jointly, Severally, And/Or In The Alternative)

**63)** LISA A. PUGLISI (In Capacity As State-Actor, ASSISTANT ATTORNEY GENERAL OF NEW JERSEY, Individually, Jointly, Severally, And/Or In The Alternative)

**64)** IAN (Custodian Of Hill's And Colgate Documents Unlawfully Sealed by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015 During Unconstitutional Hearing At NJ Superior Court In State Case # MID-L-5527-13, In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

**65)** DEBRA L. STOREY, AD/T #494 (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

**66)** KLJ TRANSCRIPTION SERVICE LLC (In Capacity As State-Actor, Individually, Jointly, Severally, And/Or In The Alternative)

**67)** JOHN AND/OR JANE DOES 1 - 10 (Individually, Jointly, Severally, And/Or In The Alternative)

**68)** ABC CORPORATIONS 1 – 10 (Individually, Jointly, Severally, And/Or In The Alternative)

Defendants,

-------------------------------------------------------------X

## III(C): FACTS

**WHAT HAPPENED TO YOU?**

### 1) Market Needs For Palatable And Efficacious  Antimicrobial Systems And Plaintiff's Natural Functional Savory Flavor ("NFSF") Products

**1.**     After gaining a substantial amount of industry experience working on various projects,  Plaintiff considered a long-standing industry challenge about the use of antimicrobials in pet food items.

**2.**     The challenge was that although there are several types of commercial antimicrobials on the marketplace which are approved for use in pet food items, their usage in amounts sufficient to maintain long term freshness and shelf life of pet food items resulted in poor palatability by reason of the inherent sensory properties of the antimicrobials, and thus created a challenge to pet food manufacturers because the Palatability of Pet  food items is important to pet and pet owners.

**3.**     Another challenge was the emergence of superbugs which tend to be resistant to commercial antimicrobials, especially when such antimicrobials are used at low levels.

**4.**     Plaintiff then set out to research and develop palatable natural antimicrobials systems for pet food items that could be used at any level without negatively impacting palatability of the pet food item.

**5.**     Under this concept, an ingredient meets the project objective if it is shows antimicrobial activity and does not cause a decrease of pet food palatability when used in increasing amounts above typical usage levels of commercial antimicrobials.

**6.**     Under this concept, an ingredient exceeds expectations if it expresses antimicrobial activity,  and improves pet food palatability when used in increasing amounts above typical usage levels of commercial antimicrobials.

**7.**     In terms of usage amount, Plaintiff conceptualized that the high limit for such an antimicrobial in pet food items would be in the range of 10% to 20%.

**8.**     The limit of 10% limit  corresponding to the maximum amount of impurities one may introduce in a given compound and still be able to use Proton Nuclear Magnetic Resonance ("[1]H-NMR") to accurately identify the nature and structure of such a compound.

7

9.    The limit of 20% limit corresponding to the maximum amount of impurities one may introduce in a given compound and still be able to use Carbon Nuclear Magnetic Resonance ("$^{13}$C-NMR") to identify the nature and structure of such a compound.

10.    But in formulations work, the formulation amount for a neutral taste antimicrobial will depend on how much shelf life one desires, and in case of an antimicrobial system that also improves palatability, on how much palatability increase one desires in addition to antimicrobial activity.

11.    Plaintiff then conceptualized, formulated, made, and screened several prototypes for antimicrobial activities and for palatability, some of which met the project requirements.

12.    The antimicrobial functionalities claims of Plaintiff prototypes were tested and confirmed by third parties laboratories tests showing significant activities against molds, yeasts, and bacteria.

13.    Plaintiff named his multifunctional antimicrobial and palatability enhancement Products Natural Functional Savory Flavors™ ("NFSF™").

14.    Plaintiff also conducted Palatability test with his NFSF™ on several commercial pet foods brands and the results and the results were positive.

### 2) Business Agreements With State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC, Laszlo P. Pokorny, Colgate Palmolive Company, And Hill's Pet Nutrition Inc.

15.    For marketing and distribution purposes, Plaintiff entered into contractual business relationship and agreements with Defendant NATURASOURCE INTERNATIONAL LLC, a single member LLC which was owned and managed by Defendant LASZLO PETER POKORNY.

16.    The distribution agreement between Plaintiff and defendant NATURASOURCE INTERNATIONAL LLC was supplemented with an addendum comprising of a confidentiality agreement on the formulations, processing, methods, applications, and use of Plaintiff's NFSF™ for a time period of 100 years even after the distribution agreement should be terminated earlier.

17.    The distribution agreement between Plaintiff and Defendant NATURASOURCE INTERNATIONAL LLC also required that in the eventuality the business relationship was terminated, defendant NATURASOURCE

INTERNATIONAL LLC must return all distribution documents and records to plaintiff.

**18.**   As the distributor for Plaintiff, Defendant NATURASOURCE INTERNATIONAL LLC was authorized to enter confidentiality agreements with potential clients of Plaintiff's NFSF products who desired to receive NFSF product literature or samples for internal evaluation and product development purposes.

**19.**   In order to empower State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO PETER POKORNY to be effective and competent representative and distributor for Plaintiff,  Plaintiff provided training to Defendant NATURAL SOURCE INTERNATIONAL LLC and LASZLO PETER POKORNY, explained to them the scientific concepts embodied in Plaintiff's NFSF, the testing methodologies,  provided scientific data in support of Plaintiff's NFSF™ claims, and product literature to be shown to potential customers on the performance of  NFSF™.

**20.**   On a number of occasions plaintiff travelled to customers sites with State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY.

**21.**   Then came a time that State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC  and LASZLO PETER POKORNY informed Plaintiff that HILL'S PET NUTRITION INC. Had expressed interest in evaluating Plaintiff's NFSF™ ingredients.

**22.**   With approval from Plaintiff, State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LAZLO P. POKORNY  entered into a confidentiality with Defendant COLGATE PALMOLIVE COMPANY on behalf of its subsidiary Defendant HILL'S PET NUTRITION INC for the evaluation of several samples of Plaintiff's NFSF by Hill's Pet Nutrition Inc.'s scientists.

**23.**   Beginning from about June or July 2009, Defendant COLGATE PALMOLIVE COMPANY'S SCIENCE AND TECHNOLOGY agreed to, arranged, issued, and executed a "*Mutual Confidential Disclosure Agreement*" ("The Colgate-Executed-Hill's Agreement "), with NaturaSource International LLC ("NI") for its pet-food subsidiary Hill's Pet Nutrition Inc.'s to receive Plaintiff's proprietary Natural Functional Savory ("NFSF™") products, product claims, methods, processes, technology, products, and confidential information for evaluation in Hill's Pet food brands.

**24.**   The said confidentiality agreement was executed by Defendants Pokorny as owner as Manager of NaturaSource International LLC, and by Defendant Debra Nichols as Vice President Colgate Palmolive Company's Science and Technology.

**25.**   The Hill's business Unit in charge of signing Mutual Disclosure Agreements ("The Hill's Agreement") was called Science and Technology of which Dr. Nichols is the Vice President ("VP").

**26.**   On or around July 09, 2009, Laszlo Pokorny of NaturaSource International LLC executed a Mutual Disclosure Agreement with Dr. Debra Nichols, VP of Science and Technology at Colgate Palmolive company for Hill's Pet Nutrition, Inc.

**27.**   The said agreement provided the following:

*"The Parties desire to explore a business relationship involving natural dairy flavors for use in Hill's pet food products ("Purpose") that may require the Disclosing Party to disclose to the Receiving Party confidential commercial, business and/or technical information concerning the Disclosing Party's products and processes ("Confidential Information"). The Parties desire to maintain the confidentiality of such information, and the Receiving Party desires to accept Confidential Information pursuant to the terms and conditions of this Agreement....*

*The Parties agree as follows:*

*1.     All Confidential Information from the Disclosing Party to the Receiving Party, whether in written, oral, visual, electronic or tangible form, is subject to the provisions of this Agreement.*

*2.     The Receiving Party shall restrict disclosure of Confidential Information only to those of its employees and the employees of its affiliated companies who need to know Confidential Information for the Purpose, who have been informed of the confidential nature of such information and who are obliged to keep such information in confidence.*

*3.     With regard to Confidential Information the Receiving Party agrees that it will:*

*a.     hold in confidence all Confidential Information;*

*b.*    *use reasonable efforts to prevent the disclosure of Confidential Information to any third party without the prior written consent of the Disclosing Party;*

*c.*    *not use Confidential Information, directly or indirectly, other than for the Purpose and will terminate its use of Confidential Information upon termination of this Agreement; and*

*d.*    *not disclose Confidential Information unless required by a court of competent jurisdiction.   The Receiving Party shall notify the Disclosing Party immediately to provide the Disclosing Party with an opportunity to object or otherwise act to protect its interests.*

*4.*    *Confidential Information shall not be deemed to be in the public domain merely because any part of the Confidential Information is included in general disclosures to the public or because individual features or components of Confidential Information are or become publicly known.   The confidentiality and limited use obligations set forth herein shall not apply to:*

*a.    information that the Receiving Party can show by written documentation was already in its possession prior to receipt of Confidential Information from the Disclosing Party;*

*b.    information that is now or shall become public information or otherwise generally available to the public through no fault of the Receiving Party;*

c.    *information that the Receiving Party can show was received by it without restriction from a third party that was lawfully in possession of such information and transmission of such information to the Receiving Party does not cause the third party to breach any agreement; or*

*d.    information that was independently developed by or for Receiving Party by persons not having access to the Disclosing Party's Confidential Information.*
*………………………………………………………….*

11

8.    *The Parties warrant and represent that any use by the Receiving Party of Confidential Information will not violate any agreement or understanding, either written or oral, to which Disclosing Party is a party or is otherwise bound.*

**28.**    As to the origin of the text of the final Agreement, Defendant  Pokorny the owner of NaturaSource International LLC testified that it came from Colgate:

*"**Q Plaintiff Attorney):** Who drafted this agreement?*

***A (Laszlo Pokorny):** This was an agreement sent to me by I believe it was an attorney at Colgate at the time, because part of the - - part of our ongoing correspondence with Hill's regarding potential opportunities in ingredients.*
*Q: and, did you provide tis agreement to Ricky or Kamdem Group before signing it and discuss it at all or anything like that?*
*A: Sure, we discussed it. We discuss everything we did together."*
[See ECF # 17-5, pp. 59-60, DISK 15, EXHIBIT 20(b), Dec. 1 2014 Dep. Pokorny Dep. Trans. 54].

**29.**    As a matter of fact, the character "CP" on the Hill's Agreement at the ECF # 17-5, pp. 59-60, DISK 15,  (EXHIBIT 18) is Colgate Palmolive Company's logo [ECF # 17-5, pp. 59-60, DISK 15, ,  EXHIBIT 22(aA)].

**30.**    The confidentiality was valid for five years after the end of exchange of information.

**31.**    With regard to the Colgate and Hill's Confidentiality agreement, State-Actor-Defendant Pokorny previously testified the following:

*"**Q Plaintiff Attorney):** Who drafted this agreement?*
***A (Laszlo Pokorny):** This was an agreement sent to me by I believe it was an attorney at Colgate at the time, because part of the - - part of our ongoing correspondence with Hill's regarding potential opportunities in ingredients.*
*Q: and, did you provide tis agreement to Ricky or Kamdem Group before signing it and discuss it at all or anything like that?*
*A: Sure, we discussed it. We discuss everything we did together."*
[See ECF # 17-5, pp. 59-60, DISK 15, EXHIBIT 20(b), Dec. 1 2014 Dep. Pokorny Dep. Trans. 54].

**32.**    The owner of NaturaSource International LLC, namely Laszlo Pokorny, testified under oath that that Hill's did not have the technology and information that NaturaSource was sharing with Hill's and Colgate about Plaintiff's NFSF™.

**33.**    Accordingly, Laszlo Pokorny testified the following under oath:

*Q (Plaintiff's Attorney): Did you ever receive or were you ever provided any written documentation from Hill's that the technology and information that NaturaSource was sharing with Hill's, was already in their possession prior to you, NaturaSource, sharing it with them?*

*"A(Mr. Pokorny): Did we receive any information showing that our technology was already in their possession? Before we had shared it with them?*

*Q (Plaintiff's Attorney): Correct.*

*A(Mr. Pokorny: No*

......

*THE WITNESS (Pokorny): Yeah, there was no---there was no disclosure from Hill's or information from Hill's saying that they had any technology like ours."*
[See ECF # 17-5, pp. 59-60, , EXHIBIT 20(b), Pokorny Dep Trans. Pages 59-60].

**34.**    Upon the signing of the Agreement, Kamdem Group released and made available to NaturaSource International several pounds of its proprietary NFSF™ formulas to be shipped to Hill's Pet Nutrition for evaluation in Hill's commercial pet foods/snacks/treats product line.

**35.**    The Colgate-Executed-Hill's Agreement was fully honored by the Plaintiff and NaturaSource International LLC ("NI") and Plaintiff's NFSF™ Confidential information and products were provided to Hill's for the purpose set forth in the 07/09/2009 Colgate-Executed-Hill's Agreement.

**36.**    While testing was going on at Hill's, Plaintiff successfully attempted a commercial scale production run of 50,000 Lbs of NFSF™, which was confidentially sold to an early adapter of Plaintiff's NFSF product concept with profit.

**37.**    Having successfully manufacture a commercial scale batch, Plaintiff then worked with NaturaSource International LLC and Pokorny to make some confidential disclosure to the FDA on Plaintiff's NFSF and to obtain necessary

commercial certificates for export as most of the potential customers, some of which were still evaluating Plaintiff's NFSF or had expressed  interest in evaluating NFSF were multinational companies.

**38.** In the course of time, State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and Pokorny informed Plaintiff that a scientist from Hill's had communicated that  Hill's Pet Nutrition Inc. Had conducted a number of tests and that the results needed to be reviewed and approved by a Director of Technology named Dave Baloga before any sharing with NaturaSource International LLC and Pokorny.

**39.** Then after some time, NI and Pokorny informed Plaintiff that a Scientist at Hill's had communicated some data approved by Defendant Baloga and that the results confirmed the NFSF claims.

**40.** For example in November 2009, NaturaSource International LLC received a Report from Hill's Pet Nutrition Inc. ("The Hill's Report") that Plaintiff's NFSF$^{TM}$ was evaluated by Hill's and found to provide benefits in Hill's commercial pet foods/snacks/treats products for both feline and canine species [See ECF # 17-5, pp. 59-60, EXHIBIT 17].

**41.** The Hill's November 2009 report included Hill's Pet Nutrition's summary of Plaintiff's NFSF$^{TM}$ technology, applications, performance, and composition claims associated with NFSF$^{TM}$.

**42.** The  Hill's Report stated the following under a Section titled "*Screening of Nat. Multifunctional Savory Flavor*":

*"Nat. Multifunctional Savory Flavors imparts dairy top notes and savory taste; Maintains Freshness of foods by eliminating the growth of yeasts and molds and Salmonella "* [See ECF # 17-5, pp. 59-60, EXHIBIT 17].

**43.** The  Hill's Report also stated the following under a Section titled "*Screening of Nat. Multifunctional Savory Flavor*":

"*Technical documents relating to this ingredient are available* "
[See ECF # 17-5, pp. 59-60, EXHIBIT 17].

**44.** The  Hill's Report additionally stated the following under a Section titled "*Screening of Nat. Multifunctional Savory Flavor*":

*"NaturaSource owns Technology, Distributor, Manufacturer "*

14

[See ECF # 17-5, pp. 59-60, EXHIBIT 17].

**45.** Hill's Pet Nutrition's report mirrored the ingredient claims that Kamdem Group provided to NaturaSource International with regard to NFSF™ and also stated that NaturaSource was the owner of the technology.

**46.** The disclosure of Plaintiff's NFSF™ information to Colgate and its Hill's Pet Nutrition occurred under confidentiality negotiated from June 2009 and executed on about 07/19 - 29/2009, and disclosure of Plaintiff's confidential information continued through 08/31/2010, the last date on which Hill's Pet nutrition sent Plaintiff a new batch of questions, and after Plaintiff had answered them to Hill's satisfaction, Hill's then stopped all communications with Plaintiff and would not answer any follow up messages [See ECF # 17-5, pp. 59-60, DISK 15, EXHIBIT 17(a)]

### 3) State-Actor-Defendant LASZLO PETER POKORNY's Dilemma With Plaintiff's NFSF™  Business And The Mutual Termination Of Distribution Agreement Between Plaintiff And NaturaSource International LLC

**47.** As part of marketing strategy for his NFSF™ products, Plaintiff decided to Contract a Palatability testing company in Illinois to conduct additional studies on the palatability enhancement functionality on several commercial pet foods sold on the marketplace.

**48.** Accordingly, Plaintiff commissioned studies to carried out on Mars', Nestle', Hill's, Delmonte's, etc.… Pet food items.

**49.** The palatability testing company in IL returned positive results which Plaintiff shared the same with NaturaSource International LLC and Pokorny.

**50.** Whereas Plaintiff viewed the positive results from the palatability testing company as good for business going forward,  State-Actor-Defendant Pokorny shockingly told Plaintiff that he actually had some problems continuing on the project.

**51.** State-Actor-Defendant LASZLO PETER POKORNY told Plaintiff that the first problem was that the project was very demanding and it was taking too much time away from his family.

**52.**   And the second problem State-Actor-Defendant Pokorny's family had had bad experiences with commercial pet foods whereby they believed that Hill's Pet foods/snacks/treats brands had killed several of his parents' young dogs.

**53.**   State-Actor-Defendant Pokorny explained to Plaintiff that they had this experience whereby his parents dogs were doing just fine when they were fed homemade food, but when their parents switched to Hill's Pet food, the dogs fell sick and died in a short time.

**54.**   State-Actor-Defendant Pokorny explained that because Plaintiff's NFSF was making commercial pet foods taste so palatable, it would create a situation where pets will eat a lot more of a pet food containing NFSF and therefore dogs will die even faster than his parents dogs did when they were fed commercial pet foods without the NFSF.

**55.**   And because of the bad experiences, State-Actor-Defendant Pokorny was not enthusiastic  about Plaintiff's Natural Functional Savory Flavor™ after learning and witnessing how effective Plaintiff's NFSF™ products were with regard to improving palatability.

**56.**   For example, State-Actor-Defendant Pokorny communicated the following to Plaintiff:

*"We are selling a flavoring that will enhance the palatability of the shit that pet food companies are putting into their product so that they can sell a 44 lb bag for $20 to feed a domesticated animal for many months!  I had three dogs that died of cancer after reaching age 2, 8 and 12 and spending their entire life on commercial pet food diet; whereas, my parents' first two dogs that only ate home cooked food lived 14+ yrs with no cancer, and they were all the same breed dogs.  I am aware of what's going on here, and despite any moral dilemma that I've had to overcome to commit to this project I've convinced myself that if I don't do this business, then someone else will do it …*

*And if you want to begin blackmailing people to use NFSF™ by threatening to publish your data, then you will have to do that on your own.  I don't do business that way.  I intend to sell products based upon its merit, not through the use of threats.*

*I am hereby requesting that you completely remove the words "NaturaSource International LLC" from your signature if you intend to communicate blackmails and stir controversy with prospective clients."* (See D.N.J. 15-cv-07902 [ECF # 17-5, pp. 59-60],  DISK 15, EXHIBIT 47).

16

57.     But the State-Actor-Defendant Pokorny had simply missed the point of Plaintiff's NFSF™ products and technology because the goal to the technology was actually aiming at stopping the microbes that produce the deadly toxins compounds in the pet foods/snacks/treats.

58.     In or around April 2010 and on the background of the ethics dilemma that the owner of NaturaSource International LLC had about Plaintiff's NFSF™, NaturaSource International LLC and Kamdem Group terminated their marketing and distribution relationship as a result of Kamdem Group's concerns over NaturaSource International's dilemmas

59.     Plaintiff reminded State-Actor-Defendant Pokorny of the obligations of confidentiality.

60.     Plaintiff also asked that State-Actor-Defendant Pokorny transferred the records and distribution files of the Plaintiff's NFSF™ to Plaintiff, but State-Actor-Defendant Pokorny refused, claiming the customers were NaturaSource International LLC's customers.

61.     As of today, neither NaturaSource International LLC nor its sole owner and Manager State-Actor-Defendant Pokorny have ever transferred the distribution records and files to Plaintiff.

### 4) Plaintiff's Marketing, Distribution, And Technical Support To Prospective Customers After Termination Of Distribution Agreements With NaturaSource International LLC

62.     Following the termination of business contract and agreements with Defendant NaturaSource International LLC, Plaintiff contacted Defendant Dave Baloga at Hill's Pet Nutrition Inc.

63.     Defendant Baloga returned Plaintiff's call and agreed with Plaintiff that all confidential information disclosed during the tenure of NaturaSource International LLC as Distributor for Kamdem Group remained confidential and that any further disclosure by Plaintiff himself could continue under the same 07/09/2009 Hill's "Mutual Confidential Disclosure Agreement."

64.     Plaintiff later acknowledged defendant Baloga's call to Plaintiff  in an e-mail saying:

*"I highly appreciate your call. There is a CDA in place between NaturaSource International and Hill's and to the best of my knowledge no action has been done*

*in word or deeds contrary to the terms of the CDA. The data I shared with you is from my own study and curiosity that I initiated to test a number of flavor application concepts. The study itself is designed to provided technical sales support to Natural Functional Savory Flavor$^{TM}$ distributed by NaturaSource International.*
*I have tested several pet foods formulas bought directly from the store and the ingredient performed well on all of them so far, and when I used the same concentration of the Palatability Modulator I saw differences between brands, but I have not decided to publish those data so far, however they are very interesting."*
(See D.N.J. 15-cv-07902 [ECF # 17-5, pp. 59-60, EXHIBIT 55(b)]).

**65.** Defendant Baloga, then promised to Plaintiff that Hill's will continue the evaluation and testing of Plaintiff's NFSF™ in Hill's Pet Food Formulas and that Hill's Scientists will remain in contact and continue to communicate with Plaintiff.

**66.** Plaintiff's Communications with Hill's Scientists continue until August 31, 2010 when Hill's sent Plaintiff an e-mail asking whether it would be necessary to reformulate Hill's Pet products in order to successfully implement Plaintiff's NFSF$^{TM}$ Technologies in Hill's commercial pet food products. (See D.N.J. 15-cv-07902 [ECF # 17-5, pp. 59-60, DISK 15, , EXHIBIT 55(a)]).

**67.** Plaintiff responded to Hill's 08/31/2010 e-mail and followed-up several times after that but with no response from Hill's, Hill's surprisingly stopped communicating.

**68.** In addition to defendant HILL'S PET NUTRITION INC., Plaintiff continued marketing and communication about his NFSF™ to Pet food companies, including global Pet Food Manufacturers such as Mars, Nestle, AFB etc.… who were testing and had already reported positive preliminary feedback to Plaintiff

### 5) Report To State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC Of Violation Of Confidentiality And Impact On Plaintiff's Marketing And Distribution Of His NFSF Products

**69.** In the year 2011, Plaintiff again manufactured a second commercial lot of his NFSF™ products while awaiting for decision from interested parties who were actively testing Plaintiff's NFSF™ in their commercial Pet Food Formulations.

**70.** The Manufacturing happened in the State of Iowa, several thousands of pounds, which were sold for profit and shipped to a company in the State of New Jersey.

18

**71.**    But toward the end of the year 2012 or beginning of  the year 2013 Plaintiff, was conducting literature search online on the subject of natural antimicrobials while surprisingly Plaintiff discovered World Intellectual property ("WIPO")/Patent Cooperation Treaty ("PCT") patent Applications published by Defendants Hill's Pet Nutrition Inc and Colgate Palmolive Company and containing information that mirrored, mimicked, restated, or copied Plaintiff's NFSF™ Confidential Information.

**72.**    One of the PCT/WIPO Patent Application was titled "*Pet food Compositions Having Antimicrobial Activity*"; International Application Number PCT/US2011/046422, International Filing Date 3 August 2011; Priority Data: 3 August 2010; International Publication Number WO 2012/018913 A1 (See D.N.J. 17-cv-07902 [ECF # 17-5, pp. 59-60, DISK 15, EXHIBIT 2(a)]).

**73.**    Upon    reviewing    PCT/WIPO    records,    Plaintiff    found    that    the INTERNATIONAL SEARCHING AUTHORITY (PCT RULE 43bis.1) issued a WRITTEN OPINION in 2012 saying that the Applicants of Patent Cooperation Treaty ("PCT") Application # PCT/US2011/046422 published as ("WIPO") PUBLICATION # WO2012/018913, "*PET FOOD COMPOSITIONS HAVING ANTIMICROBIAL ACTIVITY*" (See ECF # 98-1, p. 2 - 4) had failed to prove the Inventive Steps of the disclosure (See D.N.J. 15-cv-07902 [ECF # 98-1, p. 95] "*Box No. V: Reasoned Statement Under Rule 43 bis.(1)(a)(i) with regard to Novelty, Inventive Step or Industrial Applicability; Citations and explanations supporting such statement*"]

**74.**    Upon reviewing the WRITTEN OPINION OF THE INTERNATIONAL SEARCHING AUTHORITY (PCT RULE 43bis.1), Plaintiff found that Out of the 19 claims that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC made, only claims No. 13, 14, and 15 were the novel claims of the entire application.

**75.**    The    novel    Claims    for    International    Application    Number PCT/US2011/046422 and specifically Claims No. 13, 14, and 15 were Plaintiff's Confidential and secret information that had been communicated to Colgate Palmolive Company and to Hill's Pet Nutrition about Plaintiff's NFSF™ products, long before they ever filed the PCT Patent Applications.

**76.**    Plaintiff's Kamdem Group NFSF™ products claims were clearly layout in a document Titled "NFSF™ Application Guide" and the same were communicated to NaturaSource International LLC and to Hill's Pet Nutrition Inc. long before they ever filed foreign patent applications.

**77.**    Another WIPO/PCT patent application that Colgate Palmolive Company filed in the name of its Hill's business and  in which Plaintiff found embodiment of his NFSF[TM] product claims was titled "*Compositions and Methods For Modifying Gastrointestinal Flora*", International Application Number PCT/US2011/067713, International Filing Date: 29 December 2011; International Publication Number WO 2013/101019 A1. [See ECF # 17-5, pp. 59-60, DISK 15, EXHIBIT 2(b)].

**78.**    Upon the discovery at the beginning of 2013 that Colgate and Hill's had filed WIPO/PCT Patent Applications with Plaintiff's NFSF[TM] Confidential information, Plaintiff made phone calls and wrote e-mails to Hill's facilities in Topeka, Kansas and Plaintiff  also left voice messages for the Hill's employees who were listed as inventors on the WIPO/PCT Patent Applications and to Defendant Baloga, but they did not return Plaintiff's calls.

**79.**    Plaintiff also called Colgate Palmolive in Piscataway, New Jersey and left a voice mail for the person who was listed Colgate Patent Agents on the records of the Hill's WIPO/PCT Patent Applications.

**80.**    After several months, a Colgate's employee by the name of Defendant DONALD TRAUT (he stated during conversation with Plaintiff that he was an attorney working at Colgate) returned one of Plaintiff's phone calls and Ordered that Plaintiff must no longer communicate Hill's in Topeka and that all communications must be sent to him at Colgate Palmolive Company's facility in Piscataway New Jersey.

**81.**    The records of PCT patent filings indicated that the timing of Hill's stopping all communications with Plaintiff and with the distribution channel for Plaintiff's technologies and Plaintiff's NFSF[TM] compounds corresponded with the filing of WIPO/PCT patent applications on Plaintiff's product claims, technologies, methods, and processes.

### 6) Plaintiff's NJ Superior Court Case # MID-L-5527-13

**82.**    In the year 2013, Plaintiff retained the LAW OFFICE OF REARDON AND ANDERSON who then filed a lawsuit on behalf of Plaintiff at the Superior Court of the state of New Jersey, Middlesex County, proceeding under State Court docket number MID-L-5527-13.

**83.**    In a 14-count complaint, plaintiff alleged that Defendant COLGATE PALMOLIVE COMPANY, its subsidiary HILL'S PET NUTRITION INC., Plaintiff's former distributor Defendant NATURASOURCE INTERNATIONAL LLC and its Owner Defendant had committed several torts in regard to Plaintiff's

Natural Functional Savory Flavors ("NFSF") confidential commercial formulas and processes which have been confidentially disclosed to them.

**84.**     In the month of April year 2015, Plaintiffs Lawyers, namely  ALLISON A. KRILA informed Plaintiff that she was travelling to Kansas for the purpose of discovery of Hill's Pet Nutrition Inc's Employees who are also named as Defendants in this lawsuit.

**85.**     Upon returning from the discovery trip, lawyer-Defendants ALLISON A. KRILA and ERIK ANDERSON Communicated to plaintiff that they could not find any "*SMOKING GUN*" for the plaintiff case.

**86.**     The Law-firm Defendant REARDON ANDERSON LLC (LAW OFFICE) shockingly informed Plaintiff that they wanted to Withdraw from the case, which Plaintiff thought was kind of improper because the case had been going on for two years already.

**87.**     Nevertheless Lawyer-Defendants ALLISON A. KRILA, ERIK ANDERSON, and Law-firm Defendant REARDON ANDERSON LLC (LAW OFFICE) filed  a motion at the Superior state court for their withdrawal.

**88.**     Lawyer-Defendants ALLISON A. KRILA, ERIK ANDERSON,  and Law-firm Defendant REARDON ANDERSON LLC (LAW OFFICE) motion to withdraw was granted by State-Actor-Judge-Defendant HON. VINCENT LEBLON on June 12,. 2015.

**89.**     State-Actor-Judge-Defendant HON. VINCENT LEBLON  June 12, 2015 Order stated that Plaintiff must begin his own self representation and that the parties' discovery documents which were in the possession of Lawyer-Defendants ALLISON A. KRILA, ERIK ANDERSON,  and Law-firm Defendant REARDON ANDERSON LLC (LAW OFFICE) must be transferred to Plaintiff, except those documents which have been marked "Attorney Eye Only" ("AEO").

**90.**     Plaintiff had no knowledge of what those documents which have been marked AEO comprised of.

**91.**     Plaintiff received the case file from Lawyer-Defendants ALLISON A. KRILA, ERIK ANDERSON,  and Law-firm Defendant REARDON ANDERSON LLC (LAW OFFICE) on or around June 21, 2015.

**92.**     Upon receiving the case file from Lawyer-Defendants ALLISON A. KRILA, ERIK ANDERSON,   and Law-firm Defendant REARDON ANDERSON LLC

21

(LAW OFFICE) and having barely begun to review the documents in the case file, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ filed motions for Summary Judgment on 06/26/2015.

93.    Upon completing a review of the case file that was transferred to Plaintiff by Lawyer-Defendants ALLISON A. KRILA, ERIK ANDERSON,  and Law-firm Defendant REARDON ANDERSON LLC (LAW OFFICE) on or around June 21, 2015, Plaintiff reached an understanding that because the Case involve Patent Applications pending at the United States Patent Office,  It was not within the jurisdiction of a State court to adjudicate the Plaintiff's Action.

94.    Accordingly Plaintiff prepare a Notice of Removal and filed the same as Required by law on 08/14/2015.

95.    In addition to the Plaintiff's Notice of Removal, Plaintiff filed a Motion for Judicial Notice on the proceedings that were taking place at the United States Patent Office and which had taken place earlier at PCT/WIPO along with the WRITTEN OPINION OF THE INTERNATIONAL SEARCHING AUTHORITY (PCT RULE 43bis.1) .

96.    Plaintiff also filed an Opposition to Defendants' Motion for summary judgment,  and supported his opposition with a Scientific  Expert Opinion who also reached a conclusion that indeed State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC. had misappropriated Plaintiff's confidential information and intellectual property and had improperly claimed the same in their PCT Patent Applications.

97.    Plaintiff also had obtained Expert Reports calculating and showing substantial damages over the next five years, Estimated to be worth billions of dollars.

98.    But after the filing by Plaintiff of his Notice of removal to the federal court with  copy to the Clerk of the State Court and to the parties as required by the statute, Plaintiff received a communication from State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. inviting Plaintiff to attend an Oral argument on their motion for Summary Judgment.

99.    Plaintiff Objected to their invitation and declined to participate in any further Proceedings at the State court because Plaintiff had removed his action to the federal court and it had not been adjudicated yet.

**100.** Plaintiff communicated State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ.. that the holding of any further proceedings at the state court in the Plaintiff's MID-L-5527-13 Action was of law, including 28 U.S.C. §1446.

**101.** On. August 20th. Plaintiff received e-mail communications again from State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. saying that their Summary Judgments have been granted and that the Plaintiff's Action was dismissed with prejudice.

**102.** Plaintiff responded to State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. and informed them that the proceedings they held at NJ Superior Court was a violation of the due process of law.

**103.** Plaintiff later found out that during the unconstitutional hearing held by State-Actor-State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. on 08/20/2015 at the Superior Court of the State of New Jersey in the Plaintiff's MID-L-5527-13 Action, they argued and decided the following among themselves:

> "MR. JOHNSON: Sure, Your Honor.
> 14 So, we were -- we were up here before Your
> 15 Honor on June 12th upon the motion of Ms. Allison
> 16 Krilla in the Reardon Anderson law firm -- I believe it
> 17 was June 12th -- for them to withdraw as counsel. Your
> 18 Honor permitted them to withdraw as counsel, but in
> 19 that order you ordered this matter to proceed, or Mr.
> 20 Kamden proceed in this matter pro se. And, so -- and
> 21 also -- you also ordered that AEO documents or
> 22 attorneys eyes only documents were not to be produced
> 23 to Mr. Kamden, consistent with the discovery
> 24 confidentiality order Your Honor entered about a year
> 25 ago in this matter.
>
> 1 And, so, as part of our motion for summary
> 2 judgment we submitted as part of our -- the record for
> 3 the Court to consider, several documents that were
> 4 marked as attorneys eyes only. And in order for those
> 5 documents to only be submitted to the Court, and not

23

6 for Mr. Kamden's consideration, we filed them under
7 seal. So, there were -- there were documents that were
8 exhibits to certifications, as well as entire
9 transcripts.
10 I'll indicate that when those documents were
11 produced at the time that Mr. Hills -- by Hills to Mr.
12 Kamden's counsel, there was no objection to the
13 designation of its attorneys eyes only, the
14 transcripts, themselves, involved very detailed
15 discussions of -- of processes that are very highly --
16 highly confidential, and so, during those depositions,
17 with the agreement of Mr. Kamden's counsel, we marked
18 the entire transcripts as attorneys eyes only.
19 So, they were submitted to Your Honor for --
20 as support for our motion for summary judgment.
21 MR. KRIEGEL: Just to the extent required, we
22 have no objection to the application.
23 THE COURT: Jason, did you pull all the
24 orders? I'm having a hard time following --
25 THE CLERK: Did I pull all the orders?

1 THE COURT: Where -- where's the order on
2 that particular motion?
3 THE CLERK: I have them all labeled.
4 MR. JOHNSON: There -- there should be two,
5 Your Honor. There's one for the -- the documents, and
6 then one for the transcripts.
7 THE COURT: Okay. And did -- did Mr. Ouaffo
8 oppose that at all?
9 MR. BUCK: Your Honor, not to our knowledge.
10 When I was there at the -- the deposition, I did speak
11 with Ms. Krilla, who was his counsel at the time. We
12 agreed that the entire transcript was going to be
13 marked as AEO. That's on the record, and I also agreed
14 that if she needed to have someone be designated we
15 would be willing to do that.
16 THE COURT: So, I'll -- the first motion
17 being the Hills' motion for an order sealing documents
18 produced and marked as attorneys eyes only, and filed
19 in conjunction with the motion for summary judgment.

20 I'm going to grant that, and that the exhibits that are
21 identified in the proposed form of order are going to
22 be sealed, and excluded from public court records. So,
23 we're going to have to make sure that those are -- are
24 marked as such. Okay? And provided to -- who do they
25 go to Ian?"

1 THE CLERK: Yeah, they go to Ian.
2 THE COURT: And then with regard to the
3 motion to seal the deposition transcripts as -- and
4 marked attorneys eyes only, I'll grant that motion as
5 well, that were filed with Hills' reply brief, and that
6 those are identified in Hills' form of order. I'll
7 grant that as well. So, I'll sign those two orders,
8 and we'll stamp those filed."
(See D.N.J. 15-cv-06290 [ECF # 16-2, pp. 34 – 36]

"19 MR. BUCK: Thank you, Your Honor.
20 Would it help the Court if I provided a brief
21 tutorial of the -- of the technology, or would -- would
22 you just sort of like to jump in --
23 THE COURT: Yeah. Go -- go through it
24 briefly.
25 MR. BUCK: Okay. Great.

1 So -- so, the technology at hand is -- is
2 pretty basic. It's pretty simple. We're obviously
3 making pet food here. Some time ago, back in mid-2008,
4 Hills decided they wanted to add an antimicrobial
5 ingredient into its pet foods.
6 The way pet foods are generated, at least, at
7 Hills, very generally speaking, is you can extrude it
8 or you create a dough, if you think about like making
9 pasta. You can put your ingredients in the dough, your
10 wet ingredients, your dry ingredients, and you put that
11 through what's called an extruder. It's in sort of
12 cranking the pasta through the pasta maker to cut it,
13 except during extrusion it's subjected to like high
14 heat, and high pressure, so, it's cooked.

25

15 Some of those ingredients don't survive that
16 high pressure and high heating, so, you have to cook
17 them topically. So, really if you want to put
18 something in a pet food there's -- there's two ways.
19 Either into the food or onto the food, and -- and
20 that's about it, and I don't think you need to be a
21 rocket scientist or a chef to -- to figure that out.
22 That's it. That's the technology at issue here.
23 Once these diets are -- are made, then you
24 put them in front of a dog or a cat, and you note which
25 dog or which bowl the dog or cat likes. You measure

1 the amount of food that's -- that's there, and you do
2 it over a series of days, and make sure it's not
3 random, and then you determine if your added ingredient
4 -- the opinion of the dog, or the cat, if you would,
5 likes the main ingredient, doesn't like it, or was
6 indifferent to it. That's really what this technology
7 is -- is all about, in general.
8 So, with that in mind, there's -- there's
9 really just one issue here, and that's -- that's been
10 in front of the Court the entire time is -- is did
11 Hills take anything? All of the counts have that one
12 theme in common, every single one. Did Hills take
13 anything from either Naturasource or -- or Mr. Kamden.
14 If you decide that they didn't, obviously,
15 then -- then everything goes away. The one piece of
16 evidence that Mr. Kamden continues to cite to, and the
17 only one thing that he cites to is this PCT
18 application, this international patent application.
19 Again, it's not an issued patent. It's just an
20 application. He continues to cite to that, but he's
21 got to prove that we -- we -- we took something, and
22 not only has he not proven that we've not taken --
23 taken something, I think our record establishes very
24 clearly that we didn't take anything. So, we've
25 actually somehow proved a negative. We've proven that

1 we didn't take something.
2 And -- and we did that by providing, at the

26

3 time, his counsel, and certainly this Court with sort
4 of an invention record, if you will, a time line. And
5 if it please the Court I'd like to provide maybe a time
6 line to use. We can sort of follow along if that's
7 okay?
8 THE COURT: Sure.
9 MR. BUCK: Great. Thank you.
10 THE COURT: And -- and, again, the Court is
11 mindful that this is a motion for summary judgment.
12 So, I got to give the non-moving party the benefit of
13 all these reasonable inferences, and so, I guess if you
14 will just address are there any material issues of fact
15 that would prevent the Court from deciding this as a
16 matter of law?
17 MR. BUCK: No, that's -- that's what really
18 what the -- the time line shows. Every single instance
19 or -- or sort of part of -- of the discovery process
20 happened prior to the initial solicit -- unsolicited e21
mail from Mr. Pokorny. Mr. Pokorny contacted Hills on
22 or about June 30, 2009. That was the very first e-mail
23 that he sent. He was trying to sell Hills a flavorant
24 or a palatent. Everything we did prior to that had to
25 do with this AMI, this antimicrobial. There's no

1 evidence that they've provided. Mr. Kamden is on the
2 record as saying he doesn't have anything that predates
3 the June 30th, 2009 e-mail. And Mr. Pokorny is -- is
4 the same.
5 So, if you compare what we --
6 THE COURT: We're -- we're going to -- we're
7 going to mark this as defendant, Hills 1 in evidence,
8 okay?
9 (D-1 marked for identification and into evidence)
10 MR. BUCK: If you compare what we've done to
11 this PCT application, everything was there. We had
12 virtually every data point. We had virtually ever
13 figure prior to Mr. Pokorny contacting Hills. So,
14 there is no issue of -- of fact here at all. There is
15 nothing he needs to see. That's why we're comfortable
16 with the documents being under seal. He doesn't need

17 to see those. What he needs to show is that he somehow
18 gave us some of that data, or some of that -- some of
19 those data points that is found in the PCT. He keeps
20 coming back to that, and there's just nothing there.
21 So, if you look at that time line, we've done
22 everything, and it's all documented and it's all
23 choreographed very nicely. This is how a company runs
24 discovery process in getting to the point of filing a
25 patent application.

1 So, there is no issue of fact that we know.
2 We had this in our possession.
3 So, if you had the invention in your
4 possession prior to Mr. Pokorny contacting us, how can
5 you take it? You can't take anything. So, there's no
6 trade secret that we took, because the information in
7 the patent application is ours. We generated it.
8 There's no confidential information that we
9 took because the -- the information in the patent
10 application is ours. We generated it. There's unjust
11 enrichment, because the benefit that we derived we
12 derived on our own, because it was our data, and it was
13 our -- our discovery process. Literally, ever single
14 count falls because there's nothing that he gave us
15 that's found anywhere in this patent application
16 whatsoever.
17 And to the extent that he did provide
18 something for us, it's -- it's also our position that
19 it's not worthy of trade secrets protection.
20 But even -- the Court doesn't even have to
21 get into that analysis. The Court has to go through
22 like a six step analysis to determine whether the
23 information even qualifies for trade secret.
24 Well, the Court doesn't have to do that
25 because everything we had in our possession was prior

1 to his -- his there. The Court doesn't have to worry
2 about whether he was a third party beneficiary, which
3 is, you know, a new theory that he's espoused lately,
4 because we already had everything that was there. So,

28

5 there's no question of fact that we had everything well
6 before Mr. -- Mr. Pokorny contacted us, and certainly
7 well before Mr. Kamden contacted us on his own around
8 April of 2010.
9 THE COURT: Do you want to be heard on this
10 motion?
11 MR. KRIEGEL: Very briefly, Your Honor.
12 I actually agree with just about everything
13 said by Hills. I -- I think it's telling that
14 obviously Mr. Pokorny is on the defense side in this
15 case. Obviously I don't like revealing attorney/client
16 privilege conversations, but I even asked him, hey, is
17 there any chance that Hills misappropriated the
18 information you gave them? And he said, from
19 everything I've seen that is not the case. I mean, he
20 provided a very lengthy certification in support of
21 their motion, and obviously it's the basis of his
22 separate motion. I don't know if you want me to spend
23 any time at this point.
24 THE COURT: No, I'll -- I'll let you wait.
25 MR. KRIEGEL: Okay. Then that would really

be all I have to say about that is obviously the fact
2 that, you know, my client (indiscernible) Mr. Pokorny,
3 support this motion. So, I think that speaks for
4 itself."  (See D.N.J. 15-cv-06290 [ECF # 16-2, pp. 38 – 41])

7) **Plaintiff's Federal Court Actions  Unconstitutionally Perverted By Actor-State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ.**

**104.**   Plaintiff filed a Notice for the Removal of his State Court MID-L-5527-13 on 08/14/2015 from the Superior Court of New Jersey the US District Court for the District of New Jersey on 08/14/2015

**105.**   The Plaintiff's Notice of Removal proceeded at the US District Court for the District of New Jersey as Kamdem-Ouaffo v. NaturaSource International LLC et Al., Case No. 15-cv-06290-AET-LHG, and subsequently at the US Court of Appeals for the Third Circuit as Appeal Case No. 16-2304.

106.    Upon learning that Actor-State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. held a hearing on 08/20/2015 in the Plaintiff's MID-L-5527-13 Action during which they issued VOID court Orders to Dismiss Plaintiffs Claims with prejudice, Plaintiff instituted an Action on 10/14/2015 in the US District Court for the District of New Jersey pursuant to 42 U.S.C. §1982 which proceeded as  Kamdem-Ouaffo v Leblon et Al., Case No. 15-cv-07481-AET-TJB, Appeal # 16-1006.

107.    On 11/04/2015, Plaintiff also instituted a separate Action in the US District Court for the District of New Jersey pursuant seeking to reinstate his Causes of Action that were previously Dismissed from the State Court by Judge Cantor on in January 2014 without prejudice, and the Action proceeded as  Kamdem-Ouaffo v Colgate Palmolive Company et al., Case No. 15-cv-07902-CCC-JBC, and subsequently at the US Court of Appeals for the Third Circuit as Appeal Case No. 21-1198.

### 8) The Patents Prosecuted By Colgate Palmolive Company And Hill's Pet Nutrition Inc. On Claims Similar To Those Of Plaintiff's NFSF™ Products

108.    Since Defendants Hill's stopped communicating with Plaintiff on 08/31/2010 until 06/04/2022, State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC PROSECUTED two family/series of PCT Patent Applications  at the United States Patent Office ("USPTO") and four separate US National PCT Stage Patent Applications in attempt to establish themselves as inventors and owners of Plaintiff's novel and patentable confidential information which was confidentially disclosed to them.

109.    The first family/series of WIPO/PCT patent was titled "*Pet food Compositions Having Antimicrobial Activity*"; International Application Number PCT/US2011/046422, International Filing Date 3 August 2011; Priority Data: 3 August 2010; International Publication Number WO 2012/018913 A1.

110.    The Bibliographic page of the  first US National Stage PCT Patent Application from PCT/US2011/046422 Application Titled ""*Pet food Compositions Having Antimicrobial Activity*" shows the following information: **Application #** 13/811,992;  **Earliest publication #** US 2013-0122164A1; **Earliest publication date:** 05/16/2013; **Filing or** 371**(c) date:** 01/24/2013; **Status:** Abandoned -- Failure to Respond to an Office Action - 02/20/2017; **Inventors:** Luis J. Montelongo, Lawrence, KANSAS (US), Brent K. Pope, Topeka, KANSAS (US); Sarah B.

Martinez, Lawrence, KANSAS (US); **Applicants:** Data not available; **Correspondence address:** 23909- COLGATE-PALMOLIVE COMPANY 909 RIVER ROAD, PISCATAWAY, NJ, UNITED STATES.

**111.** The Bibliographic page of the  second US National Stage PCT Patent Application from PCT/US2011/046422 Application Titled ""*Pet food Compositions Having Antimicrobial Activity*" shows the following information: **Application #** 15/335,966; **Status:** Abandoned -- Failure to Respond to an Office Action - 06/30/2020; **Filing or** 371**(c) date:** 10/27/2016;  **Earliest publication #** US 2017-0042193A1;  **Earliest publication date:** 02/16/2017; **Inventors:** Luis J. MONTELONGO, Lawrence, KANSAS (US); Brent K. POPE, Topeka, KANSAS (US); Sarah B. MARTINEZ, Lawrence, KANSAS (US); **Applicants:** Hill's Pet Nutrition, Inc., Topeka, **Correspondence address:** 23909- COLGATE-PALMOLIVE COMPANY, 909 RIVER ROAD, PISCATAWAY, NJ, UNITED STATES.

**112.** The Bibliographic page of the  third US National Stage PCT Patent Application from PCT/US2011/046422 Application Titled ""*Pet food Compositions Having Antimicrobial Activity*" shows the following information: **Application #** 16/826,737;  **Filing or** 371**(c) date:** 03/23/2020;  **Status:** Abandoned -- Failure to Respond to an Office Action - 06/04/2022; **Earliest publication #** US 2020-0221735A1;  **Earliest publication date:** 07/16/2020; **Inventors:** Luis MONTELONGO, Lawrence, KANSAS (US); Brent POPE, Topeka, KANSAS (US); Sarah MARTINEZ, Lawrence, KANSAS (US); **Applicants:** Hill's Pet Nutrition, Inc., Topeka; **Correspondence address:** 23909 - COLGATE-PALMOLIVE COMPANY, 909 RIVER ROAD, PISCATAWAY, NJ UNITED STATES.

**113.**  The second series of PCT patent was titled "*Compositions and Methods For Modifying Gastrointestinal Flora*", International Application Number PCT/US2011/067713, International Filing Date 29 December 2011, International Publication Number WO 2013/101019 A1.

**114.**  The Bibliographic the  only  US National Stage PCT Patent Application from PCT/US2011/067713 titled "*Compositions and Methods For Modifying Gastro Intestinal Flora*" shows the following information: **Application #** 14/368,310; **Filing or** 371**(c) date:** 06/24/2014; **Earliest publication #** US 2014-0328896A1; **Earliest publication date:** 11/06/2014; **Status:** Abandoned -- Failure to Respond to an Office Action - 12/28/2017; **Inventors:** Dennis Jewell, Lawrence, KANSAS (US); Luis J. Montelongo, Lawrence, KANSAS (US); Sarah Martinez, Lawrence, KANSAS (US); Lynda Melendez, Topeka, KANSAS (US); **Applicants:** Hill's Pet

31

Nutrition, Inc., Topeka (US); **Correspondence address:** 23909 – COLGATE PALMOLIVE COMPANY, 909 RIVER ROAD, PISCATAWAY, NJ UNITED STATES.

**115.** Upon information and belief, Defendant DAVE BALOGA reported the information to his superior and it came to defendant DEBRA NICHOLS and to Defendant COLGATE PALMOLIVE COMPANY SCIENCE AND TECHNOLOGY.

**116.** Defendants COLGATE PALMOLIVE COMPANY SCIENCE AND TECHNOLOGY and DEBRA NICHOLS then tasked Defendants MARTINEZ, MONTELONGO. POPE, JEWELL, and MELENDEZ to attempt reverse-engineering or to mimicking of Plaintiff's NFSF$^{TM}$ product, methods, processes, or formula claims.

**117.** Defendants MARTINEZ, MONTELONGO. POPE, JEWELL, AND MELENDEZ were not able to do so, but they settled for the use of a fermented dairy flavor ingredient/compound known as Lactic acid, although Lactic Acid does not perform the range of functionalities claimed by Plaintiff for his NFSF$^{TM}$.

**118.** Defendants COLGATE PALMOLIVE COMPANY SCIENCE AND TECHNOLOGY, DEBRA NICHOLS, and DAVE BALOGA then decided/proposed/offered that Defendants MARTINEZ, MONTELONGO, POPE, JEWELL AND MELENDEZ were to pose as inventors on PCT/WIPO Patent Applications for the embodiment of Plaintiff's NFSF$^{TM}$ Confidential Information, including ingredient claims, methods, processes, and functionalities using the name of a fermented-dairy-derived flavor ingredient/compound known as Lactic Acid or any other compound they could consider.

**119.** Defendants MARTINEZ, MONTELONGO, POPE, JEWELL AND MELENDEZ accepted the Decision/proposal/offer made by their employer-Defendants and posed as inventors on WIPO/PCT Patent Applications for the improper embodiment and claiming of Plaintiff's NFSF$^{TM}$ Confidential Information.

**120.** Defendants COLGATE PALMOLIVE COMPANY SCIENCE AND TECHNOLOGY, DEBRA NICHOLS, DAVE BALOGA, DONLAD TRAUT then instructed Defendants MARTINEZ, MONTELONGO. POPE, JEWELL, and MELENDEZ that should Plaintiff file a lawsuit they must deny having ever heard of Plaintiff's NFSF$^{TM}$ from anybody inside or outside of Hill's.

# WHO DID WHAT?

## COUNT I: Fraud On Superior Court Of New Jersey In Plaintiff's NJ Superior Court Case No. MID-L-5527-13

**121.**  Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT I.

**122.**  Being and acting under the color of the State of New Jersey, State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. committed fraud on the Superior Court of the State of New Jersey on 08/20/2015 by falsely and dishonestly contending, arguing, opining, advocating, deciding,  issuing, and entering VOID Court Orders and VOID Judgments in the name of the Superior Court of the State New Jersey to publicly represent that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC had independently generated or obtained their own research data in support of the novel PCT Patent Claims identified in the year 2012 by PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application titled "*Pet Food Composition Having Antimicrobial Activity*" and which Plaintiff had alleged to be the Claims of his commercial NFSF products.

**123.**  Being and acting under the color of the State of New Jersey, State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  and MARK A. KRIEGEL, ESQ. committed fraud on the Superior Court of the State of New Jersey on 08/20/2015 by falsely and dishonestly continuing to withhold, conceal, from Plaintiff,  and then sealing from the public record during an unconstitutional hearing on 08/20/2015 they held in the Plaintiff's MID-L-5527-13 Action, and without ever producing copies the said sealed documents to the Plaintiff or otherwise allowing Plaintiff to inspect them, some more than 24,000 Hill's and Colgate's documents which they represented as being genuine research records proving that Hill's Pet Nutrition Inc and Colgate Palmolive Company had by their own research endeavors obtained the data supporting the novel Patent claims they had disclosed in the Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*".

**124.**  However, after four full rounds of US National Stage  PCT Patent prosecution at the United States Patent Office ("USPTO") during the National PCT Patent

33

Application process of the PCT Patents identified above in the factual background, the USPTO repeatedly found that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC could neither prove the original novel patentable claims identified by the PCT/WIPO in the year 2012 in Hill's Pet Nutrition Inc' PCT Patent Applications, nor any amendments or derivatives thereof put forth by Defendants during prosecution.

**125.** In the end, on 06/04/2022, State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC decided by themselves to abandon all of the four US National Stage PCT Patent Applications at the USPTO without proving any single novel patentable claim identified earlier by the PCT as "Novelty".

**126.** State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. knew that the more than 24,000 Hill's and Colgate's documents they withheld, concealed from Plaintiff and the sealed from the Public record during their unconstitutional 08/20/2015 hearing without ever producing copies to the Plaintiff or otherwise allowing Plaintiff to inspect them were non-technical, non-innovative, non-novelty technical documents and therefore could not support any novel Patent claim at the USPTO.

**127.** State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. knew that the more than 24,000 Hill's and Colgate's documents they withheld, concealed from Plaintiff and then sealed from the public record during their unconstitutional on 08/20/2015 hearing without ever producing copies to the Plaintiff or otherwise allowing Plaintiff to inspect them were non-technical, non-innovative, non-novelty technical documents and therefore could not support any novel Patent claim at the USPTO were not proof of inventorship.

**128.** State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. knew that that the more than 24,000 documents they had sealed during their unconstitutional 08/20/2015 hearing without ever producing copies to the Plaintiff or otherwise allowing Plaintiff to inspect them were misrepresentations and forgery with regard to the inventorship of in the Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*".

**129.**   State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  and MARK A. KRIEGEL, ESQ. committed further fraud on the Superior Court of the State of New Jersey on during their unconstitutional 08/20/2015 hearing by falsely and dishonestly contending, arguing, opining, advocating, deciding, issuing, and entering Orders and Judgments in the name of the Superior Court of the State New Jersey to publicly represent that Plaintiff had filed a Notice of Cross-Motion for Summary Judgment during the proceedings of Plaintiff's MID-L-5527-13 State Court Action when Plaintiff had never filed such A Notice.

**130.**   The reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  and MARK A. KRIEGEL, ESQ. falsely and  dishonestly represented to the Superior Court of the State of New Jersey that Plaintiff had filed a Notice of Cross-Motion for Summary Judgment in his State Court MID-L-5527-13 Action was because they wanted to dishonestly deceive the federal court to believe that Plaintiff had committed a damning irreversible procedural blunder.

**131.**   The State-Actor-Defendant CLERK OF THE SUPERIOR COURT OF THE STATE OF NEW JERSEY along with, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  and MARK A. KRIEGEL, ESQ. Committed Fraud on the State Court by agreeing to falsely and dishonestly enter onto the Docket of the Superior Court of the State of New Jersey that Plaintiff's 08/14/2015 Notice of Removal "*Was Non-Confirming*"

**132.**   The State-Actor-Defendant CLERK OF THE SUPERIOR COURT OF THE STATE OF NEW JERSEY along with, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  and MARK A. KRIEGEL, ESQ. Committed Fraud on the State Court by agreeing to falsely and dishonestly enter onto the Docket of the Superior Court of the State of New Jersey that had filed Notice of Cross-Motion for Summary Judgment in the Plaintiff's MID-L-5527-13 State Court Action, although Plaintiff had never given such a Notice of Cross-Motion for Summary Judgment in his State Court Action.

**133.**   As a result of State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, and TODD B. BUCK, PH.D, ESQ.'s,  MARK A. KRIEGEL, ESQ.'s, and the STATE-ACTOR-DEFENDANT CLERK OF THE SUPERIOR COURT OF THE STATE OF NEW JERSEY's  misrepresentation and dishonesty toward the Superior Court of the State of New Jersey with regard to the forgery nature of the more than 24,000 forged documents concealed and sealed at the State Court by Judge-Defendant HON.

35

LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. and KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. as evidence of Hill's Pet Nutrition and Colgate Palmolive proof of novel patent claims when they clearly were not, the NJ Superior Court was deceived and the State defiled itself  with egregious injustice against Plaintiff, severely damaging Plaintiff and his business, and severely and/or irreparably damaging public confidence in the judiciary.

**134.**   As a result of State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, and TODD B. BUCK, PH.D, ESQ.'s,  MARK A. KRIEGEL, ESQ.'s, and the STATE-ACTOR-DEFENDANT CLERK OF THE SUPERIOR COURT OF THE STATE OF NEW JERSEY's  misrepresentation and dishonesty toward the Superior Court of the State of New Jersey with regard to their agreeing to falsely and dishonestly enter onto the Docket of the Superior Court of the State of New Jersey that had filed Notice of Cross-Motion for Summary Judgment in the Plaintiff's MID-L-5527-13 State Court Action, although Plaintiff had never given such A Notice of Cross-Motion for Summary Judgment in his State Court Action, the NJ Superior Court was deceived and the State Court defiled itself  with egregious injustice against Plaintiff, severely damaging Plaintiff and his business, and severely and/or irreparably damaging public confidence in the judiciary.

**COUNT II: Fraud on the US District Court For The District Of New Jersey And On The US Court of Appeals For The Third Circuit In Plaintiff's D.N.J. Cases # 15-cv-06290-AET-LGH, 15-cv-07481-AET-TJB, 15-cv-07902-CCC-JBC, And The Corresponding US Court Of Appeals For The Third Circuit Cases No. 16-2304, 16-1006, and 21-1198 Respectively;**

**135.**   Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT II.

**136.**   Plaintiff repeats and realleges the allegations of Complaint COUNT I above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT II.

**137.**   In continuation of State-Actor work of fraud carried out by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. at the Superior Court of New Jersey on 08/20/2015, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and

36

MARK A. KRIEGEL, ESQ. filed the VOID Court Orders and Judgments they created during their 08/20/2015 in the Plaintiff's D.N.J. Cases # 15-cv-06290-AET-LGH, 15-cv-07481-AET-TJB, 15-cv-07902-CCC-JBC, And The Corresponding US Court Of Appeals For The Third Circuit Cases No. 16-2304, 16-1006, and 21-1198 respectively.

**138.** In continuation of State-Actor work of fraud carried out by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. at the Superior Court of New Jersey on 08/20/2015, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. represented to the federal courts that the VOID court Orders and VOID Judgments they created in the Plaintiff's MID-L-5527-13 State Court Action on 08/20/2015 were valid State Court Orders although they knew that they were VOID and/or had no validity under the constitution of the United States.

**139.** In continuation of State-Actor work of fraud carried out by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. at the Superior Court of New Jersey on 08/20/2015, State-Actor-Judge-Defendant HON. VINCENT LEBLON agreed with the Office of Attorney of New Jersey to dispatch State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI to represent to the federal courts that the VOID court Orders and VOID Judgments created by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. in the Plaintiff's MID-L-5527-13 State Court Action were valid State Court Orders, although they knew that they were VOID and/or had no validity under the constitution of the United States.

**140.** As the first of the several examples to follow hereafter showing the continuation in the federal courts of State-Actor work of fraud alleged above, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., both of the Law-Firm Defendant MORGAN, LEWIS & BOCKIUS LLP being Attorneys for Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION, INC. presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB Action, which they had Signed, Filed, Submitted, argued, and

37

advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit to certify the following:

> "After nearly two years of litigation, the state court granted Defendants summary judgment as to all of Plaintiff's claims, ruling that there is no basis for this case to proceed to trial. Plaintiff now seeks to bypass the court's ruling and obtain "a second bite at the apple" by removing this matter to the District Court of New Jersey……Permitting Plaintiff to abandon this litigation now, when the state court has already granted summary judgment in favor of Defendants, would severely prejudice Defendants, and subvert the interests of justice and fairness."
> (See D.N.J. 15-cv-06290 [ECF # 16-1, pp. 4, 5-6].

**141.** State-Actor-Lawyer-Defendant MARK A. KRIEGEL, ESQ., of the law-firm defendant THE LAW OFFICE OF MARK A. KRIEGEL LLC being Attorneys for Defendants, NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB Action, which he had Signed, Filed, Submitted, Argued, and Advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit to certify the following:

> "On August 20, 2015, Summary Judgment was entered in the State Court Action as to all Defendants. Kriegel Decl. ¶ 4, Exhibit C."
> (See D.N.J. Case # 15-cv-06290 [ECF # 12-7, p. 4])

**142.** State-Actor-Lawyer-Defendants TERRY D. JONHSON, ESQ., and RUDOLPH J. BURSHNIC II, ESQ. of the Law-Firm Defendant MORGAN, LEWIS & BOCKIUS LLP being Attorneys for Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION, INC. presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07902-CCC-JBC Action, which they had Signed, Filed, Submitted, Argued, and Advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit to certify the following:

> "Ten of the twelve counts in the Third Amended Complaint, which were also in Kamdem's first and second amended complaints, have been pled and fully litigated to dismissal on summary judgment in the State Court. Specifically, on December 6, 2013, the State Court dismissed the breach of contract, the tortious interference, and the

breach of fiduciary duty counts, and dismissed Colgate as a defendant as to all counts. *See* ECF No. 28-3 (Johnson Decl., Ex. J). The claims of breach of non-disclosure agreement, unjust enrichment, unfair competition, misappropriation of trade secrets, and breach of covenants of good faith and fair dealing were dismissed on summary judgment on August 20, 2015, prior to the filing of the instant lawsuit. *See* ECF No. 28-3 (Johnson Decl., Ex. G). As this Court properly concluded based on Defendants' previous motion to dismiss, and the record evidence submitted therewith, all of the aforementioned counts "are virtually identical to those asserted in the state court action" and Kamdem "has already lost on these claims in state court." *Kamdem*, ECF No. 36, at 9."

(See 15-cv-07902 [ECF # 62-1, p. 19])

**143.** In continuation of State-Actor work of fraud carried out by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. at the Superior Court of New Jersey on 08/20/2015, State-Actor-Lawyer-Defendant RICHARD G. ROSENBLATT, ESQ. of the law-firm defendant MORGAN, LEWIS & BOCKIUS LLP being Attorneys for State-Actor-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ. presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB Action, which he Signed, Filed, Submitted, Argued, and Advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit to certify the following:

"On 20 August 2015, oral argument was held on Hill's Motion for Summary Judgment in the state court before Judge Leblon. Judge Leblon granted Hill's Motion, dismissing all of Kamdem's claims with prejudice. Significantly, before granting Hill's summary judgment, Judge Leblon denied Kamdem's Motion for the Removal and/or Transfer of the Complaint to this Court after finding that there was absolutely no basis for a motion transferring a matter to federal court. Judge Leblon also noted that he had not received from this Court or Kamdem anything that would automatically stay the state court proceeding. See Rosenblatt Decl. Ex. F (transcript of state court hearing on Hill's Motion for Summary Judgment, at 9:1- 10:1). Indeed, Kamdem's Notice of Removal was not entered and docketed with this Court until 21 August 2015, the day after the state court dismissed all

counts against all defendants during the summary judgment hearing.6 See Rosenblatt Decl. Ex. G (docket for Case No. 3:15-cv-006290 showing that Kamdem's Notice of Removal was entered on 21 August 2015).

(See ECF # 15-cv-07481 [ECF # 16-1, p. 15]).

**144.**   In continuation of State-Actor work of fraud carried out by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ. at the Superior Court of New Jersey on 08/20/2015, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, Deputy-Attorney-General Defendant AKEEL A. QURESHI, State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI being Attorneys for State-Actor-Judge-Defendant HON. VINCENT LEBLON presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB Action, which they had Signed, Filed, Submitted, Argued, and Advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit to certify the following:

> "In the instant matter, Plaintiff's Amended Complaint against Judge Leblon is based on Judge Leblon's rulings relating to the adjudication of Plaintiff's state court matter. (ECF No. 8, pp 14-19; Pa17-Pa22). Plaintiff does not allege that these rulings were taken outside of Judge Leblon's official capacity. Therefore, all claims against Judge Leblon were properly dismissed as barred by absolute judicial immunity."
>
> (See US Court of Appeals For The Third Circuit Case # 16-1006, Document: 003112270407 Page: 14 Date Filed: 04/21/2016)

**145.**   Based upon the representations made by State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ., the US District for the District of New Jersey then Decided  and the US Court of Appeals for the Third Circuit subsequently AFFIRMED the following in Orders and Judgments Remanding Plaintiff's 15-cv-06290-AET-TJB Notice of Removal to the State Court:

> "On August 20, 2015, the Superior Court of New Jersey granted Defendants' Motions for Summary Judgment and denied Plaintiff's Cross-Motion for Summary Judgment. (Aug. 20, 2015 Tr. at 24-35, Ex. B, ECF No. 16)." (See D. N.J. 15-cv-06290 [ECF # 26, p. 3])

**146.**   Based upon the representations made by State-Actor-Lawyer-Defendants RICHARD G. ROSENBLATT, ESQ. of the law-firm defendant MORGAN, LEWIS & BOCKIUS LLP, MARK A. KRIEGEL, ESQ., FRANK ORBACH 015741981 of the law-firm defendant LAW OFFICES GERARD M. GREEN, State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY,   and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI,  the US District for the District of New Jersey Decided the following which was subsequently AFFIRMED by the US Court of Appeals for the Third Circuit in Orders and Judgments Dismissing Plaintiff's 15-cv-07481-AET-TJB Action with prejudice:

> "Because Superior Court judges have jurisdiction to rule on summary judgment motions in civil matters, Judge Leblon's actions were colorably within the jurisdiction of his court. *See Figueroa v. Blackburn,* 208 F.3d 435, 444 (3d Cir. 2000) (quoting an example from *Stump v. Sparkman,* 435 U.S. 349, 357 n. 7 (1978), where a probate judge who tries a criminal case is in complete absence of all jurisdiction because probate judges lack jurisdiction over criminal cases, but a criminal court judge who convicts a defendant of a nonexistent crime is not in complete absence of all jurisdiction, and retains judicial immunity). Therefore the sole remaining defendant, Judge Leblon, has immunity from Plaintiff's due process claim, and the count must be dismissed as to all defendants."
>
> (See 15-cv-07481 [ECF # 28, p. 7])

**147.**   Based upon the representations made by State-Actor-Lawyer-Defendants TERRY D. JONHSON, ESQ., RUDOLPH J. BURSHNIC II, ESQ., and MARK A. KRIEGEL, ESQ., the US District for the District of New Jersey Decided the following which was subsequently AFFIRMED by the US Court of Appeals for the Third Circuit in Orders and Judgments Dismissing Plaintiff's 15-cv-07902-CCC-JBC Action with prejudice:

> "The remaining defendants, including Hill's Pet Nutrition, filed motions for summary judgment and Kamdem filed a cross motion for summary judgment as well as a motion to reinstate his claims against Colgate. Case No. 15-6290, ECF No. 26 at 3. On August 20, 2015, the state court judge, the Honorable Vincent Leblon, held oral argument and granted the remaining defendants' motions for summary judgment, denied Kamdem's cross-claims and motion to reinstate Colgate, and dismissed Kamdem's complaint in its entirety with prejudice. ECF No.

41

14-2 at 20. Judge Leblon found that "there is no basis for any of the plaintiff's claims contained in his complaint, and accordingly, I'm going to grant the -- the motion for summary judgment." Id."

(See 15-cv-07902 [ECF # 90, pp. 4 - 5])

**148.** Notwithstanding the representations quoted above and which were made by the Defendants to the Federal Courts, the 08/20/2015 hearing that State-Actor-Judge-Defendant HON. VINCENT LEBLON held at the Superior Court of New Jersey was scheduled after the Plaintiff had filed and Served his Notice of Removal on the State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., the Clerk of the US District Court, and the CLERK OF THE SUPERIOR COURT OF THE STATE OF NJ, along with a Courtesy copy on State-Actor-Judge-Defendant HON. VINCENT LEBLON on the date of 08/14/2015.

**149.** The 08/20/2015 hearing that State-Actor-Judge-Defendant HON. VINCENT LEBLON held at the Superior Court of New Jersey was scheduled after the Plaintiff had filed and Served his Notice of Removal on the State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., the Clerk of the US District Court, and the Clerk of the Superior Court of the State of NJ, along with a Courtesy copy on State-Actor-Judge-Defendant HON. VINCENT LEBLON on the date of 08/14/2015, and was held for an underlying improper objective comprising of issuing unconstitutional and VOID State court Orders to enable State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ. and their client-defendants COLGATE PALMOLIVE COMPANY, HILL'S PET NUTRITION INC., NATURASOURCE INTERNATIONAL LLC, and LASZLO P. POKORNY to wrongfully apply for the Dismissal with prejudice of Plaintiff's Actions in proceedings at the federal Courts.

**150.** The 08/20/2015 hearing that State-Actor-Judge-Defendant HON. VINCENT LEBLON held at the Superior Court of New Jersey was scheduled after the Plaintiff had filed and Served his Notice of Removal on the State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., the Clerk of the US District Court, and the Clerk of the Superior Court of the State of NJ with a Courtesy copy on State-Actor-Judge-Defendant HON. VINCENT LEBLON on the date of 08/14/2015, and was held for an underlying improper objective comprising of issuing unconstitutional State court Orders to enable defendants Colgate Palmolive Company, Hill's Pet Nutrition Inc., and their patent agents to improperly influence or else to harass the United States Patent Office during the prosecution of US National patent of the Hill's and

Colgate's PCT Patent Application Plaintiff containing Plaintiff's NFSF novel patentable claims.

**151.**  The 08/20/2015 hearing that State-Actor-Judge-Defendant HON. VINCENT LEBLON held at the Superior Court of New Jersey was scheduled after the Plaintiff had filed and Served his Notice of Removal on the State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., the Clerk of the US District Court, and the Clerk of the Superior Court of the State of NJ with a Courtesy copy on  State-Actor-Judge-Defendant HON. VINCENT LEBLON on the date of 08/14/2015,  and was held for an underlying improper objective comprising of issuing unconstitutional State court Orders to create a *Res Judicata* in the eventuality that Plaintiff decided to apply for patents on his NFSF products in challenge of or in competition to Hill's Pet Nutrition Inc. and Colgate Palmolive Company

**152.**  Notwithstanding the representations quoted above and which were made by the State-Actor-Defendants to the federal Courts, the hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON at the Superior Court of the State of New Jersey on 08/20/2015 during which State-Actor-Judge-Defendant HON. VINCENT LEBLON issued Opinion and State Court Orders of Summary Judgment referred to by Lawyer-Defendants was unconstitutional because it violated the Due Process of law mandated in 28 U.S.C. §1446(d).

**153.**  Notwithstanding the representations quoted above and which were made by the State-Actor-Defendants to the federal Courts, and because the hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON at the Superior Court of the State of New Jersey on 08/20/2015 violated the Due Process of law mandated in 28 U.S.C. §1446(d), it was therefore Coram non-judice.

**154.**  During the unconstitutional and Coram non-judice hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON under the color of the State of New Jersey, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., they presented a paper, claim, defense, contention, or a denial, opined, stipulated, and/or decided to continue to withhold, conceal, and seal more than 24,000 Hill's and Colgate's documents from the Plaintiff and from the Public record, with State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  and MARK A. KRIEGEL, ESQ. advocating, stipulating, or urging that the said  Hill's and Colgate's documents were indisputable Proof that Defendants HILL'S PET NUTRITION INC' and COLGATE PALMOLIVE COMPANY were the true source, originator, and inventor of the novel PCT Patent Applications claims identified by the

PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application titled "*Pet Food Compositions Having Antimicrobial Activity*"

**155.** The more than 24,000 Hill's and Colgate's documents withheld, concealed, and sealed from the Plaintiff and from the public record by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., during the coram non-judice hearing they held at the Superior court of the State of New Jersey on 08/20/2015 were never served onto Plaintiff or onto Plaintiff's Scientific Expert although Plaintiff had asked that those documents be served upon him or alternatively upon his Scientific Expert.

**156.** Notwithstanding the representations quoted above and which were made by the Defendants to the federal Courts, State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., knew or should have known by reason of their law school education followed by years of experience practicing law, that  the withholding, Concealing, and finally sealing of more than 24,000 Hill's and Colgate's documents used as evidence against a Plaintiff in his MID-L-5527-13 State Court Action, without serving the said documents on plaintiff or allowing inspection of the same either by Plaintiff of Plaintiff's Scientific Expert was  an egregious and flagrant violation of Plaintiff's basic Due Process of law and equal protection under the law of rights provided and secured by the Fourteenth Amendment of the Constitution of the United States.

**157.** During the unconstitutional and Coram non-judice hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON under the color of the State of New Jersey, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., they agreed, stipulated, concurred, and decided that the Written Opinion of the PCT Search Authority that was produced to the court in Opposition to Hill's and NaturaSource Summary Judgment must be rejected and not taken judicial Notice of as Requested by the Plaintiff.

**158.** During the 08/20/2015 unconstitutional and Coram non-judice hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON under the color of the State of New Jersey, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., they agreed, stipulated, concurred, and decided that the Plaintiff's Scientific Expert Report must be rejected and not be filed as Requested by the Plaintiff.

159.   Notwithstanding the representations quoted above and which were made by the Defendants to the federal Courts, the reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., agreed to continue to withhold, conceal, and seal more than 24,000 Hill's and Colgate's documents from the Plaintiff and from the Public record during their unconstitutional and coram non-judice hearing held on 0820/2015 at the Superior court of NJ was because they knew that those documents were non-technical, non-innovative, non-novelty and/or therefore could not prove the novel PCT patent claims HILL'S PET NUTRITION INC and COLGATE PALMOLIVE COMPANY had disclosed at the PCT and USPTO.

160.   During the unconstitutional and Coram non-judice hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON under the color of the State of New Jersey, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  and MARK A. KRIEGEL, ESQ. on 08/20/2015 at the Superior Court of the State  of New Jersey, they presented a paper, claim, defense, contention, or a denial, opined, stipulated, and/or decided that Defendants Hill's Pet Nutrition Inc. and Colgate Palmolive Company did not improperly use Plaintiff's NFSF Confidential information and that they did not take information from the Plaintiff's NFSF Confidential information that was disclosed to them by Plaintiff's representative and/or by Plaintiff.

161.   During the unconstitutional and hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON under the color of the State of New Jersey, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  and MARK A. KRIEGEL, ESQ. on 08/20/2015 at the Superior Court of the State  of New Jersey, they presented a paper, claim, defense, contention, or denial, and further stipulated, opined, and decided that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC had independently generated or obtained their own research data in support of the novel PCT patent claims Plaintiff had alleged to be the Claims of his NFSF products.

162.   However, after four full rounds of patent prosecution at the United States Patent Office ("USPTO"), the USPTO repeatedly found that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC could neither prove the novel patentable claims identified by the Patent Cooperation Treaty and World Intellectual Property ("PCT/WIPO") in the year 2012 in Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*", nor any amendments nor derivatives thereof.

45

**163.** In the end,  and without having proven without proving any single novel patentable claim identified earlier by the PCT/WIPO as "Novelty", State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC decided by themselves to abandon all of the four PCT Patent Applications Plaintiff claimed to contain his confidential information.

**164.** The repeated Rejection by the USPTO of State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC Applications established the truthfulness of the Plaintiff's allegations, made in the Plaintiff's D.N.J. Cases # 15-cv-06290-AET-LGH, 15-cv-07481-AET-TJB, 15-cv-07902-CCC-JBC, and the Corresponding US Court Of Appeals For The Third Circuit Cases No.  16-2304, 16-1006, and 21-1198 Respectively, saying that the Documents  sealed  on 08/20/2015 by State Court State-Actor-Judge-Defendant HON. VINCENT LEBLON as being undisputed evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" were forgery.

**165.** The abandonment of National Stage USPTO Patent Applications by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC established the truthfulness of the Plaintiff's allegations, made in the Plaintiff's D.N.J. Cases # 15-cv-06290-AET-LGH, 15-cv-07481-AET-TJB, 15-cv-07902-CCC-JBC and The Corresponding US Court Of Appeals For The Third Circuit Cases No.  16-2304, 16-1006, and 21-1198 Respectively, saying that the Documents sealed on 08/20/2015 by as being undisputed evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" were forgery.

**166.** The repeated rejection by the USPTO and the repeated abandonment by Hill's and Colgate of their US  Patents Applications in which they had claimed Plaintiff's Novel Patentable NFSF confidential information shows that the only reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. agreed to withhold and to conceal some more than 24,000 Hill's and Colgate's documents from the Plaintiff and to subsequently seal the said documents from the Public record was because they knew those documents were forgery.

46

167.   The abandonment of the USPTO Applications by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC established the truthfulness of the Plaintiff's allegations made in the Plaintiff's D.N.J. Cases # 15-cv-06290-AET-LGH, 15-cv-07481-AET-TJB, 15-cv-07902-CCC-JBC, and the Corresponding US Court Of Appeals tor The Third Circuit Cases No. 16-2304, 16-1006, and 21-1198 Respectively saying that the more than 24,000 Hill's and Colgate's Documents withheld and concealed from the Plaintiff  and subsequently sealed on 08/20/2015 by HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ. as  being evidence of Hill's and Colgate's Proof of Invention were non-technical and non-novelty documents, and could not therefore support the Novel Patent claims Hill's Pet Nutrition Inc. and Colgate Palmolive Company took from Plaintiff's NFSF Product Claims to improperly claim as theirs at the PCT and USPTO.

168.   The repeated rejection by the USPTO and the repeated abandonment by Hill's and Colgate of their patents applications in which they claimed Plaintiff's Novel Patentable confidential information shows that the only reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. agreed/stipulated to continue to withhold, conceal, and seal more than 24,000 documents claimed by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC from the Plaintiff and from the Public record was because they knew those documents were non-technical, non-novelty documents, and therefore documents that could not support the novel patent claims Hill's Pet Nutrition Inc and Colgate Palmolive Company had disclosed at the PCT and USPTO.

169.   The continuing withholding, concealment, and sealing by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. of documents claimed by Defendants Hill's Pet Nutrition Inc and Colgate Palmolive Inc. to be evidence of novel PCT patent claims actively in proceeding before the USPTO was in itself a violation of the 35 U.S.C. §112  which requires disclosure to the public of information supporting a novel claim in prosecution at the USPTO.

170.   During the proceedings of Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB, State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI and State-Actor-Acting-Attorney-General-defendant  JOHN  J.  HOFFMAN  being

attorneys for State-Actor-Judge-Defendant HON. VINCENT LEBLON presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB Action, which they had Signed,  Filed, Submitted, Argued, and advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit stating that they had diligently investigated the facts, circumstances, and legal claims that formed the basis of Plaintiff's Amended Complaint alleged against their peer State-Actor-Judge-Defendant HON. VINCENT LEBLON with regard to the wrongful and unconstitutional acts committed by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015 during an unconstitutional proceeding he held at the State Court in the Plaintiff's MID-L-5527-13 Action.

**171.**   During the proceedings of Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB, State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI and State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN endorsed, supported, and did not report to the District Court or to any government authority that their Client-Defendant HON. LEBLON had committed wrongful acts, although State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI and State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN learned and knew from their own investigations that the only reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. agreed/stipulated to continue to withhold, conceal, and seal more than 24,000 documents claimed by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC from the Plaintiff and from the Public record was because the said Hill's Pet Nutrition Inc 's and Colgate Palmolive Company's evidentiary documents were forgery.

**172.**   During the proceedings of Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB and the Appeal thereof at the US Court of Appeals for the Third Circuit (USCA Case No. 16-1106), State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI's, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN's, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY's,  and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI's diligently investigated the facts, circumstances, and legal claims that formed the basis of Plaintiff's Amended Complaint alleged against their peer State-Actor-Judge-Defendant HON. VINCENT LEBLON with regard to the wrongful and unconstitutional acts committed by State-Actor-Judge-Defendant HON. VINCENT

48

LEBLON on 08/20/2015 during an unconstitutional proceeding he held at the State Court in the Plaintiff's MID-L-5527-13 Action.

**173.** By reason of their Law School Education followed by years of competent and successful practice of law as demonstrate by their ascendency to higher echelons of law profession as Acting Attorney General, Deputy Attorney General and Assistant Attorney General, State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI understood and knew from their investigations and reviews of State-Actor-Judge-Defendant HON. VINCENT LEBLON's 08/20/2015 hearing at the Superior Court of New Jersey that the said hearing was held flagrant violation of the Mandates of 28 U.S.C. §1446(d).

**174.** State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI knew and understood that State-Actor-Judge-Defendant HON. VINCENT LEBLON had used the said 08/20/2015 unconstitutional hearing to issue Court Orders to continue to withhold, conceal, and seal some more than 24,000 Hill's and Colgate's documents from the Plaintiff, while asserting that the said Hill's and Colgate's documents were indisputable Proof of Invention for the Novel Patent Claims identified by PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*".

**175.** In spite of all the factual knowledge that State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI discovered during their investigations and reviews State-Actor-Judge-Defendant HON. VINCENT LEBLON 08/20/2015 hearing at the Superior Court of New Jersey, they nevertheless dishonestly presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB Action and subsequently at the US Court of Appeals corresponding Appellate Proceeding Case No. 16-1006 which they had Signed, Filed, Submitted, Argued, and Advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit to dishonestly certify that State-Actor-Judge-Defendant HON. VINCENT LEBLON was just doing his job as Judge when in fact they knew from the records

49

and from their years of experience at the highest level of law professions that the hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015 was Coram non-Judice  and unconstitutional.

**176.**   State-Actor-Deputy-Attorney-General-Defendant        AKEEL       AHMAD QURESHI's,       State-Actor-Acting-Attorney-General-defendant       JOHN      J. HOFFMAN's,      State-Actor-Acting-Attorney-General      Defendant      ROBERT LOUGY's,     and  State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI's dishonesty toward the US District Court for the District of New Jersey and toward the US Court of Appeals for the Third Circuit with regard to the true legal  nature  of  State-Actor-Judge-Defendant  HON.  VINCENT  LEBLON 08/20/2015 hearing at the Superior Court of New Jersey in the Plaintiff's MID-L-5527-13 Action Caused US Citizen Plaintiff to be subjected to the deprivation, by the  US District Court for the District of New Jersey and US Court of Appeals for the Third Circuit, "*of any rights, privileges, or immunities secured by*" the Seventh Amendment of the Constitution of the United States providing a right to Jury trial for Plaintiff in Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB lawsuit and which Plaintiff had specifically asked for in his complaint.

**177.**   State-Actor-Deputy-Attorney-General-Defendant        AKEEL       AHMAD QURESHI's,       State-Actor-Acting-Attorney-General-defendant       JOHN      J. HOFFMAN's,      State-Actor-Acting-Attorney-General      Defendant      ROBERT LOUGY's,  and  State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI's dishonesty toward the US District Court for the District of New Jersey and toward the US Court of Appeals for the Third Circuit with regard to the true legal  nature  of  State-Actor-Judge-Defendant  HON.  VINCENT  LEBLON 08/20/2015 hearing at the Superior Court of New Jersey in the Plaintiff's MID-L-5527-13 Action Caused US Citizen Plaintiff to be subjected to the deprivation, by the  US District Court for the District of New Jersey and US Court of Appeals for the Third Circuit, "*of any rights, privileges, or immunities secured by*" the Fifth Amendment of the Constitution of the United States, because pursuant to the Due Process Clause of the Fifth Amendment of the Constitution of the United States, Plaintiff was entitled to be Granted the Opportunity by the Federal Courts to conduct a discovery of the more than 24,000 Hill's and Colgate's documents that were withheld, concealed, sealed, and used as evidence against Plaintiff by State-Actor-Judge-Defendant   HON.   VINCENT   LEBLON   during   the   08/20/2015 unconstitutional proceeding he held at NJ Superior Court.

**178.**   And now, in light of Colgate's and Hill's repeated failure at the USPTO,  it is indisputable that if Plaintiff had not been improperly and unconstitutionally Denied the opportunity to conduct a discovery of the more than 24,000 Hill's and Colgate's

documents that were withheld, concealed, sealed, and used as evidence against Plaintiff by State-Actor-Judge-Defendant HON. VINCENT LEBLON during the 08/20/2015 unconstitutional proceeding he held at NJ Superior Court, Plaintiff would have been able to prove much earlier that the more than 24,000 Hill's and Colgate's documents that were withheld, concealed, sealed, and used as evidence against Plaintiff by State-Actor-Judge-Defendant HON. VINCENT LEBLON were forgery, non-novelty, non-innovative, non-technical and therefore could not have supported Granting Summary Judgment to any Defendant in the Plaintiff's MID-L-5527-13 State Court Action.

**179.** As a result of State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI's, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN's, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY's, State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI's, State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s,  MARK A. KRIEGEL, ESQ.'s, State-Actor-defendant LASZLO P. POKORNY's, State-Actor-Defendant JASON's actions as pleaded above and herein, Plaintiff suffered damages and is seeking Relief from grievances caused  to him and his business by Defendants.

**180.**  During the proceedings of Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB, State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI and State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN endorsed, supported, and did not report to the District Court or to any government authority that their Client-Defendant HON. LEBLON had committed wrongful acts, although State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI and State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN learned and knew from their own investigations that the only reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. agreed/stipulated to continue to withhold, conceal, and seal more than 24,000 documents claimed by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC from the Plaintiff and from the Public record was because they knew those documents were not technical documents and/or documents that could not support the novel patent claims Hill's Pet Nutrition Inc and Colgate Palmolive Company had disclosed at the PCT and USPTO.

**181.** The refusal by State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI to disclose to the federal courts and to competent government authorities those wrongful acts of forgery of evidence, concealment of documents, unlawful sealing of documents from Plaintiff and from the public, dishonesty, and violation of Judicial Rule conduct   committed by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ.  was in itself an act of dishonesty on the part of State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI and State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN.

**182.** The refusal by State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI to disclose to the federal courts  and to competent government authorities of wrongful acts of forgery of evidence, concealment of evidentiary documents, unlawful sealing of evidence from Plaintiff and from the public, dishonesty, and violation of Judicial Rule conduct   committed by State-Actor-Judge-Defendant HON.  VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,   MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ.  was in itself an act of fraud on the federal courts on the part of  State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI and State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN.

**183.** During the proceedings of Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB, lawyer-Defendants FRANK ORBACH 015741981 of the law-firm defendant LAW OFFICES GERARD M. GREEN being attorneys for lawyer Defendants ALLISON A. KRILLA, ESQ. and ERIK ANDERSON, ESQ of the Law-Firm Defendant REARDON ANDERSON LLC  presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB which they Signed,  Filed, Submitted, Argued, and advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit saying that Plaintiff's allegations of forgery and collusion against their clients were mere "*CONSPIRACY THEORIES*" (See 15-

cv-07481 [ECF # 33, p. 5]) although they had  investigated the facts, reviewed the records and knew that the only reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. agreed/stipulated to continue to withhold, conceal, and seal more than 24,000 documents claimed by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC from the Plaintiff and from the Public eyes was because they knew those documents were forgery.

**184.**   During the proceedings of Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB, lawyer-Defendants FRANK ORBACH 015741981 of the law-firm defendant LAW OFFICES GERARD M. GREEN being attorneys for lawyer Defendants ALLISON A. KRILLA, ESQ. and ERIK ANDERSON, ESQ of the Law-Firm Defendant REARDON ANDERSON LLC  presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB which they Signed,  Filed, Submitted, Argued, and advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit saying that Plaintiff's allegations of forgery and collusion against their clients were mere "*CONSPIRACY THEORIES*" (See 15-cv-07481 [ECF # 33, p. 5] although they had  investigated the facts, reviewed the records and knew that the only reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. agreed/stipulated to continue to withhold, conceal, and seal more than 24,000 documents claimed by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC from the Plaintiff and from the Public eyes was because they knew those documents were non-technical, non-innovative, non-novelty and therefore could not support the novel patent claims Hill's Pet Nutrition Inc and Colgate Palmolive Company had disclosed at the PCT and USPTO.

**185.**   During the proceedings of Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB, Lawyer-Defendant RICHARD G. ROSENBLATT, ESQ. of the law-firm defendant MORGAN, LEWIS & BOCKIUS LLP being Attorneys for Defendants, TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ. presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB which he had Signed,  Filed, Submitted, Argued, and advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit saying that "*Kamdem*

53

*repeats exactly the same naked allegations of conspiracy, unlawful hearings and meetings, concealment of documents, bribery, misconduct and injustice. Each of these allegations is insufficient to establish a viable claim for the reasons Defendants set forth above*" (See 15-cv-07481 [ECF # 16-2, p. 28)] although he had investigated the facts, reviewed the records and knew that the only reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. agreed/stipulated to continue to withhold, conceal, and seal more than 24,000 documents claimed by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC from the Plaintiff and from the Public eyes was because they knew those documents were forgery.

**186.** During the proceedings of Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB, Lawyer-Defendant RICHARD G. ROSENBLATT, ESQ. of the law-firm defendant MORGAN, LEWIS & BOCKIUS LLP being Attorneys for State-Actor-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ. presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB which he had Signed, Filed, Submitted, Argued, and advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit saying that "*Kamdem repeats exactly the same naked allegations of conspiracy, unlawful hearings and meetings, concealment of documents, bribery, misconduct and injustice. Each of these allegations is insufficient to establish a viable claim for the reasons Defendants set forth above*" (See 15-cv-07481 [ECF # 16-2, p. 28)] although he had investigated the facts, reviewed the records and knew that the only reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. agreed/stipulated to continue to withhold, conceal, and seal more than 24,000 documents claimed by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC from the Plaintiff and from the Public eyes was because they knew those documents were not technical documents and/or documents that could not support the novel patent claims Hill's Pet Nutrition Inc and Colgate Palmolive Company had disclosed at the PCT and USPTO.

**187.** State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK

ANDERSON, ESQ., and FRANK ORBACH 015741981,   RICHARD G. ROSENBLATT, ESQ., State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI were dishonest toward the federal courts in the Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB and related Appellate Proceedings with regard to the true nature of the more than 24,000 Hill's and Colgate evidentiary evidence that Judge-Defendant HON. LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. had agreed to seal and conceal from the Plaintiff and from the public eyes during the proceedings of Plaintiff's MID-L-5527-13 State Court Action.

**188.**   In addition to being dishonest toward the federal courts with regard to the true nature of the more than 24,000 Hill's Pet Nutrition Inc's and Colgate Palmolive Company's evidence that State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. and KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ. had agreed to seal and conceal from the Plaintiff and from the public record during the proceedings of Plaintiff's MID-L-5527-13 State Court Action, Judge-Defendant HON. LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ., and FRANK ORBACH 015741981,   RICHARD G. ROSENBLATT, ESQ., State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI were also dishonest in falsely stating and representing to the federal courts that Plaintiff had filed a Cross-Motion for Summary Judgment at the State Court in the Plaintiff's MID-L-5527-13 State Court Action.

**189.**   Whereas Plaintiff  filed Notices of Cross-Motions at the State Court during the Proceedings of Plaintiff's MID-L-5527-13 State Court Action, Plaintiff Never filed a Notice of Cross-Motion For Summary Judgment in his State Court MID-L-5527-13 Action.

**190.**   The reason why State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ.,

and ERIK ANDERSON, ESQ., and FRANK ORBACH 015741981,  RICHARD G. ROSENBLATT, ESQ., State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI dishonestly represented to the federal courts that Plaintiff had filed a Notice of Cross-Motion for Summary Judgment in his State Court MID-L-5527-13 Action was because they wanted to dishonestly deceive the federal court to believe that Plaintiff had committed a damning irreversible procedural blunder.

**191.**  As a result of State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ's.,  MARK A. KRIEGEL, ESQ.'s, ALLISON A. KRILLA, ESQ.'s, ERIK ANDERSON, ESQ.'s, FRANK ORBACH 015741981's,  RICHARD G. ROSENBLATT, ESQ.'s,    State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI's, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN's, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY's,   and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI's dishonesty toward the federal courts with regard to the forgery nature of the more than 24,000 forged documents concealed and sealed at the State Court by Judge-Defendant HON. LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. and KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. as evidence of Hill's Pet Nutrition and Colgate Palmolive proof of novel patent claims when they clearly were not, the federal courts were deceived and the federal courts defiled themselves with egregious injustice against Plaintiff, severely damaging Plaintiff and his business, and severely and/or irreparably damaging public confidence in the judiciary.

**192.**  As a result of State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s.,  MARK A. KRIEGEL, ESQ.'s, ALLISON A. KRILLA, ESQ.'s, ERIK ANDERSON, ESQ.'s, FRANK ORBACH 015741981's,  RICHARD G. ROSENBLATT, ESQ.'s,    State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI's, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN's, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY's,   and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI's dishonesty toward the federal courts with regard to falsely representing to the federal court that Plaintiff had filed a Notice of Cross-Motion for Summary Judgement in his State Court MID-L-5527-13 Action when Plaintiff had never done

so, the federal courts were deceived and the federal courts defiled themselves with egregious injustice against Plaintiff, severely damaging Plaintiff and his business, and severely and/or irreparably damaging public confidence in the judiciary.

**193.**  As a result of State-Actor-Defendants' actions, the Superior Court of New Jersey, of the US District Court for the District of New Jersey, and of the US Court of Appeals for the Third Circuit committed flagrant injustice, numerous violations of Plaintiff's constitutional rights, resulting in severe damages to their integrity and the Public confidence.

**194.**  As a result of Defendants' actions Plaintiff suffered damages and is seeking Relief from grievances caused  to him and his business by Defendants.

## COUNT III: Aiding And Abetting Fraud On The Superior Court Of New Jersey And On The Federal Courts

**195.**  Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT III.

**196.**  Plaintiff repeats and realleges the allegations of Complaint COUNT I above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT III.

**197.**  Plaintiff repeats and realleges the allegations of Complaint COUNT II above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT III.

**198.**  Defendants SARAH B. MARTINEZ, LUIS J. MONTELONGO,  BRENT K. POPE, DENNIS JEWELL,   and LYNDA MELENDEZ Aided and Abetted State-Actor-Judge-Defendant  HON.  VINCENT  LEBLON's,  State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior Court of New Jersey by contributing some or all of the more than 24,000 documents forged, non-technical, or non-novelty documents that were wrongfully, unlawfully in violation of 35 U.S.C. §112 and 28 U.S.C. §1446(d), and dishonestly sealed and concealed from Plaintiff and the public by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ  during their 08/20/2015 hearing at the State Court in their wrongful efforts to represent that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and

Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*".

199.   Defendants SARAH B. MARTINEZ, LUIS J. MONTELONGO,  BRENT K. POPE, DENNIS JEWELL,  and LYNDA MELENDEZ are PhDs and/or Advanced Degrees scientists with several years of industry and prior  and patent applications experience.

200.   By reason of their PhDs and/or Advanced Degrees scientists with several years of industry and prior  and patent applications experience, Defendants SARAH B. MARTINEZ, LUIS J. MONTELONGO,  BRENT K. POPE, DENNIS JEWELL, and LYNDA MELENDEZ knew and had experience preparing documents and data to meet the Specifications and public disclosure Requirements of 35 U.S.C. §112.

201.   Defendant DEBRA NICHOLS in capacity as a Vice President of COLGATE PALMOLIVE COMPAGNY'S SCIENCE AND TECHNOLOGY, and Defendant DAVE BALOGA as a Director of  COLGATE PALMOLIVE COMPANY'S SCIENCE AND TECHNOLOGY had supervisory roles over Defendants SARAH B. MARTINEZ, LUIS J. MONTELONGO,  BRENT K. POPE, DENNIS JEWELL, and LYNDA MELENDEZ.

202.   Defendants DEBRA NICHOLS and Defendant DAVE BALOGA supported, recommended, or otherwise required that as part of their activities Defendants SARAH B. MARTINEZ, LUIS J. MONTELONGO,  BRENT K. POPE, DENNIS JEWELL,   and LYNDA MELENDEZ must prepare and provide forged, non-technical,  and non-novelty documents to be wrongfully and unlawfully sealed and concealed from the Plaintiff and from the public by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ during their 08/20/2015 hearing at the State Court in their wrongful efforts to represent that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" were forgery.

203. Defendants COLGATE PALMOLIVE COMPANY, HILL'S   PET NUTRITION INC,   and COLGATE PALMOLIVE'S SCIENCE AND TECHNOLOGY CENTER fully supported, recommended, or otherwise required that their employee-Defendants DEBRA NICHOLS, DAVE BALOGA, SARAH B.

MARTINEZ, LUIS J. MONTELONGO,  BRENT K. POPE, DENNIS JEWELL, and LYNDA MELENDEZ must prepare and provide forged, non-technical,  and non-novelty documents to be wrongfully and unlawfully sealed and concealed from the Plaintiff and from the public by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ  during their 08/20/2015 hearing at the State Court in their wrongful efforts to represent that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*".

**204.** As a matter of fact, Defendants COLGATE PALMOLIVE COMPANY, HILL'S PET NUTRITION INC, and COLGATE PALMOLIVE'S SCIENCE AND TECHNOLOGY CENTER sent their in House counsel, namely State-Actor-Defendant Ms. KIM, to participate and show full support in person for the preplanned, premeditated, wrongful, and unlawful actions of  State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ during their 08/20/2015 hearing at the State Court in their wrongful efforts to represent that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*".

**205.** Furthermore, when Plaintiff initially called Defendants COLGATE PALMOLIVE COMPANY's, HILL'S PET NUTRITION INC.'s facilities at the beginning of the year 2013 to report to that he had found his NFSF products claims in Hill's Pet Nutrition Inc. PCT Patent Applications,  Defendant DONALD TRAUT, an in house counsel for Colgate Palmolive Company,  returned Plaintiff's call at some point and to inform Plaintiff that he had spoken to Colgate and Hill's Scientists about the issue and that they were fully supportive of their scientists and inventors.

**206.** When Plaintiff pressed Defendant DONALD TRAUT on the issue why the PCT/WIPO made a determination that Hill's Pet Nutrition Inc failed to prove the novel claims identified by the PCT/WIPO Search Authority in the PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*", Defendant DONALD TRAUT did as a rational answer for the Plaintiff except saying "*Lactic Acid is Not New!*"

**207.**   Plaintiff then told Defendant DONALD TRAUT that he was going to take the matter to the court and Defendant DONALD TRAUT said that Plaintiff could do that and they will successfully defend themselves although he knew that the PCT/WIPO Search Authority had already  determined that Hill's Pet Nutrition Inc failed to prove the novel claims identified by the PCT/WIPO Search Authority in the PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*", Defendant DONALD TRAUT did as a rational answer for the Plaintiff except saying "*Lactic Acid is Not New!*"

**208.**   Defendant DONALD TRAUT knew and prepared the grounds since the beginning of the year 2013 and even before Plaintiff filed a lawsuit at NJ Superior Court that his employer-Defendants COLGATE PALMOLIVE COMPANY, HILL'S PET NUTRITION INC, and COLGATE PALMOLIVE'S SCIENCE AND TECHNOLOGY CENTER  were going to resort to using fraud to defend themselves in court should Plaintiff decide to sue them for the misuse of Plaintiff's NFSF Confidential Information.

**209.**   Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ both of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) Aided and Abetted Aided State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior Court of New Jersey by entering agreements with them to withhold and conceal from Plaintiff  some more than 24,000 documents of which  they knew  that although  those documents  were  non-technical and non-novelty, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ intended to present and use those non-technical documents  in  court  as  evidence  that  State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*"

**210.**   As a matter of fact, when Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. both of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) served on Plaintiff a copy of State-Actor-Judge-Defendant HON. VINCENT LEBLON's 06/12/2015 allowing them to withdraw as counsel for the Plaintiff in the Plaintiff's MIL-L-5527-13 State Court Action, Plaintiff requested that Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. ought to grant access to the Plaintiff's Scientific Expert to those more than 24,000 documents  in the eventuality that those Documents could not be

produced to Plaintiff at any point of time, but Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ rejected Plaintiff's Request although they knew the said documents were non-technical and non-novelty, and that State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ intended to present and use those non-technical documents in court as evidence that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*"

**211.**   Furthermore, although Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. knew that the more than 24,000 documents they withheld and concealed from Plaintiff were non-Technical and non-novelty, and that State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ intended to present and use those non-technical documents in court as evidence that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*", they presented a paper, claim, defense, contention, or denial to the NJ Superior Court in the Plaintiff's MID-L-5527-13 Action  which he had Signed,  Filed, Submitted, Argued, and advocated to certify that as counsel for the Plaintiff, they found Plaintiff's allegations to be baseless, and/or lacking "*smoking gun*".

**212.**   Plaintiff challenged Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. about the representations they made at the State Court saying that Plaintiff's allegations were baseless, and/or lacking "*smoking gun*" by pointing out that the PCT/WIPO had already determined in the year 2012 that Hill's Pet Nutrition Inc. had failed to provide Proof for  the Inventive Step of the Novel Claims identified by PCT/WIPO Search Authority in the Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" , but Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. did not provide a rational answer.

**213.**   State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and its sole Owner and Manager State-Actor-Defendant LASZLO PETER POKORNY Aided and Abetted State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior

Court of New Jersey by entering into a joint defense agreement with State-Actor-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ, COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC., pursuant to which State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and its sole Owner and Manager State-Actor-Defendant LASZLO PETER POKORNY subsequently wrote, signed, and filed affidavits and certifications to falsely certify that that Plaintiff was the true source or inventor of the Novel Claims identified by PCT/WIPO Search Authority in the Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" and that inventor had no confidential information of trade secrets.

**214.** State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and its sole Owner and Manager State-Actor-Defendant LASZLO PETER POKORNY further Aided and Abetted State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior Court of New Jersey by entering into a joint defense agreement with State-Actor-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ, COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC., pursuant to which State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO PETER POKORNY along with their State-Actor-Lawyer-Defendant MARK A. KRIEGEL, ESQ.'s subsequently appeared in person and attended the unconstitutional hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015 to fully support, endorse, and advocated that they had reviewed and found that the more than 24,000 documents concealed, withheld, and sealed from Plaintiff and the Public were evidence that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*".

**215.** State-Actor-Defendant JASON (Judge Leblon's Law Clerk) Aided and Abetted State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior Court of New Jersey by creating a Proposed Order in the name of Plaintiff to wrongfully represent to the Superior Court of New Jersey that Plaintiff had filed a Notice of Cross-Motion

for Summary Judgment in his MID-L-5527-13 Action when in fact Plaintiff had never filed such a Notice of Cross-Motion for Summary Judgment.

**216.** State-Actor-Defendant JASON (Judge Leblon's Law Clerk) further Aided and Abetted State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior Court of New Jersey by presenting the Proposed Order he had created in the name of Plaintiff to State-Actor-Judge-Defendant HON. VINCENT LEBLON for signature in the name of the Superior Court of the State of New Jersey so that they could wrongfully represent that Plaintiff had filed a Notice of Cross-Motion for Summary Judgment in his MID-L-5527-13 Action and that the Superior Court of the State of New Jersey had DENIED Plaintiff's Cross-Motion for Summary Judgment.

**217.** State-Actor-Defendant CLERK OF NEW JERSEY SUPERIOR COURT Aided and Abetted State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior Court of New Jersey by colluding with them to schedule an unconstitutional hearing on the public Docket of the Superior Court of the State of New Jersey in violation of 28 U.S.C. §1446(d), although Plaintiff had field and served a Copy of the Plaintiff's 08/14/2015 Notice of Removal on the State-Actor-Defendant CLERK OF NEW JERSEY SUPERIOR COURT.

**218.** State-Actor-Defendant CLERK OF NEW JERSEY SUPERIOR COURT Aided and Abetted State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior Court of New Jersey by colluding with them to enter an unconstitutional marking on the public Docket of the Superior Court of the State of New Jersey in violation of 28 U.S.C. §1446(d), to publicly represent that Plaintiff's 08/14/2015 Notice of Removal was "*NON-CONFORMING*".

**219.** State-Actor-Defendant CLERK OF NEW JERSEY SUPERIOR COURT further Aided and Abetted State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior Court of New Jersey by colluding with them to enter factually false annotations on the public Docket of the Superior Court of the State of New Jersey stating that Plaintiff had filed a Notice of Cross-Motion for Summary Judgment in

the Plaintiff's MID-L-5527-13 Action although Plaintiff had never filed a Notice of Cross-Motion for Summary Judgment in his MID-L-5527-13 State Court Action.

**220.**   State-Actor-Defendant IAN was the person to whom was entrusted the custody of forged Hill's and Colgate's documents unlawfully sealed by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015 during unconstitutional hearing at NJ superior court in state Case # MID-L-5527-13.

**221.**   State-Actor Defendant IAN Aided and Abetted State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ's fraud on the Superior Court of New Jersey  by taking custody of the More than 24,000 forged documents that were withheld, concealed, and sealed from the Plaintiff from the Public by  State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ. during their 08/20/2015 unconstitutional hearing at the State Court in their wrongful efforts to represent that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" were forgery.

**222.**   State-Actor-Defendants DEBRA L. STOREY, AD/T #494 and KLJ TRANSCRIPTION SERVICE LLC  Aided and Abetted State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior Court of New Jersey by transcribing and preparing transcript of the 08/20/2015 unconstitutional hearing/proceeding held at the Superior Court of New Jersey in Plaintiff's MID-L-5527-13 Action.

**223.**   The help, support, Aid and Abet provided by Defendants named above for State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, and MARK A. KRIEGEL, ESQ.'s fraud on the Superior Court of New Jersey were material and important for the issuance by State-Actor-Judge-Defendant HON. VINCENT LEBLON of Summary Judgment Opinion, Judgement, and Orders which Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ. relied upon to obtain the Dismissal of the Plaintiff's D.N.J. Cases #  15-cv-06290-AET-LGH, 15-cv-07481-AET-TJB, 15-cv-07902-

CCC-JBC, and the Corresponding US Court Of Appeals For The Third Circuit Cases No. 16-2304, 16-1006, and 21-1198 Respectively.

**224.** As a result of State-Actor-Defendants' actions, the Superior Court of New Jersey, of the US District Court for the District of New Jersey, and of the US Court of Appeals for the Third Circuit committed flagrant injustice, numerous violations of Plaintiff's constitutional rights, resulting in severe damages to their integrity and the Public confidence.

**225.** As a result of Defendants' actions Plaintiff suffered damages and is seeking Relief from grievances caused to him and his business by Defendants.

**COUNT IV:** **Breach Of Fiduciary Duty And Of The Duty Of Care By Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE), Lawyer-Defendants ALLISON A. KRILLA, ESQ., And ERIK ANDERSON, ESQ. During Their Tenure As Plaintiff's Lawyers In NJ Superior Court Case No. MID-L-5527-13**

**226.** Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT IV.

**227.** Plaintiff repeats and realleges the allegations of Complaint COUNT I above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT IV.

**228.** Plaintiff repeats and realleges the allegations of Complaint COUNT II above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT IV.

**229.** Plaintiff repeats and realleges the allegations of Complaint COUNT III above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT IV.

**230.** Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ both of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) were Plaintiff's lawyers at the Superior Court of New Jersey in the Plaintiff's State Court Case # MID-L-5527-13 Action.

**231.** Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ both of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) breached the fiduciary duty and the duty of care they owed to Plaintiff during their

tenure as Plaintiff's lawyers by wrongfully entering into agreements with State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ. to conceal and withhold some more than 24,000 Hill's and Colgate documents from the Plaintiff, and which State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ. subsequently used as evidence against Plaintiff during their motions for Summary Judgment without service onto Plaintiff and without Plaintiff knowing what the said  Hill's and Colgate documents were.

232.   Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ knew that the more than 24,000 Hill's and Colgate  documents withheld and concealed from the Plaintiff were non-technical, non-novelty, non-novelty and could not be proof of any of the novel patent claim identified by the PCT/WIPO in the Hill's Pet Nutrition PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" by PCT/WIPO.

233.   Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ knew or had reason to know that State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ wanted to present and use the Hill's and Colgate non-technical, non-innovative, and non-novelty documents withheld and concealed from the Plaintiff as evidence against the Plaintiff's Claim, including for seeking the Dismissal of Plaintiff's Claims by wrongfully asserting in court that the  more than 24,000 non-technical and non-novelty were evidence that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*"

234.   Lawyer-Defendants ALLISON A. KRILLA, ESQ. and ERIK ANDERSON, ESQ fully supported Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, and TODD B. BUCK, PH.D, ESQ.'s,  MARK A. KRIEGEL, ESQ.'s desire to use and/or the actual use by them of Hill's and Colgate's non-technical, non-innovative, and non-novelty documents withheld and concealed from the Plaintiff as evidence against the Plaintiff's Claim, including for seeking the Dismissal of Plaintiff's Claims by wrongfully asserting in court that the more than 24,000 non-technical and non-novelty documents concealed and withheld from Plaintiff were indisputable evidence that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable Proof of Invention as to the Novel Patent Claims identified by PCT/WIPO in Hill's Pet

Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*"

**235.**   As a matter of fact, when Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. served on Plaintiff a copy of State-Actor-Judge-Defendant HON. VINCENT LEBLON's 06/12/2015 allowing them to withdraw as counsel for the Plaintiff in the Plaintiff's MIL-L-5527-13 State Court Action, Plaintiff requested that Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. grant access to the Plaintiff's Scientific Expert to those the more than 24,000 documents  in the eventuality that those Documents could not be produced to Plaintiff at any point of time, but Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ rejected Plaintiff's Request.

**236.**   Furthermore, although Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. knew that the more than 24,000 Hill's and Colgate's documents they withheld and concealed from Plaintiff were non-Technical and non-novelty, and that State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ. wanted to present and use those non-technical documents in court as evidence that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed Proof of Invention as to the Novel Patent Claims identified by PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*", they presented a paper, claim, defense, contention, or denial to the NJ Superior Court in the Plaintiff's MID-L-5527-13 Action  which they had Signed,  Filed, Submitted, Argued, and advocated to certify that as counsel for the Plaintiff, they found Plaintiff's allegations to be baseless, and/or lacking "*smoking gun*".

**237.**   Plaintiff challenged Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. about the representations they made at the State Court saying that Plaintiff's allegations were baseless, and/or lacking "*smoking gun*" by pointing out that the PCT/WIPO had already determined in the year 2012 that Hill's Pet Nutrition Inc. had failed to provide Proof for  the Inventive Step of the Novel Claims identified by PCT/WIPO Search Authority in the Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" , but Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. did not provide a rational answer.

**238.**   As a result of Lawyer-Defendants ALLISON A. KRILLA, ESQ.s, ERIK ANDERSON, ESQ.'s wrongful agreements with State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  and MARK A.

KRIEGEL, ESQ.  to withhold and conceal Hill's and Colgate's Colgate documents from the Plaintiff,  State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  and MARK A. KRIEGEL, ESQ  subsequently filed motions for Summary Judgment in which they were citing evidentiary documents Plaintiff had no knowledge of and therefore could not verify the truthfulness of the Defendants statements and argument points in support of their motions for Summary Judgment.

**239.**  As a result of Lawyer-Defendants ALLISON A. KRILLA, ESQ.s, ERIK ANDERSON, ESQ.'s wrongful agreements with State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., and TODD B. BUCK, PH.D, ESQ.,  and MARK A. KRIEGEL, ESQ.  to conceal and withhold Hill's and Colgate's Colgate documents from the Plaintiff, State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ.  were able to scheme and hold an unconstitutional hearing at the Superior Court of New Jersey on 08/20/2015 for the improper motive of sealing some more than 24,000 non-technical and non-novelty, and during which they wrongfully issued Orders in the name of the Superior Court of New Jersey  to make it appear as if State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable Proof of Invention for the Novel Patent Claims identified by PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" .

**240.**  Until the USPTO issued a Notice of Abandonment on 06/04/2022, and thus marking the end of the last of the four full rounds of National Stage PCT Patent Prosecution allowed to State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC on PCT Patent Application titled "*Pet Food Composition Having Antimicrobial Activity*", and from which one could reasonably understand that Hill's and Colgate could not prove the inventorship of any of the Novel PCT Claims identified by the PCT/WIPO in the Hill's Pet Nutrition Inc.'s titled "*Pet Compositions Having Antimicrobial Activity*", and also could not prove the inventorship of any possible amendment or derivative of the said novel patent claims, Plaintiff had no other way of asserting with certainty what was the relevance of the more than 24,000 Hill's and Colgate's documents concealed from Plaintiff and wrongfully sealed on 08/20/2015 by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,   MARK A. KRIEGEL, ESQ. were, and therefore could not institute a Fraud On The Court Action against them.

**241.** But in light of the repeated Rejection by the USPTO of State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC US National Stage Patent Applications, Plaintiff can now allege and argue with certainty that the Plaintiff's allegations made in the Plaintiff's D.N.J. Cases # 15-cv-06290-AET-LGH, 15-cv-07481-AET-TJB, 15-cv-07902-CCC-JBC, and the Corresponding US Court Of Appeals For The Third Circuit Cases No. 16-2304, 16-1006, and 21-1198 Respectively truthfully stated that the Documents sealed on 08/20/2015 by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ. as being indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" were forgery.

**242.** Also in light of the repeated deliberate and willful abandonment of US National Stage Patent Applications *at* the USPTO by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC, Plaintiff can now allege and argue with certainty that Plaintiff's allegations made in the Plaintiff's D.N.J. Cases # 15-cv-06290-AET-LGH, 15-cv-07481-AET-TJB, 15-cv-07902-CCC-JBC and the Corresponding US Court Of Appeals For The Third Circuit Cases No. 16-2304, 16-1006, and 21-1198 Respectively, had correctly stated that the Documents sealed on 08/20/2015 by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ. as being indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" were forgery.

**243.** The facts alleged show that Lawyer-Defendants ALLISON A. KRILLA, ESQ., and ERIK ANDERSON, ESQ both of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) breached the fiduciary duty and the duty of care they owed to Plaintiff during their tenure as Plaintiff's lawyer in NJ Superior Court Case # MID-L-5527-13.

**244.** Lawyer-Defendants ALLISON A. KRILLA, ESQ.'s, and ERIK ANDERSON, ESQ.'s both of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) breaches of the fiduciary duty and of the duty of care owed to Plaintiff was egregious and even cruel because they entered into agreements with Plaintiff's adversaries to conceal and withhold documents from Plaintiff, and two weeks before the Plaintiff's adversaries were to file their motions for Summary

Judgment, they unilaterally withdrew from the Plaintiff's case, leaving to the Plaintiff *Pro Se* to have to answer Defendants' motions for Summary Judgment and Defendants' Statements of Undisputed Material Facts which cited documents Plaintiff had no knowledge of and which were never served on Plaintiff.

**245.** As a result of Lawyer-Defendants ALLISON A. KRILLA, ESQ.'s, ERIK ANDERSON, ESQ.'s of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) breach of fiduciary duty and of the duty of care owed to Plaintiff, Plaintiff and his business had had to wait for seven years to find out whether the USPTO will validate any of the more than 24,000 Hill's and Colgate documents withheld, concealed, and sealed from Plaintiff as being an indisputable Proof of Invention for the Novel Patent Claims identified by PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*".

**246.** As a result of Lawyer-Defendants ALLISON A. KRILLA, ESQ.'s, ERIK ANDERSON, ESQ.'s of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) breach of fiduciary duty and of the duty of care owed to Plaintiff, Plaintiff suffered damages and is seeking Relief.

## COUNT V: Legal Malpractices, Attorney Negligence

**247.** Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT V.

**248.** Plaintiff repeats and realleges the allegations of Complaint COUNT IV above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT V.

**249.** In addition to the egregious breach of fiduciary duty and the duty of care pleaded above, Plaintiff learned from the Briefs filed by Defendants Hill's and NaturaSource International LLC filed in support of their motions for Summary Judgment that Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. had unreasonably and unjustifiably repeatedly delayed discovery proceedings.

**250.** Plaintiff also learned from the Briefs filed by State-Actor-Defendants HILL'S PET NUTRITION INC and NATURASOURCE INTERNATIONAL LLC filed in support of their motions for Summary Judgment that Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. did not sufficiently plead the Causes of Action they had selected for the Plaintiff's lawsuit.

**251.**   However, because Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. unilaterally withdraw from the case two weeks before State-Actor-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ. filed motions to Dismiss, the criticisms for the professional incompetency of Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ. were directed at Pro Se Plaintiff.

**252.**   Ironically, when Plaintiff asked for more time to address some of the deficiencies, including obtaining more discovery from the Defendants, State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,   MARK A. KRIEGEL, ESQ.  opposed and Denied Plaintiff's request because they knew that they had already put in place the key elements they needed to finally consummate and finalize their unconscionable scheme of fraud on the court comprising of withholding, concealing and then sealing some more than 24,000 Hill's and Colgate documents at the Superior Court of New Jersey as being an indisputable Proof of Invention for the Novel Patent Claims identified by PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" although they knew that those documents were non-technical, non-innovative, and non-novelty, therefore could not be proof of a novel US National Stage Patent Claim.

**253.**   Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ both of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) saw, handled, and knew very well that the more 24,000 Hill's and Colgate documents withheld and concealed from Plaintiff to be unconstitutionally sealed from the public record by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ  during their unconstitutional 08/20/2015 hearing were non-technical, non-innovative, non-novelty, or otherwise forgery and therefore could not support the Plaintiff's novel NFSF products claims.

**254.**   Yet, in spite of their intimate knowledge of the nature of the more 24,000 Hill's and Colgate documents withheld and concealed from Plaintiff and unconstitutionally sealed from the public record, Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ attacked Plaintiff's allegation of forgery made in his 15-cv-07481-AET-TJB Action as "*conspiracy theory*" resulting in the Dismissal with prejudice of Plaintiff's federal Actions.

**255.**   As a result of Lawyer-Defendants ALLISON A. KRILLA, ESQ.'s, ERIK ANDERSON, ESQ.'s of the Law-Firm Defendant REARDON ANDERSON LLC

(LAW OFFICE) Legal Malpractices and/or Negligence during their tenure as Plaintiff's lawyers in the Plaintiff's MID-L-5527-13 State Court Action, Plaintiff and his business had had to wait for seven years to find out whether the USPTO will validate any of the more than 24,000 Hill's and Colgate documents as being an indisputable Proof of Invention for the Novel Patent Claims identified by PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*".

**256.** As a result of Lawyer-Defendants ALLISON A. KRILLA, ESQ.'s, ERIK ANDERSON, ESQ.'s of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) breach of Legal Malpractices and/or Negligence, Plaintiff suffered damages and is seeking Relief from grievances caused to him and his business by Defendants.

## COUNT VI: Violations Of 42 US.C. §1983

**257.** Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VI.

**258.** Plaintiff repeats and realleges the allegations of Complaint COUNT I above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VI.

**259.** Plaintiff repeats and realleges the allegations of Complaint COUNT II above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VI.

**260.** Plaintiff repeats and realleges the allegations of Complaint COUNT III above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VI.

**261.** Plaintiff repeats and realleges the allegations of Complaint COUNT IV above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VI.

**262.** Plaintiff repeats and realleges the allegations of Complaint COUNT V above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VI.

**263.** On the date of 08/14/2015, Plaintiff filed a Notice of Removal of his State Court Case MID-L-5527-13 Action from the Superior Court of New Jersey to the

US District Court for the District of New Jersey by submitting an Original of the Plaintiff's Notice of Removal to the Clerk of the US District Court for docketing, and by serving a true copy of the same on the State-Actor-Defendant CLERK OF THE SUPERIOR COURT OF THE STATE OF NEW JERSEY.

**264.** On the same date of 08/14/2015, Plaintiff served true copies of his Notice of Removal on State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., and MARK A. KRIEGEL, ESQ.

**265.** The hearing subsequently scheduled and calendared by State-Actor-Defendant CLERK OF THE SUPERIOR COURT OF NEW JERSEY after Plaintiff had field and served his Notice of Removal as Required by law, and which was subsequently held by State-Actor-Judge-Defendant HON. VINCENT LEBLON, with the participation, contribution, approval, support, endorsement, stipulation, and the help of State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  MARK A. KRIEGEL, ESQ., State-Actor-defendant LASZLO P. POKORNY, State-Actor-Defendant Ms. KIM in capacity as in House Counsel For Colgate and Hill's, State-Actor-Defendant JASON (Judge Leblon's Law Clerk),  and State-Actor-defendant IAN ( the Custodian Of Hill's and Colgate Documents Unlawfully Sealed by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015), Transcriber-State-Actor-Defendants DEBRA L. STOREY, AD/T #494 and KLJ TRANSCRIPTION SERVICE LLC subjected US Citizen Plaintiff or caused US Citizen Plaintiff to be subjected to the deprivation of the "*of any rights, privileges, or immunities secured by*" mandated by 28 U.S.C. §1446(d) as the Due Process of law to be followed when a Party has filed a Notice of Removal.

**266.** During the unconstitutional hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON under the color of the State of New Jersey, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., State-Actor-defendant LASZLO P. POKORNY, State-Actor-Defendant Ms. KIM, State-Actor-Defendant JASON,  State-Actor-defendant IAN, Transcriber-State-Actor-Defendants DEBRA L. STOREY, AD/T #494 and KLJ TRANSCRIPTION SERVICE LLC agreed and concurred to continue to withhold and conceal from Plaintiff and to seal from the public records some more than 24,000 Hill's and Colgate's documents which they asserted to be indisputable Proof of Invention for the Novel Patent Claims identified by PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" and State-Actor-Judge-Defendant HON. VINCENT LEBLON issued and Signed an Order stating so, therefore depriving Plaintiff from

the Fourteenth Amendment Due Process right to and opportunity to confront and cross-examine defendants.

**267.**   State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., State-Actor-defendant LASZLO P. POKORNY, State-Actor-Defendant Ms. KIM, State-Actor-Defendant JASON, Transcriber-State-Actor-Defendants DEBRA L. STOREY, AD/T #494 and KLJ TRANSCRIPTION SERVICE LLC then built upon State-Actor-Judge-Defendant HON. VINCENT LEBLON's Order concealing and sealing some more than 24,000 Hill's and Colgate Documents from Plaintiff and from the public record to form an Opinion and to issue an Order stating or otherwise representing that the more 24,000 Hill's and Colgate's documents were indisputable Proof of Invention for the Novel Patent Claims identified by PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*" and therefore proving that Plaintiff's lawsuit was baseless and must be dismissed with prejudice.

**268.**   Accordingly State-Actor-Judge-Defendant HON. VINCENT LEBLON issued and Signed an additional Orders  Dismissing Plaintiff's MID-L-5527-13 lawsuit in its entirety with prejudice and thus subjected US Citizen Plaintiff or caused US Citizen Plaintiff to be subjected to the deprivation of the "*of any rights, privileges, or immunities secured by*" the Seventh Amendment of the Constitution of the United States providing a right to Jury trial for Plaintiff for his lawsuit and which Plaintiff had specifically asked for in his complaint.

**269.**   However, after several years of US National Stage Patent Prosecution at the USPTO by State-Actor-Defendants COLGATE PALMOLIVE COMPANY and HILL'S NUTRITION INC. comprising of four full rounds of successive and separate Patent proceedings over a period of almost 10 years, and the USPTO having allowed Defendants to make multiple Amendments of Claims during each round, State-Actor-Defendants COLGATE PALMOLIVE COMPANY and HILL'S NUTRITION INC. still could not prove the inventorship of any of the PCT Patent Claims identified in the year 2012 by PCT/WIPO in the Hill's Pet Nutrition Inc.'s PCT Patent Application title "*Pet Food Composition Having Antimicrobial Activity*",  nor could they prove the inventorship of amendments or derivatives of the said novel claims.

**270.**   And even though the USPTO still gave them more time to come up with Proof of inventorship, State-Actor-Defendants COLGATE PALMOLIVE COMPANY and HILL'S NUTRITION INC. chose to willfully abandon all their PCT Patent

Applications therefore causing the USPTO to issue a public NOTICE OF ABANDONMENT on 06/04/2022.

**271.**  During the proceedings of Plaintiff's D.N.J. Cases # 15-cv-06290-AET-LGH, 15-cv-07481-AET-TJB, 15-cv-07902-CCC-JBC, And the Corresponding US Court Of Appeals For The Third Circuit Cases No.  16-2304, 16-1006, and 21-1198 Respectively, State-Actor-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  RUDOLPH J. BURSHNIC II, ESQ., MARK A. KRIEGEL, ESQ. continued in their "*State Actor*" activities they commenced on 08/20/2015 by dishonestly and wrongfully advocating and urging the federal courts to rely on and to credit the unconstitutional and VOID State Court Orders they stipulated to, and agreed on, with State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015 to be issued against Plaintiff for the Dismissal with prejudice of all of Plaintiff's MID-L-5527-13 Causes of Action, as "*Res Judicata*" ground for the Dismissal with prejudice of the Plaintiff's federal Actions also.

**272.**   The continuation in the federal courts by State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,  RUDOLPH J. BURSHNIC II, ESQ., MARK A. KRIEGEL, ESQ. of their "*State Actor*" activities against Plaintiff and his lawsuits caused the US District court for the District of NJ and the US Court of Appeals for the Third Circuit to subject US Citizen Plaintiff to Deprivation of Due Process of law provided and secured by the Fifth Amendment because their through the continuation of their "*State Actor*" activities caused the Dismissal with prejudice by the federal courts of Plaintiff's lawsuit without granting opportunity to the Plaintiff to conduct a discovery of the more than 24,000 Hill's and Colgate's documents that were withheld, concealed, sealed, and used as evidence against Plaintiff by State-Actor-Judge-Defendant HON. VINCENT LEBLON during the 08/20/2015 unconstitutional proceeding he held at NJ Superior Court.

**273.**  Surely, if Plaintiff had not been improperly and unconstitutionally Denied the opportunity to conduct a discovery of the more than 24,000 Hill's and Colgate's documents that were withheld, concealed, sealed from the public record, and used as evidence against Plaintiff by State-Actor-Judge-Defendant HON. VINCENT LEBLON during the 08/20/2015 unconstitutional proceeding he held at NJ Superior Court, Plaintiff would have been able to prove much earlier that the more than 24,000 Hill's and Colgate's documents that were withheld, concealed, sealed, and used as evidence against Plaintiff by State-Actor-Judge-Defendant HON. VINCENT LEBLON were non-technical, non-novelty, and non-innovative documents and therefore could not have served as basis to Grant Summary Judgment to any of the Defendants in the Plaintiff's MID-L-5527-13 Action.

**274.**    Surely, if Plaintiff had not been improperly and unconstitutionally Denied the opportunity to conduct a discovery of the more than 24,000 Hill's and Colgate's documents that were withheld, concealed, sealed, and used as evidence against Plaintiff by State-Actor-Judge-Defendant HON. VINCENT LEBLON during the 08/20/2015 unconstitutional proceeding he held at NJ Superior Court, Plaintiff would have been able to prove much earlier that the more than 24,000 Hill's and Colgate's documents that were withheld, concealed, sealed, and used as evidence against Plaintiff by State-Actor-Judge-Defendant HON. VINCENT LEBLON were forgery.

**275.**    Concurrently, the continuation in the federal courts by State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., RUDOLPH J. BURSHNIC II, ESQ., MARK A. KRIEGEL, ESQ. of their "*State Actor*" activities against Plaintiff and his lawsuits caused the US District Court for the District of NJ and the US Court of Appeals for the Third Circuit to subject US Citizen Plaintiff to Deprivation of Due Process of law provided and secured by the Seventh Amendment of the Constitution of the United States because through the continuation of their "*State Actor*" activities, the federal courts Dismissed Plaintiff's lawsuits with prejudice without providing a Jury Trial during which Plaintiff would have been able to demonstrate to a jury that the more than 24,000 Hill's and Colgate's documents that were withheld, concealed, sealed, and used as evidence against Plaintiff by State-Actor-Judge-Defendant HON. VINCENT LEBLON during the 08/20/2015 unconstitutional proceeding he held at NJ Superior Court were forgery, non-technical, non-innovative, non-novelty and therefore could not support the Grant of Summary Judgment to any Defendants in the Plaintiff's MID-L-5527-13 Action.

**276.**    During the proceedings of Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB and the Appeal thereof at the US Court of Appeals for the Third Circuit (USCA Case No. 16-1106), State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI's, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN's, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY's, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI's investigated and reviewed State-Actor-Judge-Defendant HON. VINCENT LEBLON's 08/20/2015 hearing at the State Court.

**277.**    State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY, and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI understood and knew from their investigations and reviews of State-Actor-Judge-Defendant HON.

VINCENT LEBLON 08/20/2015 hearing at the Superior Court of New Jersey that the said hearing was held flagrant violation of the Mandates of 28 U.S.C. §1446(d).

**278.** State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY,  and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI knew and understood that State-Actor-Judge-Defendant HON. VINCENT LEBLON had used the said 08/20/2015 unconstitutional hearing to issue Court Orders to continue to withhold and conceal some more than 24,000 Hill's and Colgate evidence from the Plaintiff while asserting that the said Hill's and Colgate were indisputable Proof of Invention for the Novel Patent Claims identified by PCT/WIPO in Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*".

**279.** In spite of all the factual knowledge that State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY,  and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI  discovered during their investigations and reviews State-Actor-Judge-Defendant HON. VINCENT LEBLON 08/20/2015 hearing at the Superior Court of New Jersey, they nevertheless dishonestly presented a paper, claim, defense, contention, or denial to the US District Court for the District of New Jersey in the Plaintiff's 15-cv-07481-AET-TJB and subsequently at the US Court of Appeals corresponding Appellate Proceeding Case No. 16-1006 which they had Signed,  Filed, Submitted, Argued, and Advocated at the US District Court for the District of New Jersey and subsequently at the US Court of Appeals for the Third Circuit to dishonestly certify that State-Actor-Judge-Defendant HON. VINCENT LEBLON was just doing his job as Judge when in fact they knew from the records and from their years of experience at the highest level of law professions that the hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015 was Coram non-Judice  and unconstitutional.

**280.** State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI's, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN's, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY's,  and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI's dishonesty toward the US District Court for the District of New Jersey and toward the US Court of Appeals for the Third Circuit with regard to the true legal nature of State-Actor-Judge-Defendant HON. VINCENT LEBLON 08/20/2015 hearing at the Superior Court of New Jersey in the Plaintiff's MID-L-

5527-13 Action Caused US Citizen Plaintiff to be subjected to the deprivation, by the  US District Court for the District of New Jersey and US Court of Appeals for the Third Circuit, "*of any rights, privileges, or immunities secured by*" the Seventh Amendment of the Constitution of the United States providing a right to Jury trial for Plaintiff in Plaintiff's D.N.J. Cases # 15-cv-07481-AET-TJB lawsuit and which Plaintiff had specifically asked for in his complaint.

**281.**  State-Actor-Deputy-Attorney-General-Defendant   AKEEL   AHMAD QURESHI's,   State-Actor-Acting-Attorney-General-defendant   JOHN   J. HOFFMAN's,   State-Actor-Acting-Attorney-General   Defendant   ROBERT LOUGY's,   and State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI's dishonesty toward the US District Court for the District of New Jersey and toward the US Court of Appeals for the Third Circuit with regard to the true legal   nature   of   State-Actor-Judge-Defendant   HON.   VINCENT   LEBLON 08/20/2015 hearing at the Superior Court of New Jersey in the Plaintiff's MID-L-5527-13 Action Caused US Citizen Plaintiff to be subjected to the deprivation by the  US District Court for the District of New Jersey and the US Court of Appeals for the Third Circuit "*of any rights, privileges, or immunities secured by*" the Fifth Amendment of the Constitution of the United States.

**282.**  Pursuant to the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, Plaintiff was entitled to be Granted the Opportunity by the Federal Courts to conduct a discovery of the more than 24,000 Hill's and Colgate's documents that were withheld, concealed, sealed, and used as evidence against Plaintiff by State-Actor-Judge-Defendant HON. VINCENT LEBLON during the 08/20/2015 unconstitutional proceeding he held at NJ Superior Court.

**283.**  The hearing scheduled calendared by State-Actor-Defendant CLERK OF THE SUPERIOR COURT OF NEW JERSEY after Plaintiff had field and served his Notice of Removal as Required by law, and which was subsequently held by State-Actor-Judge-Defendant  HON.  VINCENT  LEBLON,  with  the  participation, contribution, approval, support, endorsement, stipulation, and the help of State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,   MARK   A.   KRIEGEL,   ESQ.,   State-Actor-Defendant   LASZLO   P. POKORNY, State-Actor-Defendant Ms. KIM in capacity as in House Counsel For Colgate and Hill's, State-Actor-Defendant JASON (Judge Leblon's Law Clerk, Individually), State-Actor-defendant IAN (the Custodian Of Hill's and Colgate Documents Unlawfully Sealed by State-Actor-Judge-Defendant HON. VINCENT LEBLON   on   08/20/2015),   Transcriber-State-Actor-Defendants   DEBRA   L. STOREY, AD/T #494 and KLJ TRANSCRIPTION SERVICE LLC was VOID.

**284.** All State Court Orders issued on 08/20/2015 during the hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON under the color of the State of New Jersey, with the participation, contribution, approval, support, endorsement, stipulation, and the help of State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ., State-Actor-defendant LASZLO P. POKORNY, State-Actor-Defendant Ms. KIM in capacity as in House Counsel For Colgate and Hill's, State-Actor-Defendant JASON (Judge Leblon's Law Clerk, Individually), State-Actor-defendant IAN (the Custodian Of Hill's and Colgate Documents Unlawfully Sealed by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015), Transcriber-State-Actor-Defendants DEBRA L. STOREY, AD/T #494 and KLJ TRANSCRIPTION SERVICE LLC were VOID.

**285.** As a result of State-Actor-Deputy-Attorney-General-Defendant AKEEL AHMAD QURESHI's, State-Actor-Acting-Attorney-General-defendant JOHN J. HOFFMAN's, State-Actor-Acting-Attorney-General Defendant ROBERT LOUGY's, State-Actor-Assistant-Attorney-General Defendant LISA A. PUGLISI's, State-Actor-Judge-Defendant HON. VINCENT LEBLON's, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ.'s, TODD B. BUCK, PH.D, ESQ.'s, MARK A. KRIEGEL, ESQ.'s, State-Actor-defendant LASZLO P. POKORNY's, State-Actor-Defendant Ms. KIM's, State-Actor-Defendant JASON's actions as pleaded above and herein, Plaintiff suffered damages and is seeking Relief from grievances caused to him and his business by Defendants.

## COUNT VII: The Due Process Of Law and Equal Protection Of Law Clauses Of The Fourteenth Amendment Of The Constitution Of The United States

**286.** Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VII.

**287.** Plaintiff repeats and realleges the allegations of Complaint COUNT I above as if the same set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VII.

**288.** Plaintiff repeats and realleges the allegations of Complaint COUNT II above as if the same set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VII.

**289.**   Plaintiff repeats and realleges the allegations of Complaint COUNT III above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VII.

**290.**   Plaintiff repeats and realleges the allegations of Complaint COUNT IV above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VII.

**291.**   Plaintiff repeats and realleges the allegations of Complaint COUNT V above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VII.

**292.**   Plaintiff repeats and realleges the allegations of Complaint COUNT VI above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VII.

**293.**   The hearing scheduled calendared by State-Actor-Defendant CLERK OF THE SUPERIOR COURT OF NEW JERSEY after Plaintiff had field and served his Notice of Removal as Required by law, and which was subsequently held by State-Actor-Judge-Defendant HON. VINCENT LEBLON, with the participation, contribution, approval, support, endorsement, stipulation, and the help of State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,   MARK A. KRIEGEL, ESQ., State-Actor-defendant LASZLO P. POKORNY, State-Actor-Defendant Ms. KIM in capacity as in House Counsel For Colgate and Hill's, State-Actor-Defendant JASON (Judge Leblon's Law Clerk),  and State-Actor-defendant IAN (the Custodian Of Hill's and Colgate Documents Unlawfully Sealed by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015), Transcriber-State-Actor-Defendants DEBRA L. STOREY, AD/T #494 and KLJ TRANSCRIPTION SERVICE LLC subjected US Citizen Plaintiff or caused US Citizen Plaintiff to be subjected to the deprivation of the "*of any rights, privileges, or immunities secured by*" mandated by 28 U.S.C. §1446(d) as the Due Process of law to be followed when a Party has filed a Notice of Removal.

**294.**   The hearing scheduled calendared by State-Actor-Defendant CLERK OF THE SUPERIOR COURT OF NEW JERSEY after Plaintiff had field and served his Notice of Removal as Required by law, and which was subsequently held by State-Actor-Judge-Defendant HON. VINCENT LEBLON, with the participation, contribution, approval, support, endorsement, stipulation, and the help of State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,   MARK A. KRIEGEL, ESQ., State-Actor-defendant LASZLO P. POKORNY, State-Actor-Defendant Ms. KIM in capacity as in House Counsel For

Colgate and Hill's, State-Actor-Defendant JASON (Judge Leblon's Law Clerk, Individually), State-Actor-defendant IAN (the Custodian Of Hill's and Colgate Documents Unlawfully Sealed by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015), Transcriber-State-Actor-Defendants DEBRA L. STOREY, AD/T #494 and KLJ TRANSCRIPTION SERVICE LLC violated Plaintiff's Fourteenth Amendment Rights to Due Process of law and to Equal Protection of Law because the hearing was held in contravention to the process of law mandated by 28 U.S.C. §1446(d) to be followed when a Party has filed a Notice of Removal.

295.   The hearing scheduled calendared by State-Actor-Defendant CLERK OF THE SUPERIOR COURT OF NEW JERSEY after Plaintiff had field and served his Notice of Removal as Required by law, and which was subsequently held by State-Actor-Judge-Defendant HON. VINCENT LEBLON, with the participation, contribution, approval, support, endorsement, stipulation, and the help of State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,   MARK A. KRIEGEL, ESQ., State-Actor-defendant LASZLO P. POKORNY, State-Actor-Defendant Ms. KIM in capacity as in House Counsel For Colgate and Hill's, State-Actor-Defendant JASON (Judge Leblon's Law Clerk, Individually), State-Actor-defendant IAN (the Custodian Of Hill's and Colgate Documents Unlawfully Sealed by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015), Transcriber-State-Actor-Defendants DEBRA L. STOREY, AD/T #494 and KLJ TRANSCRIPTION SERVICE LLC was VOID.

296.   All State Court Orders issued on 08/20/2015 during the hearing held by State-Actor-Judge-Defendant HON. VINCENT LEBLON under the color of the State of New Jersey, with the participation, contribution, approval, support, endorsement, stipulation, and the help of State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,   MARK A. KRIEGEL, ESQ., State-Actor-defendant LASZLO P. POKORNY, State-Actor-Defendant Ms. KIM in capacity as in House Counsel For Colgate and Hill's, State-Actor-Defendant JASON (Judge Leblon's Law Clerk, Individually), State-Actor-defendant IAN (the Custodian Of Hill's and Colgate Documents Unlawfully Sealed by State-Actor-Judge-Defendant HON. VINCENT LEBLON on 08/20/2015), Transcriber-State-Actor-Defendants DEBRA L. STOREY, AD/T #494 and KLJ TRANSCRIPTION SERVICE LLC were VOID.

297.   As a result of Defendants' actions Plaintiff suffered damages and is seeking Relief from grievances caused  to him and  to his business by Defendants.

81

## COUNT VIII: Defend Trade Secrets Act Of 2016

**298.**   Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VIII.

**299.**   Plaintiff repeats and realleges the allegations of Complaint COUNT I above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VIII.

**300.**   Plaintiff repeats and realleges the allegations of Complaint COUNT II above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VIII.

**301.**   Plaintiff repeats and realleges the allegations of Complaint COUNT III above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VIII.

**302.**   Plaintiff repeats and realleges the allegations of Complaint COUNT IV above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VIII.

**303.**   Plaintiff repeats and realleges the allegations of Complaint COUNT V above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VIII.

**304.**   Plaintiff repeats and realleges the allegations of Complaint COUNT VI above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT VIII.

**305.**   Plaintiff invested his own resources and time into the research and development of his NFSF products.

**306.**   Plaintiff partnered with NATURASOURCE INTERNATIONAL LLC, a sole proprietor LLC owned and managed by Defendant LASZLO P. POKORNY.

**307.**   Plaintiff confidentially provided Defendant LASZLO P. POKORNY with training and education in the art of Pet Foods and necessary documents for a successful introduction, marketing, and advertising of Plaintiff's NFSF Products to prospective customers.

**308.**   Plaintiff successfully scaled the manufacturing of his NFSF products in the State of Iowa and successfully produced around eighty-five pounds (85,000.00 Lbs.)

82

of NFSF products in two commercial manufacturing scale production runs in the State of Iowa .

**309.** The majority of the NFSF products made in the two production runs were confidentially sold with profit to buyer in the State of New Jersey.

**310.** The remaining material were confidentially distributed as samples to interested customers for laboratory and pilot plant tests in their commercial formulas in different States and internationally including in Tennessee, California, Missouri, and even abroad.

**311.** Plaintiff also confidentially disclosed his NFSF Products information to the FDA as required by laws and rules of the United States to obtain an Export Certificate for the sale and distribution and of his NFSF products abroad.

**312.** However, in the year 2011 State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC misappropriated and published Plaintiff's NFSF products claims into a PCT Patent Publication titled "*Pet Food Composition Having Antimicrobial Activity*" by using some other compounds of that were shown in their own testing to performed poorly and could not match the novel claims of the Plaintiff's NFSF products.

**313.** The filing of novel Patent Claims creates a chilling effect and deters others from making the same claims because of fear of lawsuit.

**314.** Accordingly, whereas major pet food manufacturers had done substantial amount of evaluation of the Plaintiff's NFSF at the laboratory and pilot plant level and had reported positive feedback to Plaintiff, a chilling occurred after State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC publicly claimed Plaintiff's NFSF product claims as theirs in a PCT Patent Application.

**315.** As a matter of fact, a Scientific Expert with many years of industry experience leading Research and Development  opined in the Plaintiff's MID-L-5527-13 Action that he would not have recommend to a company to purchase Plaintiff's NFSF once State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC made the same Claims as those of Plaintiff's NFSF.

**316.** However, after many years of US National State Patent Prosecution, State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC repeatedly failed at the USPTO over the course of four full rounds of patent prosecution at the USPTO to provide Data from which it they

formulated the Novel PCT Patent Application that were identified by PCT/WIPO International Search Authority in the Hill's Patent Application titled "*Pet Food Compositions Having Antimicrobial Activity*"

**317.** State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC repeated failure at the USPTO over the course of four full rounds of patent prosecution at the USPTO to provide Data from which it they formulated the Novel PCT Patent Application that were identified by PCT/WIPO International Search Authority in the Hill's Patent Application titled "*Pet Food Compositions Having Antimicrobial Activity*" shows clearly that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC. improperly took the novel claims from someone else.

**318.** Given the fact that nobody else has come forth as the Plaintiff did since the year 2013 to assert that the Novel PCT Patent Application that were identified by PCT/WIPO International Search Authority in the Hill's Patent Application titled "*Pet Food Compositions Having Antimicrobial Activity*" were his or hers, a reasonable person can reach an understanding that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC misappropriated Plaintiff's NFSF Confidential Products claims in the federal domain and wrongfully published and the same in the federal domain in their wrongful attempts to secure a patent on the Plaintiff's NFSF Products Claims, although they had no data to prove the inventorship of either the Novel claims as initially published in the Hill's PCT Patent Application titled  "*Pet Food Compositions Having Antimicrobial Activity*"  or any derivative and amendments thereof.

**319.** The misappropriation of Plaintiff's NFSF Confidential information was aided and abetted by State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY.

**320.** For example, State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY signed a joint defense agreement with State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC  during the litigation of Plaintiff's MID-L-5527-13 Action.

**321.** Pursuant to the said Joint agreement, State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY divulged additional details on Plaintiff's NFSF processes, formulations, testing methodologies, pricing, usage far beyond what was initially confidentially disclosed.

84

**322.** For example State-Actor-Defendant Pokorny communicated Hill's and Colgate's attorneys that Plaintiff did not use organic acids, Oregano, or certain kinds of phenols in his NFSF formulations and processes.

**323.** Colgate's and Hill's attorneys then relied on that information to attack Plaintiff during the MID-L-5527-13 Action, and to make Amendments on their Patent Applications at the USPTO in hope of deceiving the USPTO patent Examiners to grant them a Patent on the processes, methodologies, and usage similar to the those claimed by the Plaintiff for his NFSF products.

**324.** Colgate and Hill's attorneys knew that if the USPTO granted them a Patent on the processes, methodologies, and usage similar to those of Plaintiff's NFSF and regardless of the nature of such a compound used by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC for the embodiment of the novel claims in the Patent Applications, their Patent would become legally enforceable prior art against Plaintiff's NFSF.

**325.** However, the problem State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC faced at the USPTO was that their data could not support the novel the processes, methodologies, and usage as Confidentially disclosed to them earlier by Plaintiff concerning the performance of the Plaintiff's NFSF products.

**326.** An additional improper communication of Plaintiff's NFSF secrets by State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY to Colgate and Hill's lawyers was that Plaintiff had been designing his NFSF to have no negative impact on palatability, meaning that the consumption ratio of a pet food formula containing Plaintiff's NFSF would be either greater of at least equal to a similar pet food made without Plaintiff's NFSF during palatability testing, and that Plaintiff's NFSF was designed to induce at least two log cycle reduction in the microbial population.

**327.** However, when State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC amended their last US National PCT Patent Application to claim that their compounds used for the embodiments of the novel claims would not negatively impact palatability, and that their compounds would induce at least two log cycle reduction in the microbial population, the Patent Examiner found that their data did not support the amended claim.

**328.**   And although the patent Examiner gave them an additional six months to come up with correct data, State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC still failed to do so, and ultimately abandoned their application on 06/04/2022.

**329.**   State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC misappropriated and squandered Plaintiff's NFSF novel product claims in the PCT and USPTO public domain and failed to provide data to support the said novel complaints.

**330.**   State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC were further assisted or helped in their efforts to misappropriate and patent Plaintiff's NFSF novel product claims by several individuals as follows:

**331.**   Defendants SARAH B. MARTINEZ, LUIS J. MONTELONGO, BRENT K. POPE, DENNIS JEWELL, and   LYNDA MELENDEZ provided false and perjurious declarations of invention in support of the Colgate and Hill's Patent Applications at the USPTO.

**332.**   Defendants COLGATE PALMOLIVE'S SCIENCE AND TECHNOLOGY CENTER, DEBRA NICHOLS, DONALD TRAUT, THOMAS M. HUNTER THOMAS M. HUNTER, SHANNON McGARRAH,  and DAVE BALOGA plotted and managed the scheme of misappropriation of Plaintiff's NFSF novel product claims internally within Colgate and Hill's  each according to hierarchical and managerial position/functions within the Colgate and Hill's.

**333.**   Pursuant to the Joint Defense agreement that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC made with State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY, State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY communicated several details of the processes, formulations, testing methodologies, performance, designs, manufacturing, price, prospective customers of the Plaintiff's NFSF products to State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., RUDOLPH J. BURSHNIC II, ESQ.,  and MARK A. KRIEGEL, ESQ.

**334.**   State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., RUDOLPH J. BURSHNIC II, ESQ.,  and MARK A. KRIEGEL, ESQ. then reported and provided the Plaintiff's NFSF to State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET

NUTRITION INC and their Managers/Supervisors, some of whom are already named above.

**335.** State-Actor-Defendants COLGATE PALMOLIVE COMPANY, HILL'S PET NUTRITION INC and their Managers/Supervisors, some of whom are already named above, then transferred the Plaintiff's NFSF confidential information and products claims to Colgate's and Hill's Patent Agents namely, Defendants HOXIE, THOMAS 32993 (973) 912-5232, DELUCA, MARK 33229 (484) 620-2090, STRAHER, MICHAEL 38325 (973) 912-5232, WILKINS, CLIFFORD 39425 (212) 310-3749, BROGAN, WILLIAM 43515 (703) 917-0000, GARDNER, DAWN 44118 (312) 222-7505, BELLES, BRIAN 51322 (215) 735-9302, DIDAS, MICHAEL 55112 (509) 324-9256, HUANG, SHARON 57114 (732) 767-2883, FLANDRO, RYAN 58094 (732) 878-7151, KLEIN, TODD 59610 (215) 735-9302, HEBLE, NIKHIL 61347 (610) 630-8384, CHUNG, JUDY 61612 (732) 878-7086, JORDAN, MICHAEL 61698 (267) 952-2067, ST. MARTIN, ANNE 65779 (732) 878-7330, WANG, GEORGE 67684 (732) 589-5003, CHAUDRY, SAMIA 71436 (732) 878-6322, LEE, SANGIL 71795 (203) 228-2779, POKER, CORY 72129 (973) 912-5232, HERD, MATTHEW 73387 (610) 608-8930, ZHAO, YIQUN 75432 (215) 735-9302, BLUMERT, JACOB 75600 (610) 993-4216, LIU, HARVEY 75952 (703) 917-0000, DEREVJANIK, MARIO 77433 (646) 973-2500, LANE, KRISANNE 79396 (732) 878-7648, SANG, GEORGE 79678 (703) 362-6816, KATZ, SAMUEL 79994 (516) 567-3202.

**336.** Colgate's and Hill's Patent Agents named above then conducted a prior art search on Plaintiff's NFSF products claims obtained from State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY and based upon the results of their search, they use Plaintiff's NFSF product claims as such or they and designed around.

**337.** As already pleaded above, one example of an Claim Amendment that was put forth as an Amendment during the prosecution of the last of the four Colgate and Hill's US National Stage Patent Prosecution based upon information obtained from State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY was claiming that the Compounds used by Colgate and Hill's for the embodiment of the claims Plaintiff had disclosed to them about Plaintiff's NFSF would not negatively impact palatability and would cause a reduction on microbial population by at least two log cycles.

**338.** However, the USPTO Patent Examiner still found that their data could not support the Amended Claims and ultimately issued a Final Rejection Notice.

**339.** When Plaintiff found out in October 2022 that Defendants COLGATE PALMOLIVE COMPANY, HILL'S PET NUTRITION INC were on the brink of failing to prove inventorship in the last of the four US National Stage Patent Applications they were allowed to prosecute at the USPTO, Plaintiff communicated State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., , RUDOLPH J. BURSHNIC II, ESQ., and MARK A. KRIEGEL, ESQ. that Plaintiff was willing to provide his Data to State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC so that they could secure a US National Stage Patent on the Plaintiff's NFSF Product claims.

**340.** Plaintiff communicated them he had all the data the USPTO patent Examiner wanted to see before Granting a US Patent on the claim that the compound of the embodiment would not negatively impact palatability and would cause a reduction of microbial population by at least two log cycles.

**341.** In spite of Plaintiff's offer, Defendants COLGATE PALMOLIVE COMPANY, HILL'S PET NUTRITION INC did not Respond to the Plaintiff.

**342.** Instead, they had their Patents Agents calling the Patent Examiner to try to verbally manipulate the Examiner into issuing a US Patent, but it did not work.

**343.** Defendants COLGATE PALMOLIVE COMPANY's and HILL'S PET NUTRITION INC.'s refusal to accept and use Plaintiff's data to secure a US National Stage Patent on the Plaintiff's NFSF products they misappropriated and claimed I the PCT and USPTO domains showed that they willfully, intentionally, and malicious were trying to use the PCT and USPTO as grounds to steal and launder Plaintiff's NFSF novel Product claims.

**344.** As a result of Defendants' actions Plaintiff suffered damages and is seeking Relief from grievances caused  to him and his business by Defendants.

**345.** Damages suffered by Plaintiff include being hindered from continuing to commercialize and market his NFSF products for the years State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC were prosecuting Patents with Plaintiff's NFSF novel product claims.

**346.** A market Research agency named Transparency Market Research previously calculated estimates of lost profit starting from the year 2013  up to the year 2020, and a copy of the Estimates were produced by Plaintiff to Defendants COLGATE PALMOLIVE COMPANY,  HILL'S PET NUTRITION INC, Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ.,   and MARK A. KRIEGEL, ESQ.

**347.**   Plaintiff is seeking to recover Damages from Defendants for a period of 20 years, which is the standard duration of US National Stage PCT Patent.

**348.**   Plaintiff is also seeking a Preliminary and Final Injunction against Defendants COLGATE PALMOLIVE COMPANY,  HILL'S PET NUTRITION INC directing them to Cease and Desist from any further attempts at using the PCT and the USPTO as grounds for the laundering of misappropriated or stolen trade secrets and/or intellectual property.

**COUNT IX: Continuing Breach Of Confidentiality Agreement Between Colgate Palmolive Company And NaturaSource International LLC Made For The Evaluation Plaintiff's NFSF Products By Hill's Pet Nutrition Inc**

**349.**   Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT IX.

**350.**   Plaintiff repeats and realleges the allegations of Complaint COUNT VIII above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT IX.

**351.**   The Confidentiality Agreement entered into between COLGATE PALMOLIVE COMPANY and NATURASOURCE INTERNATIONAL LLC for the Evaluation Plaintiff's NFSF Products by Defendant HILL'S PET NUTRITION INC  from the year 2009 was made pursuant to active business contracts and distribution agreements between Plaintiff and NATURASOURCE INTERNATIONAL LLC.

**352.**   The Said confidentiality Agreement was valid for a duration of five years following the last day of exchange of information, which was 08/31/2010.

**353.**   State-Actor-Corporation-Defendants   COLGATE   PALMOLIVE COMPANY  and  HILL'S  PET  NUTRITION  INC  started  breaching  the Confidentiality by filing a US Patent Application with the USPTO on 08/01/2010.

**354.**   The USPTO gave them opportunity to four full rounds  of Patent prosecution to through which they could prove the inventorship of the novel claims.

**355.**   State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC exercised their options, repeatedly republished, and repeatedly reclaimed   Plaintiff's novel NFSF as theirs along with the Amendments thereof  until the date of 06/04/2022 when the USPTO issued a Public

89

Notice that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC failed to prove inventorship of the novel claims.

**356.**   As a result of Defendants' actions Plaintiff suffered damages and is seeking Relief from grievances caused  to him and  to his business by Defendants.

**COUNT X: Breach Of Confidentiality Agreement Made Between Defendant NATURASOUCE INTERNATIONAL LLC and Plaintiff For the Plaintiff's NFSF Products**

**357.**   Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT IX.

**358.**   Plaintiff repeats and realleges the allegations of Complaint COUNT VIII above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT X.

**359.**   Plaintiff repeats and realleges the allegations of Complaint COUNT IX above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT X.

**360.**   The Confidentiality Agreement made between Plaintiff and Defendant NATURASOUCE INTERNATIONAL LLC and attached as an EXHIBIT to the Business Agreement and Distribution Agreement between Plaintiff and Defendant NATURASOUCE INTERNATIONAL LLC was valid for a period of 100 years following the termination of any of the Agreements.

**361.**   Plaintiff's Distribution Agreement with Defendant NATURASOUCE INTERNATIONAL LLC was mutually terminated in or around April 2010.

**362.**   However, from the year 2014 State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY entered into Joint Defense agreement with  State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC.

**363.**   And pursuant to the said Joint Defense agreement, State-Actor-Defendants NATURASOURCE INTERNATIONAL LLC and LASZLO P. POKORNY divulged far more details and secrets of the Plaintiff's NFSF Products to State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET

90

NUTRITION INC which they then used to make Amendments to their US National Stage PCT Patent Application.

**364.**   One such improper dissemination of the details of Plaintiff's NFSF secrets to State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC occurred during the prosecution of the last of the four Patent Applications allowed to Hill's by the USPTO and which was filed in the year 2020.

**365.**   As already pleaded above, one such detail was that the compound of the embodiment of the Plaintiff's novel NFSF product claim would not negatively impact palatability and would cause a reduction in microbial population by at least two log cycles.

**366.**   But as shown by the records of the USPTO, State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC failed to prove the novel claim because they did not have data to support it.

**367.**   As a result of Defendants' actions Plaintiff suffered damages and is seeking Relief from grievances caused  to him and  to his business by Defendants.

## <u>COUNT XI</u>:  Tortuous Interference With Business

**368.**   Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XI.

**369.**   Plaintiff repeats and realleges the allegations of Complaint COUNT I above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XI.

**370.**   Plaintiff repeats and realleges the allegations of Complaint COUNT II above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XI.

**371.**   Plaintiff repeats and realleges the allegations of Complaint COUNT III above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XI.

**372.**   Plaintiff repeats and realleges the allegations of Complaint COUNT IV above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XI.

**373.**   Plaintiff repeats and realleges the allegations of Complaint COUNT V above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XI.

**374.**   Plaintiff repeats and realleges the allegations of Complaint COUNT VI above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XI.

**375.**   Plaintiff repeats and realleges the allegations of Complaint COUNT VII above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XI.

**376.**   Plaintiff repeats and realleges the allegations of Complaint COUNT VIII above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XI.

**377.**   Plaintiff repeats and realleges the allegations of Complaint COUNT IX above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XI.

**378.**   The marketplace still has need for palatable antimicrobial.

**379.**   Commercial Pet Food manufacturers and distributors have continued to recall products because of microbial contaminations during shelf life

**380.**   A basic Google Search will show that Pet food recalls are still happening because of microbial contaminations.

**381.**   The filing by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC of PCT Patent Applications PCT/US2011/046422, and PCT/US2011/067713 tortuously interfered with Plaintiff's business by creating a chilling effect on prospective buyers and users of Plaintiff's NFSF™ products, some of whom had shown genuine interest, and were actively evaluating Plaintiff's NFSF™ products in their commercial Pet Food items and had reported positive results and positive feedbacks.

**382.**   As a matter of fact, as Scientific Expert for Plaintiff testified as follows during the Plaintiff's MID-L-5527-13 Action:

**"Summary For Opinion 3" (See D.N.J. 15-cv-07902 [ECF # 17-5, pp. 80-95])**
*"I would have difficulty recommending my Research and Development (R&D) group to work with the Plaintiff's products once I knew of the*

*Hill's Pet Nutrition Inc.'s patent. I would require the Plaintiff to sign a "hold harmless" agreement and provide liability insurance at a minimum. Most likely, I would not want to work with the Plaintiff's material due to the limited Freedom to Operate around the Hill's Pet Nutrition Inc.'s patent."*

**"Summary For Opinion 4" See D.N.J. 15-cv-07902 [ECF # 17-5, pp. 80-95])**

*"As stated in Opinion #3, it would be difficult to recommend the Plaintiff's methods/processes and products based on Claim #13-15 in the Hill's Pet Nutrition Inc.'s patent. I would be concerned about patent infringement, and would not provide company resources due to potential legal risks."*

**383.** As a result of Defendants tortuous interferences with Plaintiff's business and Plaintiff's efforts of obtaining justice for his business so as to resume the manufacturing, and distribution of his NFSF products, Plaintiff suffer damages.

**384.** Plaintiff damages comprised of monetary damages he could have made had made had Colgate not publicly claimed the novel claims and thus excluding Plaintiff from the marketplace.

**385.** Additional Damages are a lost of Novel claims because which otherwise Plaintiff would have had control of technology and monopoly for 20 years at a minimum or for much longer through the Trade Secrets mechanism and protection with confidentiality agreements.

## <u>COUNT XII</u>: Conspiracy, Collusion

**386.** Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**387.** Plaintiff repeats and realleges the allegations of Complaint COUNT I above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**388.** Plaintiff repeats and realleges the allegations of Complaint COUNT II above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**389.**   Plaintiff repeats and realleges the allegations of Complaint COUNT III above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**390.**   Plaintiff repeats and realleges the allegations of Complaint COUNT IV above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**391.**   Plaintiff repeats and realleges the allegations of Complaint COUNT V above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**392.**   Plaintiff repeats and realleges the allegations of Complaint COUNT VI above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**393.**   Plaintiff repeats and realleges the allegations of Complaint COUNT VII above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**394.**   Plaintiff repeats and realleges the allegations of Complaint COUNT VIII above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**395.**   Plaintiff repeats and realleges the allegations of Complaint COUNT IX above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**396.**   Plaintiff repeats and realleges the allegations of Complaint COUNT X above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**397.**   Plaintiff repeats and realleges the allegations of Complaint COUNT XI above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XII.

**398.**   It is simply unfathomable than the Attorney Generals, Deputy Attorney General, and Assistant Attorney General of New Jersey named in this lawsuit would all concur to brief and advocate before the federal courts that it was business as usual and constitutional for a Judge of the Superior Court of New Jersey to schedule and hold a hearing after the said Judge had been served with a Notice of Removal to the Federal Courts.

**399.**   The only way the Attorney Generals, Deputy Attorney General, and Assistant Attorney General of New Jersey named in this lawsuit  would all concur to brief and advocate before the federal courts that it was State Court business as usual and constitutional for a Judge of the Superior Court of New Jersey to schedule and hold a hearing after the said Judge had been served with a Notice of Removal to the Federal Courts was by means of Fraud, knowingly and willfully lying to the federal courts.

**400.**   Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ both of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) saw, handled and knew very well that the more 24,000 Hill's and Colgate documents withheld, concealed from Plaintiff and unconstitutionally sealed from the public record by State-Actor-Judge-Defendant HON. VINCENT LEBLON, State-Actors-Lawyer-Defendants TERRY D. JONHSON, ESQ., TODD B. BUCK, PH.D, ESQ., MARK A. KRIEGEL, ESQ  during their unconstitutional 08/20/2015 hearing at the State Court, in their wrongful efforts to represent that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC possessed indisputable evidence of Defendants Hill's Pet Nutrition Inc's and Colgate Palmolive Company's proof of invention as to Hill's Pet Nutrition Inc's PCT Patent Application Titled "*Pet Food Composition Having Antimicrobial Activity*", were non-technical, non-innovative, non-novelty, or otherwise forgery and therefore could not support the Plaintiff's novel NFSF products claims.

**401.**   Yet, in spite of their intimate knowledge of the nature of the more 24,000 Hill's and Colgate documents withheld, concealed from Plaintiff, and unconstitutionally sealed from the public record, Lawyer-Defendants ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ both of the Law-Firm Defendant REARDON ANDERSON LLC (LAW OFFICE) attacked Plaintiff's allegation of forgery made in Plaintiff's 15-cv-07481-AET-TJB Action as "*conspiracy theory*".

**402.**   Defendants SARAH B. MARTINEZ, LUIS J. MONTELONGO, BRENT K. POPE , DENNIS JEWELL, and  LYNDA MELENDEZ knew that they had not done any Research and Development work from which they obtained data to support the Plaintiff's novel NFSF Product claims, yet they repeatedly signed on false and perjurious declarations of invention in support of the Colgate and Hill's Patent Applications at the USPTO.

**403.**   Defendant NATURASOUCE INTERNATIONAL LLC and  LASZLO P. POKORNY knew that Plaintiff had confidentially provided Defendant LASZLO P. POKORNY with training and education in the art of Pet Foods and all the necessary

documents for a successful introduction, marketing, and advertising of Plaintiff's NFSF Products to prospective customers.

**404.**   Yet, Defendant NATURASOUCE INTERNATIONAL LLC  and LASZLO P. POKORNY entered into a Joint Defense Agreement with State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC to testify against Plaintiff that Plaintiff had no Patentable Confidential Information and Trade Secrets.

**405.**   These few examples above shows clearly that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC had in some kind of way improperly influenced their co-defendants, to cause all of them to work toward the successful theft and misappropriation of Plaintiff's novel NFSF product claims.

**406.**   The exact nature of the improper influence exercised by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC on each of their co-defendants may vary but the Rules of conduct recognize that Sex including  Sexual Preference or Sexual Orientation, Money, Politics, Religion, Race, Nationality of Origin are some of the known factors perversely used to corrupt justice.

**407.**   The situation about COLGATE PALMOLIVE COMPANY's and HILL's PET NUTRITION INC improper influence on their co-defendants is a mixed back, otherwise COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC would have accepted to use Plaintiff's Data to secure a US National Stage PCT Patent when Plaintiff reached out to them in October 2022 and made the offer that they could use Plaintiff's data to meet the requirements set by the USPTO Patent Examiner to Grant a Patent on the Amended Claim.

**408.**   The rejection by Defendants COLGATE PALMOLIVE COMPANY's and HILL's PET NUTRITION INC of the Plaintiff's offer to use Plaintiff's Data to meet the requirements set by the USPTO Patent Examiner to Grant a Patent on the Amended Claim in October 2021 and thus to secure a US National Stage PCT Patent shows that the factor that Defendants COLGATE PALMOLIVE COMPANY's and HILL's PET NUTRITION INC is not just money, because after all they had a long list of expensive Patent Agents on the payroll to prosecute four rounds of US National Stage PCT Patent Applications.

**409.**   In case Defendants COLGATE PALMOLIVE COMPANY's and HILL's PET NUTRITION INC accepted to do business with Plaintiff it would have been a

win situation for Defendants COLGATE PALMOLIVE COMPANY's and HILL's PET NUTRITION INC rather than abandoning the Patent Applications after having paid expensive patent for four rounds of Patent Prosecution starting in the year 2010, squandering all of the Plaintiff's novel NFSF Product claims, and now Plaintiff have hire lawyers to defend them in this lawsuit.

410. These facts show that the improper factor Defendants COLGATE PALMOLIVE COMPANY's and HILL's PET NUTRITION INC are using to pervert justice in not just Money because Defendants COLGATE PALMOLIVE COMPANY's and HILL's PET NUTRITION INC could have paid Plaintiff rather than paying expensive lawyers to help them launder Plaintiff's intellectual Property through the PCT and the USPTO.

411. Similarly rather than trying to embody Plaintiff's novel NFSF Products claims in pet food items with compounds that could not match the much sought after and desirable performance of Plaintiff's NFSF Products claims, COLGATE PALMOLIVE COMPANY's and HILL's PET NUTRITION INC could simply contract with Plaintiff to manufacture and deliver to them as much of the Plaintiff's NFSF as they want, be it here in the US or abroad.

412. But again, Defendants COLGATE PALMOLIVE COMPANY's and HILL's PET NUTRITION INC preferred to spend their money on purchasing low performing antimicrobial compounds to embody Plaintiff's novel NFSF products Claims in their commercial pet foods since the year 2015 rather purchasing the real NFSF from Plaintiff for use in their commercial pet food items.

413. As a result of Defendants' actions Plaintiff suffered damages and is seeking Relief from grievances caused to him and to his business by Defendants.

## COUNT XIII: Unjust Enrichment

414. Plaintiff repeats and realleges all factual allegations above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

415. Plaintiff repeats and realleges the allegations of Complaint COUNT I above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

416. Plaintiff repeats and realleges the allegations of Complaint COUNT II above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

417.    Plaintiff repeats and realleges the allegations of Complaint COUNT III above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

418.    Plaintiff repeats and realleges the allegations of Complaint COUNT IV above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

419.    Plaintiff repeats and realleges the allegations of Complaint COUNT V above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

420.    Plaintiff repeats and realleges the allegations of Complaint COUNT VI above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

421.    Plaintiff repeats and realleges the allegations of Complaint COUNT VII above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

422.    Plaintiff repeats and realleges the allegations of Complaint COUNT VIII above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

423.    Plaintiff repeats and realleges the allegations of Complaint COUNT IX above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

424.    Plaintiff repeats and realleges the allegations of Complaint COUNT X above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

425.    Plaintiff repeats and realleges the allegations of Complaint COUNT XI above as if the same were set forth and incorporated here and onward at length in support of this Complaint Cause of Action COUNT XIII.

426.    Since About the year 2015, State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC Incorporated Plaintiff's NFSF™ "*Confidential Commercial, Business And/Or Technical Information*" in hundreds of Hill's brand commercial Pet Foods/Treats/Snacks items, within the United States and abroad, using a compound under named "*Lactic Acid*" and other compounds other than Plaintiff's NFSF™, which they had also used

98

earlier to embody Plaintiff's NFSF™ Confidential Information in the Hill's PCT Patent Applications titled "*Pet food Compositions Having Antimicrobial Activity*"; International Application Number PCT/US2011/046422, International Filing Date 3 August 2011; Priority Data: 3 August 2010; International Publication Number WO 2012/018913 A1.

**427.**   Since About the year 2015, State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC Incorporated Plaintiff's NFSF™ "*Confidential Commercial, Business And/Or Technical Information*"   in hundreds of Hill's brand commercial Pet Foods/Treats/Snacks items, within the United States and abroad, using a compound  under named "*Lactic Acid*" and other compounds other than Plaintiff's NFSF™, which they had also used earlier to embody Plaintiff's NFSF™ Confidential Information in the Hill's PCT Patent Applications titled "*Compositions and Methods For Modifying Gastro Intestinal Flora*", International Application Number PCT/US2011/067713, International Filing Date 29 December 2011, International Publication Number WO 2013/101019 A1.

**428.**   Examples of Cat (feline) food Products that Hill's Pet Nutrition launched in the State of New Jersey include the following:

| Product Name | Product Code | Bar Code | Label Species |
| --- | --- | --- | --- |
| Science Diet Adult® Sensitive stomach and skin 15.5 lb | 8878 | 0 5274288780 7 | Cat |
| Science Diet Adult® Mature Adult Active longevity® Original 17.5 lb | 8516 | 0 5274285160 0 | Cat |
| Science Diet Adult® Optimal Care® Original 17.5 lb | 8519 | | Cat |
| Science Diet Adult™ Mature Adult Hairball Control 15.5 lb | 8877 | 0 52744288770 8 | Cat |

| | | | |
|---|---|---|---|
| Science Diet Adult™ Mature Adult Hairball Control Light® 15.5 lb | 8876 | 0 5274288760 9 | Cat |
| Science Diet Adult™ Perfect Weight 15.5 lb | 2970 | 0 5274229700 2 | Cat |
| Science Diet™ Adult Optimal Care 4 lb | 6797 | 0 5274267970 9 | Cat |

**429.** Examples of dog (canine) food Products that Hill's Pet Nutrition launched in the State of New Jersey include the following:

| Product Name | Product Code | Bar Code | Label Species |
|---|---|---|---|
| Science Diet™ Adult Advanced Fitness Small Bites  5 lb | 8183 | 0 52744281830 6 | Dog |
| Science Diet™ Puppy Large Breed Lamb Meal & Rice Recipe 33 lb | 2034 | 0 5274220340 9 | Dog |
| Science Diet™ Adult Large Breed 38.5 lb | 9409 | 0 5274294090 8 | Dog |
| Science Diet™ lamb Meal & Rice Recipe 33 lb | 2038 | 0 5274220380 5 | Dog |
| Science Diet™ Large Breed Light 33 lb | 2041 | 0 5274220410 9 | Dog |
| Science Diet™ Mature Adult Large Breed 33 lb | 2044 | 0 527420440 6 | Dog |

| Science Diet™ Puppy Health Development Original 30 lb | 9367 | 0 5274293670 3 | Dog |
|---|---|---|---|
| Science Diet™ Adult Advanced Fitness Original 38.5 lb | 9407 | 0 5274294070 0 | Dog |
| Science Diet™ Adult Advanced Fitness Small Bites 38.5 lb | 2035 | 0 5274220350 8 | Dog |

**430.** Defendants COLGATE PALMOLIVE COMPANY's and HILL'S PET NUTRITION INC's new commercial pet food products claim had label claim of "New", "Improved", "Great Taste", "Natural", or "Best Taste", in commercial advertising or promotion on Hill's Pet foods/snacks/treats brands containing the Lactic.

**431.** Since the launch around the year 2015 by State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC of products containing the embodiment of Plaintiff's NFSF™ Confidential Information  and secrets, Defendants COLGATE PALMOLIVE COMPANY's and HILL'S PET NUTRITION INC's commercial Pet Food Segment  experienced an unprecedented improved performance over a period of several years as never seen before over many years prior to the launch of the new products containing the embodiment of Plaintiff's NFSF™ Confidential Information  and secrets.

**432.** The money earned by products through the launch of commercial Pet Food Items and products containing the embodiment of Plaintiff's NFSF™ Confidential Information  and secrets was improperly earned through the misappropriation and theft of Plaintiff's NFSF™ Confidential Information  and secrets.

**433.** Therefore justice equity and good conscience demand that State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC not be allowed to keep money so earned by unclean hands and such money must be turned over to  the Plaintiff.

## WAS ANYONE ELSES INVOLVED?

**YES,** many Patent Agents who represented State-Actor-Corporation-Defendants COLGATE PALMOLIVE COMPANY and HILL'S PET NUTRITION INC at the United States Patent Office and some of whom are named are as follows.

Defendants HOXIE, THOMAS 32993 (973) 912-5232, DELUCA, MARK 33229 (484) 620-2090, STRAHER, MICHAEL 38325 (973) 912-5232, WILKINS, CLIFFORD 39425 (212) 310-3749, BROGAN, WILLIAM 43515 (703) 917-0000, GARDNER, DAWN 44118 (312) 222-7505, BELLES, BRIAN 51322 (215) 735-9302, DIDAS, MICHAEL 55112 (509) 324-9256, HUANG, SHARON 57114 (732) 767-2883, FLANDRO, RYAN 58094 (732) 878-7151, KLEIN, TODD 59610 (215) 735-9302, HEBLE, NIKHIL 61347 (610) 630-8384, CHUNG, JUDY 61612 (732) 878-7086, JORDAN, MICHAEL 61698 (267) 952-2067, ST. MARTIN, ANNE 65779 (732) 878-7330, WANG, GEORGE 67684 (732) 589-5003, CHAUDRY, SAMIA 71436 (732) 878-6322, LEE, SANGIL 71795 (203) 228-2779, POKER, CORY 72129 (973) 912-5232, HERD, MATTHEW 73387 (610) 608-8930, ZHAO, YIQUN 75432 (215) 735-9302, BLUMERT, JACOB 75600 (610) 993-4216, LIU, HARVEY 75952 (703) 917-0000, DEREVJANIK, MARIO 77433 (646) 973-2500, LANE, KRISANNE 79396 (732) 878-7648, SANG, GEORGE 79678 (703) 362-6816, KATZ, SAMUEL 79994 (516) 567-3202.

## WHO SAW WHAT HAPPENED?

The USPTO
The PCT and WIPO
The US District Court for the District Of NJ
The US Court of Appeals Third Circuit

## IV. INJURIES:

Monetary Damages
Lost of novel Patentable Confidential Information and Traded Secrets Claims.

## V. RELIEF:

a) A Court Order vacating and setting aside District Court's and Appellate Courts' Opinions, Orders, Judgments, and Mandates in the matter of Kamdem-Ouaffo D.N.J 15-cv-06290-AET-LHG, Appeal Case # 16-2304, as VOID under the Constitution of the United States for Want of Due Process and Fraud on the Courts.

b) A Court Order vacating District and Appellate  Courts' Opinions, Orders, Judgments, and Mandates in the matter of Kamdem-Ouaffo D.N.J. 15-cv-07481-AET-TJB, Appeal Case # 16-1006, as VOID under the Constitution of the United States .

c) A Court order vacating and setting aside District and Appellate  Courts' Opinions, Orders, Judgments, and Mandates in the matter of Kamdem-Ouaffo D.N.J. 15-cv-07902-CCC-JBC and Appeal Case # 21-1198, as VOID under the Constitution of the United States for Want of Due Process of law and Fraud on the Courts.

d) A Court Order vacating and setting aside NJ Superior Court's  Courts' Opinions, Orders, Judgments, and Mandates in the matter of *Kamdem-Ouaffo v. NaturaSource International LLC*, Case # MID-L-5527/13, as VOID under the Constitution of the United States for Want of Due Process of Law and Fraud on the Courts.

e) Monetary Damages in amount of $218,115.18 Million US Dollars as calculated from Transparency Market Research 2015 damage estimates.

f) Treble damages in amount of $218,115.18 x 3 Million US Dollars

g) A Court Order and/or a Court Referral to appropriate Disciplinary Authorities for the Disbarment, Removal, or otherwise for Disciplinary Sanctions against all State-Actor-Defendants named herein.

h) A preliminary and a final injunctions to all State-Actor-Defendants named herein to Cease and Desist from any further attempts at using the PCT and the USPTO as grounds for the laundering of misappropriated or stolen trade secrets and/or intellectual property

**I declare under penalty of perjury that the foregoing is true and correct.**

103

**Signed this 14th Day of November, 2022**


**Signature of Plaintiff:**

**Mailing Address:**

86 Bayard Street No. 381
New Brunswick, NJ 08903

**Telephone Number:** 1 732 763 8622

Fax Number *(if you have one)*

**E-mail Address:** rickykamer@gmail.com