NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY KAMDEM-OUAFFO, PhD t/a KAMDEM GROUP, : : : Plaintiff, : : v. : : COLGATE PALMOLIVE CO., *et al.*, : : Defendants. : : | Civil Action No.: 2:22-cv-6623  OPINION |

**CECCHI, District Judge**

This matter comes before the Court on the following motions to dismiss *pro se* Plaintiff Ricky Kamdem-Ouaffo's ("Plaintiff") First Amended Complaint (ECF No. 38, hereinafter "FAC"):

1. Morgan, Lewis & Bockius LLP, Terry D. Johnson, Richard G. Rosenblatt, Todd B. Buck, and Rudolph J. Burshnic II's (together, the "**Morgan Lewis Defendants**") motion to dismiss (ECF No. 40) the FAC;

2. Reardon Anderson, LLC, Erik Anderson, Esq., and Allison K. Krilla, Esq.'s (together, the "**Reardon Anderson Defendants**") motion to dismiss (ECF No. 45) the FAC;

3. Mark A. Kriegel, Esq., Law Office of Mark A. Kriegel, LLC, Naturasource International, LLC, and Laszlo Pokorny's (together, the "**Naturasource Defendants**") motion to dismiss (ECF No. 49) the FAC;

4. Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.'s (together, the "**Colgate Defendants**") motion to dismiss (ECF No. 50) the FAC;

5. The Honorable Vincent LeBlon, J.S.C., Michelle M. Smith, Clerk of the Superior Court of New Jersey, Jason Scotto D'Aniello, Esq., Ian Ratzlaff (together, the "**Judicial Defendants**"), the Attorney General of New Jersey, former Acting Attorney General John J. Hoffman, the Honorable Robert T. Lougy, A.J.S.C., the Honorable Lisa A. Puglisi J.S.C., and Akeel Qureshi, Esq.'s (together, the "**AG Defendants**") motion to dismiss (ECF No. 53) the FAC; and

6. Frank Orbach and Law Office of Gerard M. Green's (together, the "**Orbach Defendants**") motion to dismiss (ECF No. 54) the FAC.

Plaintiff has made a number of opposition filings in response to Defendants' various motions. ECF Nos. 57, 59-61, 64-66, 74-75. The Naturasource Defendants filed a reply (ECF No. 62), as did the Orbach Defendants (ECF No. 69). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motions to dismiss are **GRANTED** and Plaintiff's FAC is dismissed.[1]

I. **BACKGROUND**

The instant action represents Plaintiff's fourth attempt in federal court to relitigate issues that were the subject of his initial 2013 lawsuit in the Superior Court of New Jersey. *See Ricky Emery Kamdem Ouaffo t/a Kamdem Grp. v. Colgate, et al.*, No. MID-L-5527-13 (N.J. Super. Ct.,

---

[1] The Court has also reviewed numerous applications filed by Plaintiff seeking leave to file cross-motions against various Defendants. *See* ECF Nos. 52, 55-56, 68. Because the Court dismisses the FAC herein, Plaintiff's applications are denied as moot. In any event, to the extent Plaintiff's cross-motions seek a finding of misconduct as to numerous federal judges or disbarment of the attorney Defendants, *see id.*, Plaintiff's requests are without merit. *See Truong v. Barnard*, No. 20-cv-00074, 2020 WL 5743035, at *6 (D.N.J. Sept. 24, 2020) (denying *pro se* plaintiff's cross-motion for sanctions against defendant and his attorneys for alleged "material misrepresentations of fact and or [ ] law to mislead the court to obstruct justice and/or delay the proceeding"). Nevertheless, the Court hereby grants Plaintiff's requests (ECF Nos. 63, 67) that the Court accept and consider his corrected opposition briefing.

Law Div.) (hereinafter, the "State Court Action").[2]  There, Plaintiff filed suit against, among others, the Colgate Defendants and Defendant Naturasource for alleged misappropriation of Plaintiff's proprietary pet food flavoring information.  *See Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 15-cv-7902, 2021 WL 321418, at *2 (D.N.J. Jan. 31, 2021) (hereinafter, the "Colgate Action") (providing history of Plaintiff's various lawsuits).  Plaintiff's claims were dismissed against Defendant Colgate in 2014, summary judgment was awarded to the remaining defendants in 2015, and Plaintiff's state court complaint was thereafter dismissed with prejudice.  *Id.*  In dismissing the action, Defendant Judge LeBlon found that "there is no basis for any of the plaintiff's claims contained in his complaint."  *Id.* (internal quotation marks omitted).

Around the same time, Plaintiff removed the State Court Action to federal court.  *See Kamdem Ouaffo v. Naturasource Int'l, LLC*, No. 15-cv-6290, 2015 WL 5722837 (D.N.J. Sept. 29, 2015) (hereinafter, the "Removal Action").  However, the Honorable Anne E. Thompson promptly remanded Plaintiff's case on grounds that his removal was untimely, and his complaint presented neither federal question nor diversity jurisdiction.  *Id.* at *2-3.  Judge Thompson opined that Plaintiff's removal was "an attempt to 'delay the inevitable'" outcome in the State Court Action.  *Id.* at *3.  Plaintiff's request for reconsideration of that ruling was also denied.  *See Kamdem Ouaffo v. Naturasource Int'l, LLC*, No. 15-cv-6290, 2015 WL 6524182 (D.N.J. Oct. 28, 2015).

In October 2015, Plaintiff initiated a separate suit in federal court against Defendant Judge LeBlon, the Reardon Anderson Defendants (Plaintiff's counsel in the State Court Action), certain

---

[2] In ruling on a motion to dismiss, the Court may take judicial notice of "matters of public record, orders, and items appearing in the record of the case," including "judicial proceeding[s] from a different court or case."  *In re Able Lab'ys Sec. Litig.*, No. 05-cv-2681, 2008 WL 1967509, at *17 n.21 (D.N.J. Mar. 24, 2008); *see also S. Cross Overseas Agencies, Inc. v. Wha Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999); *see also Gupta v. Wipro Ltd.*, No. 17-cv-1954, 2017 WL 6402636, at *10 (D.N.J. Dec. 15, 2017) (taking judicial notice of a separate judicial ruling "as [the Court] is permitted to do on a motion to dismiss on the ground of *res judicata*").

3

of the Morgan Lewis Defendants (counsel for the Colgate Defendants in the State Court Action), and Defendant Kriegel (counsel to the Naturasource Defendants in the State Court Action). *See Ricky Emery Kamdem Ouaffo t/a Kamdem Grp. v. LeBlon*, No. 15-cv-7481, 2015 WL 9463091, at *2 (D.N.J. Dec. 21, 2015) (hereinafter, the "LeBlon Action"). Plaintiff alleged that those defendants unlawfully conspired to dismiss Plaintiff's complaint in the State Court Action to satisfy their own personal interests. *Id.* at *2. Judge Thompson dismissed Plaintiff's claims against those defendants, *see id.* at *4, and the Third Circuit affirmed that judgment, *Kamdem-Ouaffo v. LeBlon*, 673 F. App'x 223 (3d Cir. 2016). The Third Circuit opined that Plaintiff's allegations in the LeBlon Action were "entirely irresponsible" and "based on nothing more than the fact that the court ruled against him." *Id.* at 226.

In November 2015, Plaintiff initiated a third federal case against the Colgate Defendants and Naturasource Defendants, in which three amended complaints were filed. *Colgate Palmolive Co.*, 2021 WL 321418, at *3. In substance, Plaintiff realleged the same claims that were adjudicated in the State Court Action. *Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 15-cv-7902, 2023 WL 4287611, at *1 (D.N.J. June 30, 2023) ("In his federal complaint, and three amended complaints filed thereafter . . . Plaintiff reasserted essentially the same arguments and claims he litigated to final judgment in the New Jersey Superior Court."). This Court dismissed Plaintiff's third amended complaint with prejudice, *see Colgate Palmolive Co.*, 2021 WL 321418, at *4-7, and the Third Circuit affirmed that judgment under the doctrine of *res judicata*, *see Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 21-1198, 2022 WL 382032 (3d Cir. Feb. 8, 2022).

4

Thereafter, Plaintiff filed and this Court denied three motions for reconsideration of the Colgate Action's dismissal.[3]  *Colgate Palmolive Co.*, 2023 WL 4287611, at *1.

Now, in his fourth federal action, Plaintiff seeks relief against the above-named defendants. *See generally* FAC.  Interpreting Plaintiff's FAC liberally, he alleges the following causes of action: (i) fraud on the Superior Court of New Jersey; (ii) fraud on the United States District Court for the District of New Jersey; (iii) aiding and abetting fraud on the Superior Court of New Jersey and federal District Court of New Jersey; (iv) breach of fiduciary duty and the duty of care; (v) legal malpractice predicated on attorney negligence; (vi) violations of 42 U.S.C. § 1983; (vii) violations of the Fourteenth Amendment; (viii) violations of the Defend Trade Secrets Act of 2016; (ix) breach of a confidentiality agreement between Defendant Colgate and Defendant Naturasource; (x) breach of a confidentiality agreement between Defendant Naturasource and Plaintiff; (xi) tortious interference with Plaintiff's business opportunities; (xii) conspiracy and collusion; and (xiii) unjust enrichment.  Defendants moved to dismiss Plaintiff's FAC (ECF Nos. 40, 45, 49, 50, 53-54) in February and March 2023, and Plaintiff submitted several filings in opposition (ECF Nos. 57, 59-61, 64-66, 74-75).  The Naturasource Defendants filed a reply (ECF No. 62) on March 24, 2023, as did the Orbach Defendants (ECF No. 69) on April 10, 2023.[4]

---

[3] Plaintiff has also filed numerous additional unsuccessful motions seeking relief from prior judgments in the State Court Action, Removal Action, LeBlon Action, and before the Third Circuit.  *See* ECF No. 40-1 at 9-12 (recounting Plaintiff's motion practice).

[4] Defendants also note that, throughout his filings and in correspondence with the parties, Plaintiff has made a number of inappropriate assertions.  For example, in a January 2023 email to certain of the Morgan Lewis and Naturasource Defendants, Plaintiff asserted that Defendants engaged in "abysmal sexual intercourse depravity," and stated, "[w]e do not hesitate about denouncing improper sexual intercourse fornicators like you, and when the form of government permits we will identify improper sexual inter[co]urse fornicators like you to [ ] the government to be prosecuted and punished, including death sentence if the Jihad/Sharia law so determines."  ECF No. 40-2.  In the Colgate Action, Plaintiff made similar accusations against the Court, claiming that its prior orders have "been about SEX and MONEY, and nothing else about the laws of the United States."  *Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 15-7902, 2023 WL 4287611, at *2 n.1 (D.N.J. June 30, 2023).  In that case, Plaintiff also asserted that the Third Circuit Court of Appeals only credited his "argument to the extent that it does not conflict with the Circuit Judges' personal financial,

## II.  LEGAL STANDARD

### a.  Dismissal Under Fed. R. Civ. P. 12(b)(1)

A court must grant a motion to dismiss under Fed. R. Civ. P. 12(b)(1) if it determines that it lacks subject matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) . . . the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-cv-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). "When a party moves to dismiss prior to answering the complaint . . . the motion is generally considered a facial attack." *Saint-Jean v. Cnty. Of Bergen*, 509 F. Supp. 3d 87, 97 (D.N.J. 2020) (quoting *Leadbeater v. JPMorgan Chase, N.A.*, No. 16-cv-7655, 2017 WL 4790384, at *3 (D.N.J. Oct. 24, 2017)). When addressing a facial attack to subject matter jurisdiction, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the [non-moving party]." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.,* 473 F.3d 506, 514 (3d Cir. 2007).

### b.  Dismissal Under Fed. R. Civ. P. 12(b)(6)

To survive dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). *Pro se* complaints

---

improper sexual intercourse, and political interests." *Id.*  As has been previously stated, this Court is in no way influenced by these comments and continues to liberally construe Plaintiff's *pro se* pleadings and examine the relevant arguments made therein.

are liberally construed and held to less stringent standards than pleadings drafted by lawyers. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013) ("[P]*ro se* litigants still must allege sufficient facts."). A *pro se* complaint will be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mishra v. Fox*, 197 F. App'x 167, 168 (3d Cir. 2006) (citation omitted).

### III.   DISCUSSION

Plaintiff's FAC is asserted against three general categories of defendants: (i) Defendant Judge LeBlon and employees of the Superior Court of New Jersey; (ii) attorneys who represented Plaintiff or certain defendants in the State Court Action and/or appeared as counsel in Plaintiff's federal cases; and (iii) corporate entities who were defendants in the State Court Action and their agents. For the reasons set forth below, this Court finds that dismissal of Plaintiff's claims is appropriate as to each category of defendants.

#### a.   Absolute Judicial and Quasi-Judicial Immunity

Plaintiff's claims against the Judicial Defendants must be dismissed because the Judicial Defendants are entitled to absolute judicial or quasi-judicial immunity. "As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages." *Montana v. Connor*, 817 F. Supp. 2d 440, 445 (D.N.J. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Rather, judicial immunity is only overcome if (1) the Judge's "actions [are] not taken in the judge's judicial capacity," or (2) the judge's actions, even if judicial in nature, are "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Azubuko*, 443 F.3d at 303. Employees of the court may also be absolutely immune from suit under the doctrine of quasi-judicial immunity for their actions in aid of the court. *See Gallas v.*

7

*Supreme Ct. of Pennsylvania*, 211 F.3d 760, 772-73 (3d Cir. 2000) (collecting cases) (affording quasi-judicial immunity to deputy court administrator who acted at the direction of the judge); *Lepre v. Tolerico*, 156 F. App'x 522, 525 (3d Cir. 2005) (affirming district court's grant of quasi-judicial immunity to family court officers who filed a petition to enforce a court order).

Here, Plaintiff's allegations, even liberally construed, could not defeat judicial immunity. Plaintiff's claims against Judge LeBlon stem entirely from allegations that Judge LeBlon (i) improperly presided over a summary judgment hearing in August 2015 without jurisdiction to do so, *see, e.g.*, FAC at ¶¶ 176-77, 196-98, 217, 264-65, 313; (ii) withheld allegedly fabricated documents, deemed for attorneys' eyes only, that were relied upon to rule against Plaintiff, *see, e.g.*, *id.* at ¶¶ 161-64, 168, 216; and (iii) erroneously entered summary judgment against Plaintiff in the State Court Action, *see id.* at ¶¶ 167, 199, 325. Such conduct was taken in Judge LeBlon's judicial capacity. *See, e.g.*, *Lewis v. Diaz-Petti*, No. 22-cv-03242, 2023 WL 3072684, at *6 (D.N.J. Apr. 21, 2023) (finding that judges who "ruled on Plaintiff's motions as part of their duties as presiding officers" acted in their judicial capacities); *Vaughn v. Waters*, No. 09-cv-3109, 2009 WL 2602205, at *4 (D.N.J. Aug. 24, 2009) (holding that presiding over a trial was conduct taken in the judge's judicial capacity).

Plaintiff also fails to allege that Judge LeBlon took these actions in the complete absence of all jurisdiction. He merely asserts that Judge LeBlon lacked subject matter jurisdiction to rule on summary judgment motions in the State Court Action following Plaintiff's notice of removal to federal court. S*ee, e.g.*, FAC at ¶¶ 196-98, 313. However, even if true, such conduct constitutes "an act in excess of jurisdiction [rather than] one in the absence of jurisdiction." *See Figueroa v. Blackburn*, 208 F.3d 435, 444 (3d Cir. 2000); *see also Classic Distributors, Inc. v. Zimmerman*, 387 F. Supp. 829, 835 (M.D. Pa. 1974) (finding that a state judge's "retention of jurisdiction after

8

the case had been removed . . . was at worst an act in excess of his jurisdiction"); *Duffy v. George*, No. 14-cv-02111, 2015 WL 9460135, at *5 (M.D. Pa. Dec. 23, 2015), *aff'd* 669 F. App'x 73 (3d Cir. 2016) (finding same). Actions taken in excess of jurisdiction are protected by absolute judicial immunity. *Figueroa*, 208 F.3d at 440 (internal quotation marks and citation omitted).

Likewise, a finding of quasi-judicial immunity is appropriate as to the remaining Judicial Defendants. Plaintiff contends that Defendant Smith, while operating as Clerk of the Superior Court of New Jersey, aided and abetted Judge LeBlon's alleged fraud by scheduling a hearing and making certain docket entries. *See, e.g.*, FAC at ¶¶ 264-66, 313, 337. Defendant Smith's actions taken in support of the Court and in her capacity as Clerk of the Court are protected by absolute quasi-judicial immunity. *See Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 928 (3d Cir. 2020) (finding Defendant Smith was "entitled to absolute quasi-judicial immunity for her actions taken in her capacity as the Clerk of the Superior Court"); *see also Gallas*, 211 F.3d at 772-73. Similarly, Plaintiff alleges that (i) Defendant Ratzlaff, while operating as the Middlesex County Civil Division Manager, took custody of and withheld "unlawfully sealed" documents submitted during the State Court Action, FAC at ¶¶ 2567-68; and (ii) Defendant D'Aniello, while operating as Judge LeBlon's law clerk, aided and abetted the alleged fraud by drafting and presenting a proposed order to the state court in connection with the summary judgment filings in the State Court Action, *id.* at ¶¶ 262-63. Such actions taken by judicial staff in aid of the court are also protected by absolute quasi-judicial immunity. *See Stephens v. Martini*, No. 22-cv-1971, 2022 WL 1237786, at *3 (D.N.J. Apr. 26, 2022) (finding "law clerks, case managers, administrators, [and] other court staff" who "function[ ] as an arm of the court or who are acting at the direction of the judge" are entitled to absolute quasi-judicial immunity).

Accordingly, all of Plaintiff's claims against the Judicial Defendants must be dismissed as barred by the doctrines of absolute judicial and quasi-judicial immunity.[5]

### b. The Litigation Privilege

New Jersey's litigation privilege "ensures that '[s]tatements by attorneys . . . made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability.'" *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 523 (D.N.J. 2012) (quoting *Peterson v. Ballard*, 679 A.2d 657, 659 (N.J. App. Div. 1996)). The privilege protects "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3d Cir. 2011) (quoting *Hawkins v. Harris*, 141 N.J. 207, 216 (1995)).

The immunity provided by New Jersey's litigation privilege has been applied to "a plethora of tort claims, including . . . fraud . . . abuse of process . . . and civil conspiracy." *Peterson v. HVM LLC*, No. 14-cv-1137, 2016 WL 845144, at *7 (D.N.J. Mar. 3, 2016). Among others, the privilege extends to "attorneys, parties, and their representatives." *Baran v. ASRC MSE*, No. 22-cv-04391, 2023 WL 2344634, at *8 (D.N.J. Mar. 3, 2023) (internal citations omitted). Absent explicit statutory abrogation, "the privilege is meant to be 'broadly applicable.'" *Id.* ("Thus the privilege extends to a broad range of litigation-related activities, as well as to a broad range of causes of

---

[5] Even if Plaintiff's § 1983 claim seeks injunctive relief against the Judicial Defendants, it must fail. "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Kasperski v. Katz*, No. 22-1792, 2022 WL 17984872, at *1 (3d Cir. 2022). The Third Circuit has held that where a plaintiff fails to allege "that a declaratory decree was violated or that declaratory relief is unavailable," and where the conduct was taken in a judge's judicial capacity, a claim for injunctive relief is barred. *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). Here, Plaintiff makes no such contention. *See Tisby v. Lamela*, No. 23-cv-800, 2023 WL 2188757, at *2 (D.N.J. Feb. 23, 2023) (denying injunctive relief claim against judge for conduct taken in judge's judicial capacity).

10

action.") (internal citation omitted). Thus, the privilege also covers certain statutory claims, for example, those brought under 42 U.S.C. § 1983. *See, e.g.*, *Wilson v. New Jersey Div. of Child Prot. & Permanency*, No. 13-cv-3346, 2019 WL 13260178, at *25 (D.N.J. Aug. 23, 2019) ("I am persuaded that the litigation privilege is consonant with, and indeed deeply embedded in, the common law, and should be honored by a federal court in a § 1983 action."); *see also Pasqua v. County of Hunterdon*, 721 F. App'x 215, 219 (3d Cir. 2018).

Here, Plaintiff's claims against the Morgan Lewis Defendants, AG Defendants and Orbach Defendants—all of whom are lawyers or law firms—arise out of alleged conduct that these defendants engaged in during the course of prior litigation. For example, Plaintiff asserts fraud on the court claims against all three sets of Defendants, alleging, among other things (i) that the Morgan Lewis Defendants wrongfully withheld and concealed from Plaintiff over 24,000 documents in the State Court Action that were deemed for attorneys' eyes only, FAC at ¶¶ 103-05, 168-69; (ii) that the AG Defendants falsely represented the validity of the state court's summary judgment orders "although they knew that they were VOID and/or had no validity under the constitution of the United States," FAC at ¶ 186; and (iii) that the Orbach Defendants took the position in litigation "that Plaintiff's allegations of forgery and collusion" were meritless despite allegedly knowing that the Colgate Defendants were in possession of forged documents, FAC at ¶ 230. This alleged conduct represents written and/or oral statements made in state and federal judicial proceedings (*e.g.*, the State Court Action and LeBlon Action), by counsel representing parties to such proceedings, as they directly related to the claims and defenses asserted in those proceedings. *See, e.g.*, *Thompson v. Eva's Vill. & Sheltering Program*, No. 09-cv-1510, 2009 WL 3486050, at *9 (D.N.J. Oct. 28, 2009) (dismissing collusion and intentional fraud claims predicated on "verbal statements and written submissions that [ ] attorneys made in judicial proceedings" as

11

protected by the litigation privilege). Accordingly, Plaintiff's fraud on the court claims are dismissed against the Morgan Lewis Defendants, AG Defendants and Orbach Defendants.

The FAC also asserts a claim under 42 U.S.C. § 1983 against the Morgan Lewis Defendants and AG Defendants. *See* FAC at ¶¶ 305-39. Plaintiff alleges that the Morgan Lewis Defendants "dishonestly and wrongfully advocat[ed] and urg[ed] the federal courts to rely on and to credit the unconstitutional and VOID State Court Orders" in Plaintiff's prior federal cases, and "caused the [d]ismissal with prejudice by the federal courts of Plaintiff's lawsuit without granting opportunity to the Plaintiff to conduct" discovery. FAC at ¶¶ 325-26. With regard to the AG Defendants, Plaintiff contends that they "dishonestly presented a paper, claim, defense, contention or denial . . . to dishonestly certify that [Judge LeBlon] was just doing his job as Judge when in fact they knew" that the State Court Action was allegedly proceeding unconstitutionally. *Id.* at ¶ 333. Because Plaintiff's § 1983 claim is predicated on the Morgan Lewis Defendants and AG Defendants' efforts to advocate for their clients in the LeBlon and Colgate Actions, even if such advocacy is alleged to have been founded on bad-faith arguments, that conduct is clearly protected by the litigation privilege. *See Loigman v. Twp. Comm. of Twp. of Middletown*, 185 N.J. 566, 586 (2006) ("In applying the privilege, we consider neither the justness of the lawyers' motives nor the sincerity of their communications."); *id.* at 584 ("We conclude that the litigation privilege applies to § 1983 claims."). Accordingly, Plaintiff's § 1983 claim is dismissed against the Morgan Lewis Defendants and AG Defendants.[6]

---

[6] For the same reasons, Plaintiff's Fourteenth Amendment claim, which is predicated on similar factual allegations, is dismissed against the Morgan Lewis Defendants under the litigation privilege. *See* FAC at ¶¶ 347-51 (alleging that the Morgan Lewis Defendants violated Plaintiff's Fourteenth Amendment rights by participating in and advocating for their client in summary judgment proceedings in the State Court Action). In addition, Plaintiff's Fourteenth Amendment claim fails because the Morgan Lewis Defendants were not state actors in their capacity as private counsel. *See LeBlon*, 673 F. App'x at 226 (affirming dismissal of claims against private attorney defendants because "[p]rivate attorneys—like the attorney defendants here—generally do not qualify as state actors"); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d

Accordingly, consistent with the remainder of this Opinion, Plaintiff's claims against the Morgan Lewis Defendants, AG Defendants and Orbach Defendants are dismissed.[7]

### c. Plaintiff's Defend Trade Secret's Act of 2016 Claim

The FAC asserts a claim under the Defend Trade Secrets Act of 2016 ("DTSA") against the Morgan Lewis Defendants, Naturasource Defendants and Colgate Defendants. FAC at ¶¶ 352-402. While the specific allegations against each set of defendants differs, Plaintiff's claim against all three defendant groups arises out of the same purported misappropriations spanning from 2011 to 2015. *See, e.g.*, FAC at ¶ 366 (alleging the Colgate Defendants misappropriated Plaintiff's proprietary information in a 2011 patent publication); ¶¶ 387-88 (alleging Plaintiff's proprietary information was communicated from the Naturasource Defendants to the Morgan Lewis Defendants under a joint defense agreement in the State Court Action, which closed in 2015).

A private action for misappropriation brought under the DTSA "may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d). "The question before the Court is whether, based on the facts as alleged in the Complaint, Plaintiffs were on notice of their claims." *Nasdaq Inc. v. Miami Int'l Holdings, Inc.*, No. 17-cv-6664, 2023 WL 4740753, at *8 (D.N.J. July 25, 2023). Here, over eight years

---

268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

[7] The Morgan Lewis Defendants, Orbach Defendants and Colgate Defendants alternatively seek dismissal under the *Noerr-Pennington* doctrine to the extent that Plaintiff's claims are predicated on Defendants' litigation activities defending against Plaintiff's prior lawsuits. *See* ECF No. 40-1 at 18-19; 50-1 at 16-15; 54-6 at 13; *see also Winters v. Jones*, No. 16-cv-9020, 2018 WL 326518, at *7 (D.N.J. Jan. 8, 2018) (finding that the *Noerr-Pennington* doctrine "protects the First Amendment right to petition the Government for redress of grievances"). The Court notes that *Noerr-Pennington* immunity equally applies to the right to defend against a petition. *See, e.g.*, *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) ("*Noerr-Pennington* immunity, and the sham exception, also apply to defensive pleadings . . . because asking a court to deny one's opponent's petition is also a form of petition.").

have elapsed since the conclusion of the State Court Action, the proceedings in which Plaintiff became aware of the conduct underlying his claims. First, Plaintiff must have been aware of the Colgate Defendants' alleged misappropriation by the time he commenced the State Court Action in 2013, because the allegations at issue here arise out of the same conduct alleged in that case. *See* ECF No. 40-1 at 5 ("Mr. Kamdem's allegations in the State Court Action included that the [Colgate] [D]efendants misappropriated his allegedly proprietary pet food flavoring information."). Second, Plaintiff was or reasonably should have been aware of his allegations against the Morgan Lewis Defendants and Naturasource Defendants because they arise out of a joint defense agreement entered in the State Court Action, which concluded in 2015 and Plaintiff participated in. *See* ECF No. 50-1 at 20-21. Thus, Plaintiff's DTSA claim is untimely and must be dismissed.[8]

### d. The Doctrine of *Res Judicata*

Plaintiff's remaining claims against the Reardon Anderson Defendants, Colgate Defendants and Naturasource Defendants are barred by the doctrine of *res judicata*. *Res judicata* bars a claim when the following three factors are present: "(1) the final judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to, or in privity with, those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *Hogg's v. New Jersey*, 352 F. App'x 625, 629 (3d Cir. 2009) (internal citation omitted). "If these three factors are present, a

---

[8] Plaintiff's DTSA claim is also barred by the doctrine of collateral estoppel, which prohibits relitigation of an issue that was already litigated and essential to final judgment in a prior proceeding involving "the party against whom the doctrine is asserted." *Caver v. City of Trenton*, 420 F.3d 243, 259 (3d Cir. 2005) (citing *Hennessey v. Winslow Township*, 183 N.J. 593, 599 (2005)). The crux of Plaintiff's DTSA claim is that his proprietary information was misappropriated in furtherance of patent applications submitted by the Colgate Defendants. *See* FAC at ¶¶ 366-67, 377-78. However, this Court previously found that the "issue was already decided by the state court in its final judgment on the merits'" and "cannot be relitigated." *Colgate Palmolive Co.*, 2021 WL 321418, at *7.

claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

Here, Plaintiff's claims against the Reardon Anderson Defendants are predicated on their former representation of, and subsequent withdrawal as counsel for, Plaintiff in the State Court Action and their conduct during the course of that litigation. *See, e.g.*, FAC at ¶¶ 163-69, 184, 230-231, 256-57, 274-304. Claims predicated on these same allegations were alleged and adjudicated to final judgment in the LeBlon Action. *See generally LeBlon*, 2015 WL 9463091 (dismissing complaint brought against the Reardon Anderson Defendants arising out of their conduct in and withdrawal from the State Court Action). As noted above, the Third Circuit affirmed that judgment. *See generally LeBlon*, 673 F. App'x 223. To the extent Plaintiff asserts new causes of action arising out of the same alleged conduct, "[r]es judicata applies both to claims actually raised in the prior action and claims which could have been raised but were not." *Gonzalez-Cifuentes v. I.N.S.*, 253 F. App'x 173, 175 (3d Cir. 2007).

Next, all of Plaintiff's claims against the Colgate Defendants arise out of the core allegation that they misappropriated Plaintiff's proprietary pet food flavoring information. *See, e.g.*, FAC at ¶¶ 366, 377, 432-39. However, this same alleged misappropriation was adjudicated to final judgment in the State Court Action and, as a result, this Court already found in the Colgate Action that substantively identical claims against the same defendants were barred by *res judicata*. *See Colgate Palmolive Co.*, 2021 WL 321418, at *6 (finding that the State Court Action adjudicated "the alleged misuse of Plaintiff's proprietary information and the fallout from the parties' business relationship"). Similarly, Plaintiff's claims against the Naturasource Defendants arise out of the alleged breach of their confidentiality agreements with Plaintiff and Defendant Hill's Pet Nutrition. *See, e.g.*, FAC at ¶¶ 405, 411-21. Again, these alleged breaches were adjudicated to final judgment

15

in the State Court Action, as were similar claims against Defendant Kriegel in the LeBlon Action. *See* ECF No. 40-1 at 5; *Colgate Palmolive Co.*, 2021 WL 321418, at *2 (noting the state court granted summary judgment against Plaintiff on all remaining claims, including "breach of Hill's Confidential Disclosure Agreement with Naturasource"); *LeBlon*, 2015 WL 9463091, at *2-4 (dismissing Plaintiff's claims against Defendant Kriegel related to his representation of the remaining Naturasource Defendants). Plaintiff merely asserting new causes of action and naming Defendant Law Office of Mark A. Kriegel, LLC as a new defendant does not compel a different outcome. *See, e.g.*, *Gonzalez-Cifuentes*, 253 F. App'x at 175; *Schneider v. United States*, No. 06-cv-3200, 2007 WL 4440976, at *6 (D.N.J. Dec. 17, 2007) ("It is immaterial to considerations of *res judicata* that Plaintiff has named additional defendants in this case . . . [that] are in privity with the previously sued defendants."); *Perelman v. Adams*, 945 F. Supp. 2d 607, 618-19 (E.D. Pa. 2013) (finding a lawyer in privity with his law firm for purposes of *res judicata* where defendant-lawyer was employed by the law firm at the time of the conduct at issue). [9]

To the extent Plaintiff raises new fraud on the court and legal malpractice claims against these Defendants, those claims fail even if not barred by *res judicata*. *See, e.g.*, FAC at ¶¶ 188, 260-61, 297-98 (claims against Naturasource Defendants); 242-73, 461-66, 480-87 (claims against Colgate Defendants); 213-16, 227-39, 297-99 (claims against Reardon Anderson Defendants). First, Plaintiff has not made any assertions "supported by clear, unequivocal and convincing

---

[9] The Court notes that the Morgan Lewis Defendants, Colgate Defendants, and Reardon Anderson Defendants alternatively seek relief under the *Rooker-Feldman* doctrine on grounds that Plaintiff's claims merely seek this court's review of final judgments entered in the prior state and federal actions. *See* ECF Nos. 40-1 at 19-20; 50-1 at 8-10; 45 at 13-16; *see also Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019). Those same Defendants, in addition to the Orbach Defendants and Naturasource Defendants, also argue that they are entitled to relief under the doctrine of *collateral estoppel* because Plaintiff's claims are an attempt to re-litigate issues previously adjudicated in cases where Plaintiff was fully represented. *See, e.g.*, ECF Nos. 49-7 at 3; 54-6 at 13-14; *see also Peloro v. United States*, 488 F.3d 163, 174-75 (3d Cir. 2007).

evidence" to "meet the demanding standard for fraud upon the court." *Herring v. United States*, 424 F.3d 384, 387 (3d Cir. 2005) (noting such claims are only justified by "the most egregious misconduct directed at the court itself"); *see also Bullock v. Klein*, 502 F. App'x 113, 116 (3d Cir. 2012) (affirming the district court's dismissal, at the motion to dismiss stage, of plaintiff's fraud on the court claim where plaintiff failed to meet the *Herring* standard); *Davis v. Cnty. of Allegheny*, No. 18-cv-794, 2018 WL 4005827, at *2 (W.D. Pa. Aug. 22, 2018), *aff'd* 748 F. App'x 482 (3d Cir. 2019) (rejecting, at the motion to dismiss stage, Plaintiff's attempt to circumvent the doctrine of *res judicata* with an insufficiently pled fraud on the court claim); *Florimonte v. Borough of Dalton*, No. 17-cv-01063, 2017 WL 7542619, at *3 (M.D. Pa. Dec. 14, 2017), *report and recommendation adopted* 2018 WL 814004 (M.D. Pa. Feb. 9, 2018) (denying Plaintiff the ability to "reopen and relitigate the very same legal claims arising out of the very same factual scenario" where "[t]he only appreciable difference is her claim that misconduct by the defendant, by counsel for both parties, and by the state-court judge constitutes . . . fraud on the court").

And second, Plaintiff's malpractice claim is predicated on alleged conduct engaged in during the State Court Action, in particular regarding the events surrounding the August 2015 summary judgment hearing. FAC at ¶¶ 295-304. Plaintiff admits that he was aware of this alleged conduct at the time in the State Court Action, which was over seven years before Plaintiff commenced the instant case. FAC at ¶ 297 (alleging that Plaintiff "learned from the Briefs filed by [Defendants] in support of their motions for Summary Judgment" about the allegedly negligent conduct). However, "New Jersey's statute of limitations for legal malpractice [ ] actions is six years." *Yerkes v. Weiss*, No. 17-cv-2493, 2018 WL 1558146, at *5 (D.N.J. Mar. 29, 2018) (citing N.J.S.A. 2A:14-1); *see also* ECF No. 45 at 10. Therefore, Plaintiff's fraud and malpractice claims must be dismissed.

17

Accordingly, Plaintiff's remaining claims against the Reardon Anderson Defendants, Colgate Defendants and Naturasource Defendants are hereby dismissed.

### IV.   CONCLUSION

For the reasons set forth at length above, the following motions are granted: (1) the Morgan Lewis Defendants' motion to dismiss (ECF No. 40); (2) the Reardon Anderson Defendants' motion to dismiss (ECF No. 45); (3) the Naturasource Defendants' motion to dismiss; (4) the Colgate Defendants' motion to dismiss (ECF No. 50); (5) the Judicial and AG Defendants' motion to dismiss (ECF No. 53); and (6) the Orbach Defendants' motion to dismiss (ECF No. 54). Accordingly, because the Court finds that further amendment would be futile, Plaintiff's First Amended Complaint is hereby dismissed with prejudice.[10]  An appropriate Order follows.

Date: October 31, 2023

                                                                s/ Claire C. Cecchi
                                                  **CLAIRE C. CECCHI, U.S.D.J.**

---

[10] *See, e.g.*, *Hilton v. Whitman*, No. 04-cv-6420, 2006 WL 1307900, at *2 (D.N.J. May 10, 2006) (finding dismissal with prejudice is "appropriate if amendment would be inequitable or futile"); *Del Priore v. Sabo*, No. 19-cv-17806, 2020 WL 1485895, at *8 (D.N.J. Mar. 27, 2020) (finding amendment futile and dismissing with prejudice where the "*res judicata* doctrine[ ] would independently bar plaintiffs' claims here"); *Savage v. Camden Cnty. Corr. Facility*, No. 16-cv-08199, 2017 WL 1502789, at *6 (D.N.J. Apr. 26, 2017) (finding claims "must be dismissed with prejudice as [defendants] have absolute judicial immunity"); *Agacoili v. Gonzo*, No. 09-cv-2147, 2010 WL 606697, at *3-4 (D.N.J. Feb. 18, 2010) (dismissing complaint with prejudice on grounds that litigation privilege barred claims).