**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICKY KAMDEM-OUAFFO<br>          Plaintiff,<br>     v.<br>COLGATE PALMOLIVE CO., et al.,<br>          Defendants. | Civil Action Nos.: 15-7902; 22-6623<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

*Pro se* Plaintiff Ricky Kamdem-Ouaffo seeks relief under Federal Rule of Civil Procedure 60 from multiple orders in two related matters.  First, in docket number 15-7902 (the "2015 Action"), he seeks relief from (1) a 2021 opinion and order granting the twelve defendants' motion to dismiss, which was affirmed on appeal by the Third Circuit, 2015 Action ECF Nos. 90–91, 121; (2) a 2022 opinion and order denying his motion for reconsideration of the 2021 motion to dismiss decision that had already been affirmed by the Third Circuit, 2015 Action ECF No. 122; and (3) a 2023 opinion and order denying his second motion for reconsideration of the 2021 and 2022 decisions, which Plaintiff filed one day after the denial of his prior motion.  2015 Action ECF No. 128.  Second, in docket number 22-6623 (the "2022 Action"), Plaintiff seeks relief from a 2023 opinion and order granting the sixty-six[1] defendants' motion to dismiss that was also affirmed on appeal by the Third Circuit.  2022 Action ECF Nos. 149–50, 175.  The Court has considered the

---

[1] Not only did Plaintiff bring the 2022 Action against the same twelve defendants as in the 2015 Action, but he also added as defendants the attorneys for Plaintiff and defendants in the relevant underlying state court action, the judge in that action, one of the judge's former law clerks, other judicial officers, and a court reporting company.  *See* 2022 Action ECF No. 38; 2022 Action ECF No. 149 at 7.  Despite the additional defendants, that action pertains to the same subject matter as the 2015 Action and the related state court case discussed below.  *See Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 23-2982, 2024 WL 3250938, at *1 (3d Cir. July 1, 2024).

1

parties' submissions in support of and in opposition to Plaintiff's motions.[2]   The motions are decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons discussed below, Plaintiff's motions are denied.

## I.    BACKGROUND

The 2015 and 2022 Actions both pertain to Plaintiff's claims that the Colgate Palmolive Company and Hill's Pet Nutrition accessed and misappropriated Plaintiff's proprietary pet food flavoring information from Naturasource International LLC, a company that Plaintiff contracted with to market his products.  *See Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 21-1198, 2022 WL 382032, at *1 (3d Cir. Feb. 8, 2022); *see also Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 23-2982, 2024 WL 3250938, at *1 (3d Cir. July 1, 2024).  Plaintiff originally raised these allegations in a 2013 lawsuit in New Jersey state court.  *See Ricky Emery Kamdem Ouaffo t/a Kamdem Grp. v. Colgate et al.*, Civ. No. MID-L-5527-13 (N.J. Super. Ct., Law Div) (the "State Court Action").  After two years of litigating the State Court Action before the Honorable Vincent Le Blon, J.S.C., and after both Plaintiff and the defendants in that action filed for summary judgment, Plaintiff removed the case to federal court.  *See Kamdem Ouaffo v. Naturasource Int'l, LLC*, No. 15-6290, 2015 WL 5722837, at *1 (D.N.J. Sept. 29, 2015).  The Honorable Anne E. Thompson, U.S.D.J., promptly remanded the case back to New Jersey state court, finding that she lacked subject matter jurisdiction because the parties were non-diverse and Plaintiff had not alleged a federal cause of action.  *Id.* at *2–3.  Judge Thompson alternatively found that Plaintiff's removal was untimely even if subject matter jurisdiction existed.  *Id.* at *3.  She also noted that

---

[2] 2015 Action ECF No. 131–33; 2022 Action ECF No. 195, 197–200.

Plaintiff's removal was an attempt to "delay the inevitable"—an unfavorable merits decision—in the State Court Action.  *Id.* at *3.[3]

In state court, Judge Le Blon granted summary judgment to the defendants.  *See* 2015 Action ECF No. 90 at 3–5 (describing the history of the State Court Action); *Kamdem-Ouaffo*, 2022 WL 382032 ("[T]he state trial court on August 20, 2015 granted Naturasource's motion for summary judgment . . . and dismissed Kamdem-Ouaffo's action 'in its entirety with prejudice.'").  In the ten years since losing in state court, Plaintiff has repeatedly and unsuccessfully attempted to revive these claims in various federal actions.  *Kamdem-Ouaffo*, 2022 WL 382032 ("This very dispute, however, had already resolved against Kamdem-Ouaffo in New Jersey state court."); *Kamdem-Ouaffo*, 2024 WL 3250938, at *1 ("The instant action is Kamdem-Ouaffo's fourth attempt to relitigate his claims in federal court following his state court loss regarding his allegation that Defendant Naturasource and the Colgate Defendants misappropriated Kamdem-Ouaffo's proprietary pet food flavoring information.").  He has similarly tried and failed to do so in state court.  Plaintiff unsuccessfully moved the state court in April 2022 to vacate the summary judgment order on the grounds that the state court lacked jurisdiction to grant the order.  *See* 2015 Action ECF No. 111-1.  In denying this motion, the Honorable Brian M. English, J.S.C., emphasized on the record that Plaintiff never appealed Judge Le Blon's order to the Appellate Division.  *See* 2015 Action ECF No. 111-2 at 18–21 ("You were [the] plaintiff . . . . You could have appealed Judge LeBlon's decision [in state court] at that time and said Appellate Division, Judge LeBlon didn't have the authority to rule on this. . . . At a certain point, we have to say this dispute is over. . . . And my ruling is that you should have appealed Judge LeBlon's ruling . . . six and a half years ago. . . . I'm not going to vacate the [state court summary judgment] order and

---

[3] Judge Thompson also denied Plaintiff's motion for reconsideration of her remand order.  *See* Opinion and Order, *Kamdem-Ouaffo v. Naturasource Int'l LLC*, No. 15-6290, ECF Nos. 34–35 (D.N.J. Oct. 28, 2015).

reinstate the case.").  Later that month, Plaintiff unsuccessfully moved the state court to reconsider that order.  *See* 2015 Action ECF No. 111-3.  The instant motions are just Plaintiff's latest attempt to re-litigate his state court loss from more than ten years ago.

### A.  Procedural History in the 2015 Action

On January 31, 2021, this Court granted Defendants' motion to dismiss Plaintiff's Third Amended Complaint in the 2015 Action (the "2015 TAC") based on the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel.  2015 Action ECF Nos. 90–91.  That same day, Plaintiff moved for "reconsideration" of the order dismissing the 2015 TAC under Federal Rule of Civil Procedure 60(b).  2015 Action ECF No. 94.  On February 2, 2021, Plaintiff appealed the Court's dismissal order to the Third Circuit.  ECF No. 92.  On February 8, 2022, the Third Circuit affirmed this Court's judgment in a per curiam opinion.  *Kamdem-Ouaffo*, 2022 WL 382032.

Following the Third Circuit's affirmance of this Court's dismissal order, Plaintiff submitted eighteen (18) filings between February and August 2022 relating to the motion for "reconsideration" docketed at 2015 Action ECF No. 94, including an amended motion for reconsideration.  2015 Action ECF Nos. 97–100, 102–03, 105–06, 108–10, 112–14, 117–20.  Among his voluminous filings, Plaintiff requested that the Court "[r]eject" the Third Circuit's opinion that affirmed this Court's dismissal order as "VOID" because he claimed the opinion violated Article III of the Constitution.  *See* 2015 Action ECF No. 105 at 1.

On September 27, 2022, this Court denied Plaintiff's motion for "reconsideration" and other motions raised in Plaintiff's various filings.  2015 Action ECF No. 122.  The Court found that it lacked jurisdiction to consider Plaintiff's motion to the extent it relied on arguments that were or could have been presented on appeal to the Third Circuit.  *Id.* at 4–7.  Even if the Court

had jurisdiction, however, it found that Plaintiff's motion for relief under Rules 60(b)(1)–(4) and (6) would all fail. *Id.* at 7.

The very next day, Plaintiff filed a motion for reconsideration of that order. 2015 Action ECF No. 123. On June 30, 2023, the Court denied Plaintiff's new motion for reconsideration. 2015 Action ECF No. 128. It found that Plaintiff sought reconsideration on substantially similar grounds to his initial motion (and amended motion) under Rule 60(b). *Id.* at 4. The Court concluded that Plaintiff had offered no new argument as to why the Court's prior rulings (1) were affected by an intervening change in controlling law, (2) were improper based on new evidence not available at the time of the prior motions, or (3) required correction to remedy a clear error of law or prevent manifest injustice. *Id.* at 6. Plaintiff, the Court found, merely restated arguments made in his prior motions and asked the Court to reach a different result, which was insufficient for reconsideration. *Id.*

In this order, while the Court declined Defendants' request to impose a filing injunction on Plaintiff, it emphasized that Plaintiff "need[ed] to refrain from seeking relief without a good-faith basis, re-stating arguments already adjudicated, or asserting unsubstantiated and inappropriate allegations against the courts or parties." *Id.* at 7. The Court further noted that Plaintiff had already been subjected to a filing injunction in a set of separate actions in this District as a result of his "voluminous filings[,] . . . continued failure to abide by Court Orders and procedural rules, and repeated attempts to lengthen litigation without merit." *Id.* at 7 n.5 (quoting *Kamdem-Ouaffo v. Campbell Soup Co.*, No. 18-298, 2022 WL 17668023, at *1 (D.N.J. Dec. 13, 2022)).[4]

---

[4] The Court also takes judicial notice, pursuant to Federal Rule of Evidence 201(b)(2), that Plaintiff was subjected to a filing injunction in a case in the Southern District of New York for filing "dozens of frivolous and abusive documents on [] closed dockets." *Ricky Kamdem-Ouaffo v. Balchem Corp., et al.*, No. 17-2810, ECF No. 321, at 2 (S.D.N.Y. Apr. 13, 2023).

Almost two years after the entry of that order, Plaintiff again moved this Court for relief from judgment under Rules 60(b)(4)–(6), and 60(d).  2015 Action ECF Nos. 131, 133.  Plaintiff seeks relief from (1) the January 31, 2021, dismissal order that was affirmed on appeal, 2015 Action ECF Nos. 90–91; (2) the September 27, 2022, order denying "reconsideration" under Rule 60(b), 2015 Action ECF No. 122; and (3) the June 30, 2023, order denying reconsideration of the prior reconsideration motion, 2015 Action ECF No. 128.  In addition to his motion papers, Plaintiff submitted seven (7) other filings from March through October of 2025.  2015 Action ECF Nos. 134, 136, 138–40, 142–43.[5]

### B.    Procedural History in the 2022 Action

Plaintiff filed the 2022 action on November 14, 2022, after this Court had already denied Plaintiff's two motions for reconsideration/relief under Rule 60(b) in the 2015 Action.  2022 Action ECF No. 1; *see also* 2022 Action ECF No. 38 (the "2022 FAC").  This case, as with the 2015 Action, sought to revive claims related to alleged misappropriation of proprietary pet food flavoring information.  *See generally* 2022 FAC.

On October 31, 2023, this Court granted Defendants' motion to dismiss the 2022 FAC.  2022 Action ECF Nos. 149-50 (dismissing the case with prejudice).  The Court found that the

---

[5] Plaintiff filed (1) a duplicate of his reply brief, 2015 Action ECF No. 134, (2) a "Notice of Motion for Judicial Notice," 2015 Action ECF No. 136, (3) a reply brief in support of ECF No. 136, 2015 Action ECF No. 138 (4) a letter motion asking the Court to expedite its ruling on his Rule 60 motion, 2015 Action ECF No. 139, (5) a letter motion for "pre-approved leave" to amend his TAC and to reinstate all Defendants and claims pled in his first and second amended complaints, 2015 Action ECF No. 140, (6) a reply brief in support of his motion for pre-approved leave to amend, 2015 Action ECF No. 142, and (7) a supplemental exhibit for his motion for pre-approved leave to amend. 2015 Action ECF No. 143.  2015 Action ECF No. 134 appears to be a duplicate of 2015 Action ECF No. 133.  2015 Action ECF Nos. 136 and 138 argue for relief under Rule 60(b), which is the same relief sought in his moving and reply briefs.  The Court thus construes these as sur-replies, which are not permitted absent Court permission.  L. Civ. R. 7.1(d)(6).  2015 Action ECF No. 139 is mooted by this opinion and order.  Finally, Judge Clark denied Plaintiff's request in 2015 Action ECF Nos. 140, 142–43 for pre-approved leave to file a further amended complaint and reinstate the action.  2015 Action ECF No. 145. As the Court will deny Plaintiff's motion to vacate orders dismissing the 2015 Action, the case will remain closed and Plaintiff's objections to Judge Clark's order, 2015 Action ECF Nos. 146–47, are denied.

claims failed for a variety of reasons, including res judicata, collateral estoppel, judicial immunity, and litigation privilege, and characterized the case as a clear effort to relitigate matters conclusively resolved years earlier. *See* ECF No. 149 at 7–17. The Third Circuit affirmed the dismissal,[6] reiterating that the action was Plaintiff's "fourth attempt" to pursue the same underlying claims in federal court that were dismissed at the summary judgment stage in the State Court Action. *See Kamdem-Ouaffo*, 2024 WL 3250938, at *1.

On April 10, 2024, Plaintiff moved to vacate this Court's dismissal order, which was then pending on appeal at the Third Circuit, under Federal Rule of Civil Procedure 60(b)(4). 2022 Action ECF No. 162. On August 7, 2024, after the Third Circuit had already affirmed the dismissal order, Plaintiff filed an amended motion, again pursuant to Rule 60(b)(4). 2022 Action ECF No. 174. Later, Plaintiff filed additional materials in support of the amended motion. *See* 2022 Action ECF Nos. 176–77, 179–81. Plaintiff characterized these additional submissions as amendments to the first motion to vacate. In the interest of clarity and judicial economy, the Court directed Plaintiff to file a consolidated motion to vacate that would supersede the previous motions and submissions. 2022 Action ECF No. 194. Although Plaintiff initially complied with this order, 2022 Action ECF No. 195, he then filed supplemental papers beyond his reply brief, 2022 Action ECF Nos. 205–06, 213–14, in contravention of this District's local rules prohibiting sur-replies absent court permission. *See* L. Civ. R. 7.1(d)(6).

## II.    LEGAL STANDARD

Plaintiff seeks relief under Rule 60(b)(4)–(6) and (d)(1) in both actions. Rule 60(b) provides that a court may relieve a party from a judgment or order where

(4) the judgment is void;

---

[6] The Supreme Court denied Plaintiff's petition for review of the Third Circuit's per curiam opinion. *Kamdem-Ouaffo v. Colgate Palmolive Co.*, 145 S. Ct. 1315 (2025).

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).   The "remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)).   A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (citation omitted).

Rule 60(d)(1) provides that "[t]his rule does not limit a court's power to . . . entertain an independent action to relieve a party from a[n] . . . order." Fed. R. Civ. P. 60(d)(1).   This relief is "available only in extraordinary circumstances where it is necessary to prevent a grave miscarriage of justice." *Fink v. Bishop*, 21-63, 2021 WL 3616157, at *3 (D.N.J. Aug. 16, 2021) (citing *Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011)).

## III.   DISCUSSION

The Court notes from the outset that it lacks jurisdiction to "alter the mandate of [the Third Circuit] on the basis of matters included or includable in [a party's] prior appeal." *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982); *see also Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005) ("[M]atters that were before the court [of appeals] on appeal . . . may not be reviewed subsequently by the district court.").   In both the 2015 Action and 2022 Action, Plaintiff seeks relief from orders that were affirmed on appeal. *See Kamdem-Ouaffo*, 2022 WL 382032; *Kamdem-Ouaffo*, 2024 WL 3250938.   Thus, to the extent that these motions are based

8

on matters that were or could have been included[7] in those appeals, the Court lacks jurisdiction to provide Plaintiff the requested relief.[8]  Nevertheless, the Court will address why Plaintiff is not entitled to relief in either action on any of the grounds asserted.

### A.    Motion for Relief in the 2015 Action

#### i.    *The Orders Are Not Void Under Rule 60(b)(4)*

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  A judgment is not void under Rule 60(b)(4) "simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional." *Marshall v. Bd. of Ed., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978).  Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271.

Plaintiff has failed to make any such showing in the 2015 Action.  The Court's January 31, 2021, Opinion and Order, 2015 Action ECF Nos. 90–91, is not void as the Third Circuit affirmed the judgment on appeal.  *See Kamdem-Ouaffo*, 2022 WL 382032.  As to the other two orders from 2022 and 2023, the Court had personal jurisdiction over Plaintiff, who "clearly consented to the Court's jurisdiction by commencing this lawsuit." *Bailey v. Ebbert*, No. 15-1554, 2020 WL 1849542, at *2 (M.D. Pa. Apr. 13, 2020).  The Court also had subject matter jurisdiction when it

---

[7] This includes any argument that Plaintiff may have waived in bringing any prior appeal. *See Kamdem-Ouaffo*, 2022 WL 382032, at *2 n.4 (recognizing that Plaintiff waived an argument concerning the state court's actions while his case was still removed to federal court); *Ouaffo v. Naturasource Int'l, LLC*, No. 15-6290, 2025 WL 2802949, at *1– 2 (D.N.J. Oct. 1, 2025) (noting that the argument the Third Circuit recognized as waived did not provide a basis to grant Plaintiff relief under Rule 60(b)).

[8] This Court likewise previously found that it lacked jurisdiction to vacate an order that was affirmed by the Third Circuit.  2015 Action ECF No. 122 at 4–7.

issued these orders, as "any time a district court enters a judgment, . . . it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule." *Frails v. Fisher*, No. 10-1971, 2017 WL 4573739, at *2 (M.D. Pa. Oct. 13, 2017) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). Plaintiff has also not shown any violation of due process. *See Espinosa*, 559 U.S. at 271. Therefore, these orders, which were precipitated by Plaintiff's motions for relief under 60(b) in the 2015 Action, are not void.

ii.    *Plaintiff's Motion Is Untimely Under Rule 60(b)(4)–(6)*

A motion under Rule 60(b)(4)–(6) must "be made within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see also Coney Island Auto Parts Unlimited, Inc. v. Burton*, 146 S. Ct. 579, 585 (2026) ("Litigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time."). "What constitutes a reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice if any to other parties." *Dietsche v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1998) (citation modified). Ultimately, courts in this Circuit have held that unexcused delays of one to two years in seeking relief are not reasonable. *See, e.g.*, *Reed v. Pierce*, No. 06-445, 2014 WL 3919656, at *1 (D. Del. Aug. 11, 2014) ("As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner."); *Mitchell v. Fuentes*, 761 F. App'x 109, 112 (3d Cir. 2019) (finding two-year delay by *pro se* movant in filing Rule 60(b)(6) motion was unreasonable); *Ortiz v. Pierce*, No. 08-487, 2014 WL 3909138, at *2 (D. Del. Aug. 11, 2014) (finding that, "[a]lthough the Third Circuit did not define what constitutes a reasonable time for filing a Rule 60(b)(6) motion," a two-year delay was not reasonable); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (finding

10

same).  Here, Plaintiff challenges federal orders that predate his March 2025 motion by between nearly two and four years, not to mention that the underlying state summary judgment order was also approximately ten years old.  *See* 2015 Action ECF Nos. 90–91 (January 2021); 2015 Action ECF No. 122 (September 2022); 2015 Action ECF No. 128 (June 2023).  He has not provided any compelling reason for the delay in doing so.  Accordingly, Plaintiff's motion for relief under Rule 60(b)(4)–(6) is denied as untimely.[9]

### iii.      *Plaintiff Has Not Met the High Burden for Relief under Rule 60(d)(1)*

Plaintiff is not entitled to relief under Rule 60(d)(1).  Plaintiff seeks relief under Rule 60(d)(1) "essentially on the same ground as under Rules 60(b)(4, 5, and 6)."  2015 Action ECF No. 131-2 at 24.  But Rule 60(d) cannot be used "as a vehicle for relitigation of the issues . . . particularly not after the disposition of an appeal of the challenged judgment."  *Russomanno v. Sumitomo Pharma Am., Inc.*, No. 24-1080, 2024 WL 1632946, at *1 (3d Cir. Apr. 16, 2024) (citations omitted).  Plaintiff's challenge to the Court's various orders is just Plaintiff's latest attempt to relitigate issues relating to his loss in the 2015 State Court Action.  *See* 2015 Action ECF No. 131-2 at 6;  2015 Action ECF No. 123-1 at 4–5; 2015 Action ECF No. 112-1 at 1; *Kamdem-Ouaffo*, 2024 WL 3250938, at *1 (noting that Plaintiff was on his fourth attempt to "relitigate his claims in federal court following his state court loss regarding his allegation that Defendant Naturasource and the Colgate Defendants misappropriated Kamdem-Ouaffo's proprietary pet food flavoring information").  Therefore, Plaintiff has not shown that there are "extraordinary circumstances" justifying relief under Rule 60(d)(1).  *Fink*, 2021 WL 3616157, at *3 (citation omitted).

---

[9] Even if it were timely, Plaintiff's motion under Rule 60(b)(5) and (6) would also fail for the reasons discussed below concerning Plaintiff's motion in the 2022 Action.

*iv.*     Royal Canin *Does Not Save Plaintiff's Motions*

Finally, Plaintiff's repeated reliance on *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) to obtain relief under any subsection of Rule 60 is mistaken. *See generally* 2015 Action ECF No. 131-2. In *Royal Canin*, the Supreme Court held that a federal court loses subject matter jurisdiction over a suit where the parties are non-diverse and a plaintiff amends his complaint to omit any claims under federal law following removal. 604 U.S. at 30–31. That situation—where a plaintiff seeks to defeat federal court jurisdiction—is plainly not analogous to Plaintiff's attempted removal of the State Court Action to federal court in 2015, as Plaintiff sought to obtain federal court jurisdiction despite his complaint not containing any federal claims. *Kamdem Ouaffo*, 2015 WL 5722837, at *2. Further, regardless of what *Royal Canin* states concerning the effect of post-removal amendments on federal court jurisdiction, Plaintiff never actually amended his complaint before Judge Thompson upon removal to federal court. *See id.* ("Plaintiff could have sought to amend the Complaint at any time, and yet he chose not to do so."). Thus, *Royal Canin* provides no basis for relief under any of the grounds asserted. *See Ouaffo v. Naturasource Int'l, LLC*, No. 15-6290, 2025 WL 2802949, at *2–3 (D.N.J. Oct. 1, 2015) (noting that *Royal Canin* did not support Plaintiff's position, and even if *Royal Canin* was applicable, Plaintiff's Rule 60(b) motion would still fail). Accordingly, Plaintiff's motion for relief in the 2015 Action is denied.[10]

---

[10] Plaintiff also cites *Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, 589 U.S. 57 (2020) to support his arguments in both actions that the underlying summary judgment order was void. *See generally* 2015 Action ECF No. 131-2; 2022 Action ECF No. 195-1. Plaintiff readily admits that he did not identify this case–which was issued five years before his current motions–in any of his numerous prior submissions to the Court in either action. *See* 2015 Action ECF No. 131-2 at 21–22; 2022 Action ECF No. 195-1 at 42–43 ("Plaintiff was not aware of [*Acevedo Feliciano*] until recently."). The Court will not consider Plaintiff's argument based on this case, as a "five-year delay in raising this authority exceeds any 'reasonable time' contemplated by Rule 60(b)." *Ouaffo*, 2025 WL 2802949, at *2 n.7 (declining to consider Plaintiff's arguments concerning *Acevedo Feliciano* given the significant delay in raising it to the Court). In any event, as the New Jersey Superior Court recognized in rejecting Plaintiff's motion to vacate the state summary judgment order, Plaintiff never appealed Judge Le Blon's actions after Judge Thompson remanded the case based on Plaintiff's improper removal, but instead waited six years to move to vacate the order. *See* 2015 Action ECF No. 111-2 at 18–21 ("You could have appealed Judge LeBlon's decision [in state court] at that time and said Appellate Division, Judge LeBlon didn't have the authority to rule on this. . . . At a certain point, we have to say this dispute is over. . . . And my ruling is that you should have appealed Judge LeBlon's ruling . . . six and a half years

### B.     Motion for Relief in the 2022 Action

#### i.     *The Order Is Not Void Under Rule 60(b)(4)*

There is no basis to hold that the 2023 dismissal order, 2022 Action ECF Nos. 149-50, is "void" under Rule 60(b)(4).  In fact, the Third Circuit affirmed the order on appeal.  *Kamdem-Ouaffo*, 2024 WL 3250938.  Further, the Court had personal jurisdiction over Plaintiff, who "clearly consented to the Court's jurisdiction by commencing this lawsuit."  *Bailey*, 2020 WL 1849542, at *2.  It also had subject matter jurisdiction as Plaintiff asserted federal claims under 42 U.S.C. § 1983 and the federal Defend Trade Secrets Act, 18 U.S.C. § 1836.  *See* 2022 Action FAC at 87, 98.  Plaintiff has otherwise failed to show that the Court lacked jurisdiction to enter the challenged order.  He has also not shown any violation of due process.  *See Espinosa*, 559 U.S. at 271.  Accordingly, his motion for relief under Rule 60(b)(4) is denied.

#### ii.     *Plaintiff Is Not Entitled to Relief Under Rule 60(b)(5)*

Rule 60(b)(5) has no application here. The first clause of the rule provides for relief if "the judgment has been satisfied, released, or discharged."  Fed. R. Civ. P. 60(b)(5).  Plaintiff asks the Court to vacate an order dismissing the case, so there is no judgment that he could have "satisfied, released, or discharged."  *See, e.g.*, *Sunderland v. City of Phila.*, 575 F.2d 1089, 1091 (3d Cir. 1978) (granting relief under Rule 60(b)(5) where a party had paid a portion of a monetary judgment against it).  The second clause of Rule 60(b)(5) permits relief from a decision if "it is based on an earlier judgment that has been reversed or vacated."  Fed. R. Civ. P. 60(b)(5).  Plaintiff has not shown that the dismissal order was based on any judgment that has been reversed or vacated.  *See Antoine v. Rucker*, No. 03-3738, 2008 WL 2783347, at *6 (D.N.J. July 15, 2008).  The third clause of Rule 60(b)(5) provides for relief if "applying [the decision] prospectively is no longer

---

ago. . . . I'm not going to vacate the [state court summary judgment] order and reinstate the case."); 2015 Action ECF No. 111-1 ("Plaintiff's Motion to Vacate this Court's Order of August 15, 2015 is hereby DENIED.").

13

equitable." Fed. R. Civ. P. 60(b)(5). The Court's order did not enter injunctive or prospective relief by dismissing his complaint. *See Kaavo Inc. v. Amazon.com Inc.*, 323 F. Supp. 3d 630, 637 n.3 (D. Del. 2018) (recognizing that a court's dismissal of a complaint is "not prospective within the meaning of Rule 60(b)(5)" (quoting *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 272 (3d Cir. 2002))). Therefore, Plaintiff is not entitled to relief under Rule 60(b)(5).

> ### iii.    *Plaintiff Is Not Entitled to Relief Under Rule 60(b)(6)*

Plaintiff has also not met his burden under Rule 60(b)(6) to establish "any other reason that justifies relief." Only in "extraordinary circumstances" can "the Rule 60(b)(6) catch-all provision [be used] to vacate the judgment." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). This standard requires a "showing that without relief from the judgment, an extreme and unexpected hardship will result." *Id.* at 255 (citation modified). A motion under Rule 60(b)(6), however, "'may not be used as a second bite at the apple' or to 'relitigate a point of disagreement between the Court and the litigant,'" as is the case here. *Zhaojin Ke v. DiPasquale*, No. 18-125, 2019 WL 4889109, at *2 (W.D. Pa. Oct. 3, 2019) (quoting *United States v. Fausnaught*, No. 03-CR-32, 2018 WL 1911247, at *3 (M.D. Pa. Apr. 20, 2018)). Additionally, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). And for the reasons discussed above, *Royal Canin* does not support Plaintiff's request for relief under Rule 60(b)(6) or any other subsection of Rule 60. *See Ouaffo*, 2025 WL 2802949, at *2–3 (noting that *Royal Canin* did not support Plaintiff's position for relief under Rule 60, but even if it did, his motion would still fail). Accordingly, no extraordinary circumstances exist here to permit Plaintiff to continue his latest attempt to relitigate his state court claims. Therefore, the Court denies Plaintiff's motion under Rule 60(b)(6).

14

#### iv.    *Plaintiff Is Not Entitled to Relief Under Rule 60(d)(1)*

Plaintiff also unpersuasively seeks relief under Rule 60(d)(1). "Rule 60(d) is available only to prevent a grave miscarriage of justice." *Roggio v. Fed. Bureau of Investigation*, No. 08-4991, 2024 WL 3898020, at *3 (D.N.J. Aug. 22, 2024) (citation modified). Plaintiff's disagreement with this Court's dismissal order is not a proper basis for relief. *See id.* ("Roggio's arguments, which at best only express a disagreement with the Court's November 28, 2012 Opinion and Order, fail to demonstrate that a failure to set aside those decisions would result in a miscarriage of justice."). And again, Plaintiff cannot use Rule 60(d) to relitigate his old claims. *Russomanno*, 2024 WL 1632946, at *1. Accordingly, Plaintiff has failed to meet his burden to show "extraordinary circumstances" for relief under Rule 60(d)(1).[11] *Fink*, 2021 WL 3616157, at *3 (citation omitted).

In sum, Plaintiff's motions, which "represent[] yet another impermissible attempt to reopen a final judgment and re-litigate matters already decided," *Ouaffo*, 2025 WL 2802949, at *3, and ultimately concern a state court judgment from more than a decade ago, lack any merit. In response to Defendants' request for a filing injunction, the Court once again warns Plaintiff that his continued efforts to seek relief without a good-faith basis, his rehashing of arguments already rejected by this and other Courts, and his assertions of unsubstantiated and inappropriate allegations may necessitate the imposition of sanctions.

## IV.    **CONCLUSION**

Accordingly, for the reasons stated above, **IT IS** on this 31st day of March, 2026;

---

[11] Plaintiff has also brought a motion for sanctions against Defendants' attorneys in the 2022 Action because he asserts that they have made "frivolous" and "erroneous" arguments in support of their opposition to his motion for relief. 2022 Action ECF No. 201. As the Court agrees with Defendants in denying Plaintiff's motion for relief, Defendants clearly did not raise frivolous arguments and Plaintiff's motion for sanctions is denied. *See In re Moncada NJ Solar 201, LLC*, 592 B.R. 779, 798 (D.N.J. 2018) ("[H]aving considered the legal issues at hand, I cannot find that the arguments made by Moncada on this appeal are so frivolous that Rule 11 sanctions are warranted, particularly since I agreed, in part, with Moncada's arguments.").

**ORDERED** that Plaintiff's motion for relief under Rule 60 (15-7902 ECF No. 131) in the 2015 Action from (1) the January 31, 2021, opinion and order dismissing the case (15-7902 ECF Nos. 90–91), (2) the September 27, 2022, opinion and order denying a motion for reconsideration (15-7902 ECF No. 122), and (3) the June 30, 2023, opinion and order denying a second motion for reconsideration (15-7902 ECF No. 128) is **DENIED**; and it is further

**ORDERED** that Plaintiff's related motions (15-7902 ECF No. 136, 146–47) in the 2015 Action are **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for relief under Rule 60 (22-6623 ECF No. 195) in the 2022 Action from the October 31, 2023, opinion and order dismissing the case (22-6623 ECF No. 149–50) is **DENIED**; and it is further

**ORDERED** that Plaintiff's related motions (22-6623 ECF Nos. 201, 205) in the 2022 Action are **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion for an order to show cause (22-6623 ECF No. 197) in the 2022 Action is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that these actions shall remain closed.

**SO ORDERED.**

_s/ Claire C. Cecchi_
**CLAIRE C. CECCHI, U.S.D.J.**

16